UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION

Case No. 2:13-md-2433

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

This document relates to: ALL ACTIONS.

## CASE MANAGEMENT ORDER NO. 2

### Initial Scheduling Order

The Court hereby issues the Initial Scheduling Order:

I. **Initial Disclosures:** Defendant E. I. du Pont de Nemours and Company ("Defendant") shall make initial disclosures as required by Fed. R. Civ. P. 26(a) on or before July 29, 2013. Such disclosures may be captioned with the MDL caption. The initial disclosure requirements for Plaintiffs in this MDL have been suspended by Pretrial Order No. 3, July 1, 2013 Conference Order, in light of PSC's agreement that Plaintiffs will provide Fact Sheets and relevant records authorizations, which will be governed by a subsequent Case Management Order.

II. **Initial Fact Discovery:** It is currently anticipated that Defendant will produce documents and respond to discovery requests; Plaintiffs will provide their completed Fact Sheets to Defendant and provide completed records authorization forms; and third-party discovery will occur.

### A. Plaintiffs' Initial Discovery Demands:

1. Plaintiffs' Steering Committee shall propound an initial Master Set of Interrogatories, an Initial Master Set of Document Requests, an initial Master Set of Requests for Admissions, and a proposed set of stipulations on or before October 1, 2013. Prior to production of these responses to these discovery demands, the parties shall meet and confer and arrive upon a reasonable schedule for the production.

2. Plaintiffs' Steering Committee shall serve on Defendant its initial demands for specific custodial files and supplementation of document productions in related C8 litigation defined as "Prior Actions" in this Court's Agreed Protective Order for this MDL litigation on or before October 1, 2013. Prior to production of these documents, the parties shall meet and confer and arrive upon a reasonable schedule for the production.

**B. Plaintiff Fact Sheet ("PFS"):** The parties shall work together to produce an agreed-upon PFS by September 16, 2013. The requirements and deadlines pertaining to the PFS will be governed by a separate Case Management Order.

**C. Defense Fact Sheet ("DFS"):** The parties shall work together to produce an agreed upon DFS by October 1, 2013. The requirements and deadlines pertaining to the DFS will be governed by a separate Case Management Order.

### III. Selection of Representative Plaintiffs & Subsequent Plaintiff-Specific Discovery:

**A.** On or before February 10, 2014, the parties shall submit to the Court a proposed Order identifying the process and parameters for selecting Representative Plaintiffs.[1] The proposed Order may include topics and issues such as: (i) categories from which Bellwether Plaintiffs shall be selected; (ii) characteristics which can be used to delineate such categories; and (iii) numbers of plaintiffs.

**B.** On or before March 17, 2014 ,the parties shall identify in writing the Representative Plaintiff candidates that shall serve as Discovery Plaintiffs. The process and mechanisms of designations and selections of these Representative Plaintiffs shall be done in accordance with the Case Management Order that is submitted on or before February 10, 2014, as set forth in paragraph 3(a) above.

1. Between March 17, 2014 and July 31, 2014, the Representative Plaintiff fact discovery shall take place. The scope and parameters of this discovery on these designated Representative Cases will be governed by a subsequent CMO.

---

[1] Representative Plaintiffs are defined as Bellwether Plaintiffs, Discovery Plaintiffs, and/or possible Trial Plaintiffs.

2. The parties shall meet and confer to try to develop agreement on a proposed CMO that will determine the case(s) to be designated as the trial case(s) and/or the sequence/order of said trial case(s), including the sequencing of expert discovery, and the cases to be designated as trial cases, which shall be governed by subsequent Order of this Court and hereinafter referred to as "Trial Pool Plaintiffs."

### IV.     Expert Discovery:

**A.** On or before August 22, 2014, Plaintiffs shall serve their expert witness reports pursuant to Fed. R. Civ. P. for said Plaintiffs.

**B.** On or before October 6, 2014, Defendant shall designate its expert witnesses pursuant to Fed. R. Civ. P. 26 for said cases.

**C.** On or before October 27, 2014, Plaintiffs shall designate rebuttal expert witnesses, if any. Defendant may only depose experts of Trial Pool Plaintiffs, but Defenant may move for leave to depose experts of additional Representative Plaintiffs after receipt of Plaintiffs' expert witness reports.

**D.** Depositions of expert witnesses shall take place by January 15, 2015.

**E.** The parties intend that the limitations on expert discovery set forth in Rule 26 of the Federal Rules of Civil Procedure, including the provision of Rule 26(b)(4)(A)-(D) limiting discovery with respect to draft reports, communications with experts, and depositions of consulting experts, shall apply to all cases.

V.      **Dispositive and *Daubert* Motions:** The parties shall file their dispositive motions and *Daubert* motions, if any, with respect to the Trial Pool Plaintiffs on or before February 4, 2015.

VI.     **Initial Trials:** The deadlines and parameters for the initial trials shall be more fully set forth in the proposed CMO set forth in Section III.B.2 above. The first trial shall commence on September 14, 2015 and the second trial shall commence on November 30, 2015. Any subsequent trials shall be scheduled in and governed by a subsequent CMO.

VII.    **Mediation:** The parties are to meet and confer regarding potential mediators and the timing of mediation.

VIII.   **Modification:** This Order may be modified or amended for good cause shown, after appropriate notice and opportunity to be heard is provided to the affected parties, whenever the Court believes the interests of justice requires modification. Further, nothing in this Case Management Order pertaining to Representative Plaintiff case selection, mediation, or trials shall limit, restrict, or prevent the continuance of non-case specific MDL discovery as otherwise allowed under the Federal Rules.

**IT IS SO ORDERED.**

Date: 8-1-2013

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

Date: 8-1-2013

ELIZABETH A. PRESTON **DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**