IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

IN RE: E. I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION

CASE NO. 2:13-MD-2433

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE ELIZABETH P. DEAVERS

This document relates to: ***Carla Marie Bartlett, et al. v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-170.**

_____

### E. I. DU PONT DE NEMOURS AND COMPANY'S ANSWER TO COMPLAINT

_____

Pursuant to Section III of Case Management Order No. 3, defendant E. I. du Pont de Nemours and Company ("DuPont"), by and through its undersigned counsel, hereby answers and avers in response to the Complaint of Plaintiff Carla Marie Bartlett and Jon William Bartlett (the "complaint") as follows:

### FIRST DEFENSE

1.      DuPont admits the allegations contained in paragraph 1 of the complaint.

2.      The allegations contained in paragraph 2 of the complaint do not constitute allegations to which a response is required. To the extent that a response is required, DuPont denies the same. Responding further, DuPont expressly denies that it has in any way acted maliciously, recklessly negligently, and/or wrongfully in any way and denies that it is in any way liable for Plaintiff's claimed damages.

3.      DuPont admits the allegations contained in paragraph 3 of the complaint.

4.      DuPont denies the allegations contained in paragraph 4 of the complaint.

5.      The allegations contained in paragraph 5 of the complaint do not constitute allegations to which a response is required.  To the extent that a response is required, DuPont denies the same.

6.      DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint and therefore denies the same.

7.      DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint and therefore denies the same.

8.      DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint and therefore denies the same.

9.      DuPont denies the allegations contained in paragraph 9 of the complaint.

10.      DuPont denies the allegations contained in paragraph 10 of the complaint.

11.      DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint and therefore denies the same.

12.      DuPont admits the allegations contained in paragraph 12 of the complaint.

13.      DuPont admits the allegations contained in paragraph 13 of the complaint.

14.      In response to the allegations contained in paragraph 14 of the complaint, DuPont admits that it has transacted and conducted business in the State of Ohio.

Responding further, DuPont denies any and all remaining allegations contained in paragraph 14 of the complaint.

15.    In response to the allegations contained in paragraph 15 of the complaint, DuPont admits that it has transacted and conducted business in the State of Ohio. Responding further, DuPont denies any and all remaining allegations contained in paragraph 15 of the complaint.

16.    DuPont admits the allegations contained in paragraph 16 of the complaint, but states that it no longer uses such substances at the Washington Works plant.

17.    DuPont denies the allegations contained in paragraph 17 of the complaint.

18.    DuPont denies the allegations contained in paragraph 18 of the complaint.

19.    DuPont denies the allegations contained in paragraph 19 of the complaint.

20.    In response to paragraph 20 of the complaint, DuPont admits that it is aware of organic fluorine having been found in human blood samples.  Responding further, DuPont is without sufficient knowledge to form a belief as to what researchers believe(d) to have been the source of such fluorine.

21.    In response to paragraph 21 of the complaint, DuPont admits that in 1978, 3M Company notified DuPont that some employees occupationally exposed to some of 3M's fluorinated surfactant compounds showed an increased level of organic fluorinated compounds in their blood, although DuPont was also informed that no adverse health effects were detected among those employees.  DuPont denies any remaining allegations contained in paragraph 21 of the complaint.

22.    In response to paragraph 22 of the complaint, DuPont admits that its medical director recommended that medical surveillance for fluorochemical workers

should be the regular DuPont periodic physical examination that included a variety of blood and other tests.  DuPont denies any remaining allegations contained in paragraph 22 of the complaint.

23.    In response to the allegations contained in paragraph 23 of the complaint, DuPont states that the referenced article speaks for itself, denies any statement or allegation contained in paragraph 23 that mischaracterizes said article, and expressly reserves the right, pending further discovery, to challenge the accuracy, authenticity, and/or admissibility of the referenced article, as well as any attempt to attribute statements made therein to DuPont.  Responding further, DuPont denies any remaining allegations contained in paragraph 23 of the complaint.

24.    In response to the allegations contained in paragraph 24 of the complaint, DuPont states that the referenced testimony speaks for itself and denies any statement or allegation contained in paragraph 24 that mischaracterizes said testimony.  Responding further, DuPont denies any remaining allegations contained in paragraph 24 of the complaint.

25.    In response to the allegations contained in paragraph 25 of the complaint, DuPont states that the referenced data speaks for itself and denies any statement or allegation contained in paragraph 25 that mischaracterizes said data.  Responding further, DuPont denies any remaining allegations contained in paragraph 25 of the complaint.

26.    In response to the allegations contained in paragraph 26 of the complaint, DuPont affirmatively states that it has satisfied any and all reporting obligations it may have had with regard to Washington Works worker health data.  Responding further,

DuPont denies any and all remaining allegations contained in paragraph 26 of the complaint that mischaracterize DuPont's obligations and/or infer additional reporting obligations.

27.     In response to the allegations contained in paragraph 27 of the complaint, DuPont denies that the referenced statements were "confirmed internally."

28.     DuPont admits that, in 1981, 3M advised DuPont that in an oral rangefinder study using PFOA in rats, designed to determine the maximum dosage rate that pregnant female rats could tolerate, and run in preparation for a full-scale teratology study, researchers observed what appeared to be treatment-related damage to the eye lenses of some rat pups; however, within a few months, the testing laboratory, 3M, DuPont, and researchers from the National Institute of Neurological Diseases and Blindness and the National Institutes of Health all concluded that the observed effects were caused by laboratory techniques and not caused by PFOA.  DuPont denies all remaining allegations contained in paragraph 28 of the complaint.

29.     In response to the allegations contained in paragraph 29 of the complaint, DuPont admits that an internal study was designed and implemented.  Responding further, DuPont states that the documentation relating to said study speaks for itself and denies any statement or allegation contained in paragraph 29 that mischaracterizes said documentation.  DuPont denies any remaining allegations contained in paragraph 29 of the complaint.

30.     In response to the allegations contained in paragraph 30 of the complaint, DuPont states that the referenced study speaks for itself and denies any statement or allegation contained in paragraph 30 that mischaracterizes said study.  Responding

further, DuPont denies any remaining allegations contained in paragraph 30 of the complaint.

31.    In response to the allegations contained in paragraph 31 of the complaint, DuPont states that the referenced study data speaks for itself and denies any statement or allegation contained in paragraph 31 that mischaracterizes said data.  Responding further, DuPont denies any remaining allegations contained in paragraph 31 of the complaint.

32.    In response to the allegations contained in paragraph 32 of the complaint, DuPont states that the referenced study data speaks for itself and denies any statement or allegation contained in paragraph 32 that mischaracterizes said data.  Responding further, DuPont denies any remaining allegations contained in paragraph 32 of the complaint.

33.    DuPont denies the allegations contained in paragraph 33 of the complaint.

34.    In response to the allegations contained in paragraph 34 of the complaint, DuPont admits that it reported certain information and data to USEPA and states that the reported information and data speak for themselves.  DuPont denies any statement or allegation contained in paragraph 34 that mischaracterizes said reported information or data.  Responding further, DuPont denies any remaining allegations contained in paragraph 34 of the complaint.

35.    In response to the allegations contained in paragraph 35 of the complaint, DuPont admits that the referenced statements, which have been taken out of context, were made.  Responding further, DuPont denies any remaining allegations contained in paragraph 35 of the complaint and expressly reserves the right, pending further

discovery, to challenge the accuracy, authenticity, and/or admissibility of the referenced statements, as well as any attempt to attribute such statements to DuPont.

36.     DuPont denies the allegations contained in paragraph 36 of the complaint.

37.     DuPont denies the allegations contained in paragraph 37 of the complaint.

38.     DuPont denies the allegations contained in paragraph 38 of the complaint.

39.     In response to the allegations contained in paragraph 39 of the complaint, DuPont states that the referenced data and any related analytical data and documents speak for themselves and denies any statement or allegation contained in paragraph 39 that mischaracterizes said data and documents.  Responding further, DuPont denies any remaining allegations contained in paragraph 39 of the complaint.

40.     DuPont denies the allegations contained in paragraph 40 of the complaint.

41.     In response to paragraph 41 of the complaint, DuPont admits that a meeting was held in 1984 to discuss issues relating to PFOA.  Responding further, DuPont denies any remaining allegations contained in paragraph 41 of the complaint.

42.     In response to the allegations contained in paragraph 42 of the complaint, DuPont states that any documents and/or testimony regarding the referenced meeting speak for themselves, denies any liability, and denies any allegation that mischaracterizes such documents and/or testimony.  Responding further, DuPont denies any remaining allegations contained in paragraph 42 of the complaint.

43.     In response to the allegations contained in paragraph 43 of the complaint, DuPont states that any documents and/or testimony regarding the referenced meeting speak for themselves, denies any allegation that mischaracterizes such documents

and/or testimony, and denies any liability.   Responding further, DuPont denies any remaining allegations contained in paragraph 43 of the complaint.

44.     In response to the allegations contained in paragraph 44 of the complaint, DuPont states that any documents and/or testimony regarding the referenced meeting speak for themselves and denies any allegation that mischaracterizes such documents and/or testimony.   Responding further, DuPont denies any remaining allegations contained in paragraph 44 of the complaint.

45.     In response to the allegations contained in paragraph 45 of the complaint, DuPont states that any documents and/or testimony regarding the referenced meeting speak for themselves and denies any allegation that mischaracterizes such documents and/or testimony.   Responding further, DuPont denies any remaining allegations contained in paragraph 45 of the complaint.

46.     DuPont denies the allegations contained in paragraph 46 of the complaint.

47.     In response to the allegations contained in paragraph 47 of the complaint, DuPont admits that water sampling was performed at and around the Washington Works plant during the referenced timeframe.   Responding further, DuPont denies any remaining allegations contained in paragraph 47 of the complaint.

48.     In response to the allegations contained in paragraph 48 of the complaint, DuPont states that the referenced sample test results speak for themselves and denies any allegation that mischaracterizes such results.   Responding further, DuPont denies any remaining allegations contained in paragraph 48 of the complaint.

49.     In response to the allegations contained in paragraph 49 of the complaint, DuPont admits only that in some studies, at high doses and duration of exposure and

under certain conditions, PFOA has been linked to certain types of tumors in certain animal species.  DuPont denies the remaining allegations contained in paragraph 49 of the complaint.

50.    DuPont denies the allegations contained in paragraph 50 of the complaint.

51.    In response to the allegations contained in paragraph 51 of the complaint, DuPont admits that it purchased certain property from the Lubeck Public Services District.  DuPont denies the remaining allegations contained in paragraph 51 of the complaint.

52.    DuPont denies the allegations contained in paragraph 52 of the complaint.

53.    In response to the allegations contained in paragraph 53 of the complaint, DuPont states that the referenced sampling data speaks for itself and denies any allegation that mischaracterizes such data.  Responding further, DuPont denies any remaining allegations contained in paragraph 53 of the complaint.

54.    DuPont denies the allegations contained in paragraph 54 of the complaint.

55.    DuPont denies the allegations contained in paragraph 55 of the complaint.

56.    In response to the allegations contained in paragraph 56 of the complaint, DuPont states that the referenced sampling data speaks for itself and denies any allegation that mischaracterizes such data.  Responding further, DuPont denies any remaining allegations contained in paragraph 56 of the complaint.

57.    DuPont denies the allegations contained in paragraph 57 of the complaint.

58.    DuPont denies the allegations contained in paragraph 58 of the complaint.

59.    In response to the allegations contained in paragraph 59 of the complaint, DuPont states that the referenced sampling data, along with any related documents and

testimony, speaks for itself.  DuPont denies any allegation that mischaracterizes such data and/or any related documents or testimony.  Responding further, DuPont denies any remaining allegations contained in paragraph 59 of the complaint.

60.    DuPont denies the allegations contained in paragraph 60 of the complaint.

61.    In response to the allegations contained in paragraph 61 of the complaint, DuPont states that the referenced report speaks for itself and denies any statement or allegation contained in paragraph 61 that mischaracterizes said report.  Responding further, DuPont denies any remaining allegations contained in paragraph 61 of the complaint.

62.    In response to the allegations contained in paragraph 62 of the complaint, DuPont states that the referenced paper speaks for itself and denies any statement or allegation contained in paragraph 62 that mischaracterizes said paper.  Responding further, DuPont denies any remaining allegations contained in paragraph 62 of the complaint.

63.    In response to the allegations contained in paragraph 63 of the complaint, DuPont states that the referenced study speaks for itself and denies any statement or allegation contained in paragraph 63 that mischaracterizes said study.  Responding further, DuPont denies any remaining allegations contained in paragraph 63 of the complaint.

64.    In response to the allegations contained in paragraph 64 of the complaint, DuPont states that the referenced sampling data and related documents for themselves and denies any statement or allegation contained in paragraph 64 that mischaracterizes

said sampling data or related documents.  Responding further, DuPont denies any remaining allegations contained in paragraph 64 of the complaint.

65.     In response to paragraph 65 of the complaint, DuPont admits that it was the defendant in a lawsuit styled *Tennant, et al., v. E.I. du Pont de Nemours & Co., Inc.*, Civil Action No. 6:99-0488 (S.D. W. Va.).  Responding further, DuPont states that the pleadings and allegations of that lawsuit speak for themselves and denies any statement or allegation contained in paragraph 65 that mischaracterizes said pleadings and allegations.  Responding further, DuPont denies any remaining allegations contained in paragraph 65 of the complaint.

66.     In response to the allegations contained in paragraph 66 of the complaint, DuPont states that the referenced data and related documents for themselves and denies any statement or allegation contained in paragraph 66 that mischaracterizes said data or related documents.  Responding further, DuPont denies any remaining allegations contained in paragraph 66 of the complaint.

67.     DuPont denies the allegations contained in paragraph 67 of the complaint.

68.     DuPont denies the allegations contained in paragraph 68 of the complaint.

69.     DuPont denies the allegations contained in paragraph 69 of the complaint.

70.     In response to paragraph 70 of the complaint, DuPont admits only that 3M decided to phase out production of C-8.  DuPont lacks sufficient knowledge or information to form a belief as to the reason behind 3M's decision and specifically denies the allegations as pled.  DuPont denies any remaining allegations contained in paragraph 70 of the complaint.

71.     DuPont denies the allegations contained in paragraph 71 of the complaint.

72.     In response to the allegations contained in paragraph 72 of the complaint, DuPont admits only that in some studies, at high doses and duration of exposure and under certain conditions, PFOA has been linked to certain types of tumors in certain animal species.  DuPont denies the remaining allegations contained in paragraph 72 of the complaint.

73.     DuPont lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the complaint and therefore denies the same.

74.     In response to the allegations contained in paragraph 74 of the complaint, DuPont states that the discovery requests, responses, and related papers in the *Tennant* matter speak for themselves and denies any statement or allegation contained in paragraph 74 that mischaracterizes what occurred in the *Tennant* matter.  Responding further, DuPont denies any remaining allegations contained in paragraph 74 of the complaint.

75.     DuPont denies the allegations contained in paragraph 75 of the complaint.

76.     DuPont denies the allegations contained in paragraph 76 of the complaint.

77.     In response to the allegations contained in paragraph 77 of the complaint, DuPont admits that the referenced communication was made, denies any statement or allegation contained in paragraph 77 that mischaracterizes said communication or the context in which it was made, and expressly reserves the right, pending further discovery, to challenge the accuracy, authenticity, and/or admissibility of the referenced communication, as well as any attempt to attribute statements made therein to

DuPont. Responding further, DuPont denies any remaining allegations contained in paragraph 77 of the complaint.

78. In response to the allegations contained in paragraph 78 of the complaint, DuPont admits that the referenced communication was made, denies any statement or allegation contained in paragraph 78 that mischaracterizes said communication or the context in which it was made, and expressly reserves the right, pending further discovery, to challenge the accuracy, authenticity, and/or admissibility of the referenced communication, as well as any attempt to attribute statements made therein to DuPont. Responding further, DuPont denies any remaining allegations contained in paragraph 78 of the complaint.

79. In response to the allegations contained in paragraph 79 of the complaint, DuPont states that the motions and related papers in the *Tennant* matter speak for themselves and denies any statement or allegation contained in paragraph 79 that mischaracterizes what occurred in the *Tennant* matter. Responding further, DuPont denies any remaining allegations contained in paragraph 79 of the complaint.

80. In response to the allegations contained in paragraph 80 of the complaint, DuPont admits that the referenced communication was made, denies any statement or allegation contained in paragraph 80 that mischaracterizes said communication or the context in which it was made, and expressly reserves the right, pending further discovery, to challenge the accuracy, authenticity, and/or admissibility of the referenced communication, as well as any attempt to attribute statements made therein to DuPont. Responding further, DuPont denies any remaining allegations contained in paragraph 80 of the complaint.

81.    In response to the allegations contained in paragraph 81 of the complaint, DuPont admits that the referenced communication was made, denies any statement or allegation contained in paragraph 81 that mischaracterizes said communication or the context in which it was made, and expressly reserves the right, pending further discovery, to challenge the accuracy, authenticity, and/or admissibility of the referenced communication, as well as any attempt to attribute statements made therein to DuPont.  Responding further, DuPont denies any remaining allegations contained in paragraph 81 of the complaint.

82.    In response to the allegations contained in paragraph 82 of the complaint, DuPont admits that the referenced communication was made, denies any statement or allegation contained in paragraph 82 that mischaracterizes said communication or the context in which it was made, and expressly reserves the right, pending further discovery, to challenge the accuracy, authenticity, and/or admissibility of the referenced communication, as well as any attempt to attribute statements made therein to DuPont.  Responding further, DuPont denies any remaining allegations contained in paragraph 82 of the complaint.

83.    In response to the allegations contained in paragraph 83 of the complaint, DuPont admits that the referenced communication was made, denies any statement or allegation contained in paragraph 83 that mischaracterizes said communication or the context in which it was made, and expressly reserves the right, pending further discovery, to challenge the accuracy, authenticity, and/or admissibility of the referenced communication, as well as any attempt to attribute statements made therein to

DuPont.  Responding further, DuPont denies any remaining allegations contained in paragraph 83 of the complaint.

84.     In response to the allegations contained in paragraph 84 of the complaint, DuPont admits that the referenced communication was made, denies any statement or allegation contained in paragraph 84 that mischaracterizes said communication or the context in which it was made, and expressly reserves the right, pending further discovery, to challenge the accuracy, authenticity, and/or admissibility of the referenced communication, as well as any attempt to attribute statements made therein to DuPont.  Responding further, DuPont denies any remaining allegations contained in paragraph 84 of the complaint.

85.     In response to the allegations contained in paragraph 85 of the complaint, DuPont admits that the referenced communication was made, denies any statement or allegation contained in paragraph 85 that mischaracterizes said communication or the context in which it was made, and expressly reserves the right, pending further discovery, to challenge the accuracy, authenticity, and/or admissibility of the referenced communication, as well as any attempt to attribute statements made therein to DuPont.  Responding further, DuPont denies any remaining allegations contained in paragraph 85 of the complaint.

86.     In response to the allegations contained in paragraph 86 of the complaint, DuPont admits that the referenced communication was made, denies any statement or allegation contained in paragraph 86 that mischaracterizes said communication or the context in which it was made, and expressly reserves the right, pending further discovery, to challenge the accuracy, authenticity, and/or admissibility of the referenced

communication, as well as any attempt to attribute statements made therein to DuPont.  Responding further, DuPont denies any remaining allegations contained in paragraph 86 of the complaint.

87.     In response to the allegations contained in paragraph 87 of the complaint, DuPont admits that the referenced communication was made, denies any statement or allegation contained in paragraph 87 that mischaracterizes said communication or the context in which it was made, and expressly reserves the right, pending further discovery, to challenge the accuracy, authenticity, and/or admissibility of the referenced communication, as well as any attempt to attribute statements made therein to DuPont.  Responding further, DuPont denies any remaining allegations contained in paragraph 87 of the complaint.

88.     In response to the allegations contained in paragraph 88 of the complaint, DuPont admits that the referenced communication was made, denies any statement or allegation contained in paragraph 88 that mischaracterizes said communication or the context in which it was made, and expressly reserves the right, pending further discovery, to challenge the accuracy, authenticity, and/or admissibility of the referenced communication, as well as any attempt to attribute statements made therein to DuPont.  Responding further, DuPont denies any remaining allegations contained in paragraph 88 of the complaint.

89.     DuPont denies the allegations contained in paragraph 89 of the complaint.

90.     DuPont denies the allegations contained in paragraph 90 of the complaint.

91.     DuPont denies the allegations contained in paragraph 91 of the complaint.

92.     DuPont denies the allegations contained in paragraph 92 of the complaint.

93.     In response to the allegations contained in paragraph 93 of the complaint, DuPont states that the discovery and other rulings in the *Leach* matter speak for themselves and denies any statement or allegation contained in paragraph 93 that mischaracterizes what occurred in the *Tennant* matter.  Responding further, DuPont denies any remaining allegations contained in paragraph 93 of the complaint.

94.     In response to the allegations contained in paragraph 94 of the complaint, DuPont states that the discovery and other rulings in the *Leach* matter speak for themselves and denies any statement or allegation contained in paragraph 94 that mischaracterizes what occurred in the *Tennant* matter.  Responding further, DuPont denies any remaining allegations contained in paragraph 94 of the complaint.

95.     DuPont denies the allegations contained in paragraph 95 of the complaint.

96.     DuPont denies the allegations contained in paragraph 96 of the complaint.

97.     DuPont denies the allegations contained in paragraph 97 of the complaint.

98.     DuPont denies the allegations contained in paragraph 98 of the complaint.

99.     DuPont denies the allegations contained in paragraph 99 of the complaint.

100.    DuPont denies the allegations contained in paragraph 100 of the complaint.

101.    DuPont denies the allegations contained in paragraph 101 of the complaint.

102.    DuPont denies the allegations contained in paragraph 102 of the complaint.

103.    DuPont denies the allegations contained in paragraph 103 of the complaint.

104.   DuPont denies the allegations contained in paragraph 104 of the complaint.

105.   DuPont denies the allegations contained in paragraph 105 of the complaint.

106.   In response to the allegations contained in paragraph 106, DuPont states that the referenced complaint and allegations speak for themselves and denies any statement or allegation contained in paragraph 106 that mischaracterizes said complaint and allegations.   Responding further, DuPont denies any remaining allegations contained in paragraph 106 of the complaint.

107.   DuPont denies the allegations contained in paragraph 107 of the complaint.

108.   DuPont denies the allegations contained in paragraph 108 of the complaint.

109.   In response to the allegations contained in paragraph 109 of the complaint, DuPont admits that a resolution to the referenced EPA Action was reached in or about December 2005.  Responding further, DuPont states that it is without sufficient knowledge to form a belief as to USEPA's characterization of said resolution, the terms of which are not in dispute, and denies any statement or allegation contained in paragraph 109 that mischaracterizes same.

110.   DuPont denies the allegations contained in paragraph 110 of the complaint.

111.   DuPont denies the allegations contained in paragraph 111 of the complaint.

112.    DuPont denies the allegations contained in paragraph 112 of the complaint.

113.    In response to the allegations contained in paragraph 113 of the complaint, DuPont admits that following the submission of a draft risk assessment by the EPA Office of Pollution Prevention and Toxics in January 2005, the EPA Science Advisory Board ("SAB") suggested that the data it had reviewed were consistent with the EPA Guidelines for Carcinogen Risk Assessment descriptor "likely to be carcinogenic to humans."  Since that initial review, additional research has been conducted pertaining to the carcinogenity of PFOA.  EPA is still in the process of evaluating this information and has not made any definitive conclusions regarding potential risks, including cancer.  Responding further, DuPont denies any remaining allegations contained in paragraph 113 of the complaint.

114.    DuPont denies the allegations contained in paragraph 114 of the complaint.

115.    In response to the allegations contained in paragraph 115 of the complaint, DuPont states that the quoted document speaks for itself and denies any statement or allegation contained in paragraph 115 that mischaracterizes said document.  Responding further, DuPont denies any remaining allegations in paragraph 115 of the complaint.

116.    DuPont denies the allegations contained in paragraph 116 of the complaint.

117.    DuPont denies the allegations contained in paragraph 117 of the complaint.

118.    In response to paragraph 118 of the complaint, DuPont states as follows:

    a.   Based upon information and belief, DuPont denies the allegations contained in paragraph 118(a) of the complaint.

    b.   Based upon information and belief, DuPont denies the allegations contained in paragraph 118(b) of the complaint.

    c.   In response to paragraph 118(c) of the complaint, DuPont admits only that studies have shown very low levels of perfluorooctanoic acid (PFOA) in the environment and in the blood of the general population. Based upon information and belief, DuPont denies any remaining allegations contained in paragraph 118(c) of the complaint.

    d.   DuPont denies the allegations contained in paragraph 118(d) of the complaint.

    e.   DuPont denies the allegations contained in paragraph 118(e) of the complaint.

119.    In response to paragraph 119 of the complaint, Dupont states as follows:

    a.   DuPont denies the allegations contained in paragraph 119(a) of the complaint.

    b.   DuPont denies the allegations contained in paragraph 119(b) of the complaint.

    c.   DuPont admits the allegations contained in paragraph 119(c) of the complaint.

120.    In response to the allegations contained in paragraph 120 of the complaint, DuPont states that such allegations constitute argument to which no

response is required.  To the extent a response is required, DuPont denies that it was required to seek such permission, or that it took any action inferred in paragraph 120, to which such permission would arguably have related.

121.   DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the complaint and therefore denies the same.

122.   In response to the allegations contained in paragraph 122 of the complaint, DuPont states that such allegations constitute argument to which no response is required.  To the extent a response is required, DuPont denies that it was required to seek such permission, or that it took any action inferred in paragraph 122, to which such permission would arguably have related.

123.   DuPont lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the complaint and therefore denies the same.

124.   DuPont denies the allegations contained in paragraph 124 of the complaint.

125.   DuPont denies the allegations contained in paragraph 125 of the complaint.

126.   DuPont denies the allegations contained in paragraph 126 of the complaint.

127.   DuPont denies the allegations contained in paragraph 127 of the complaint.

128. DuPont denies the allegations contained in paragraph 128 of the complaint.

129. DuPont denies the allegations contained in paragraph 129 of the complaint.

130. DuPont denies the allegations contained in paragraph 130 of the complaint.

131. DuPont denies the allegations contained in paragraph 131 of the complaint.

132. DuPont denies the allegations contained in paragraph 132 of the complaint.

133. DuPont denies the allegations and assumptions contained in paragraph 133 of the complaint.

134. DuPont denies the allegations contained in paragraph 134 of the complaint.

135. DuPont denies the allegations contained in paragraph 134 of the complaint.

136. DuPont admits that it installed a carbon absorption treatment system at its Washington Works Plant in the spring of 2001. DuPont denies the remaining allegations contained in paragraph 136 of the complaint.

137. DuPont admits the allegations contained in paragraph 137 of the complaint.

138. DuPont denies the allegations contained in paragraph 138 of the complaint.

139.   In response to the allegations contained in paragraph 139 of the complaint, DuPont states that the terms of the referenced settlement agreement speak for themselves and denies any statement or allegation contained in paragraph 139 that mischaracterizes such terms.  Responding further, DuPont states that the interpretation of such terms falls within the exclusive purview of the Court and denies any remaining allegations in paragraph 139 of the complaint.

140.   In response to the allegations contained in paragraph 140 of the complaint, DuPont states that the Science Panel's findings and conclusions speak for themselves and denies any statement or allegation contained in paragraph 140 that mischaracterizes said findings and conclusions.  Responding further, DuPont denies any remaining allegations in paragraph 140 of the complaint.

141.   In response to the allegations contained in paragraph 141 of the complaint, DuPont states that the referenced statement speaks for itself and denies any statement or allegation contained in paragraph 141 that mischaracterizes said statement.  Responding further, DuPont denies any remaining allegations in paragraph 141 of the complaint.

142.   In response to the allegations contained in paragraph 142 of the complaint, DuPont admits that the Leach settlement included provisions relating to the extension of any applicable statute(s) of limitations.  Responding further, DuPont denies any remaining allegations contained in paragraph 142 of the complaint.

143.   In response to the allegations contained in paragraph 143 of the complaint, DuPont states that the terms of the referenced settlement agreement speak for themselves and denies any statement or allegation contained in paragraph 143 that

mischaracterizes such terms.  Responding further, DuPont states that the interpretation of such terms falls within the exclusive purview of the Court and denies any remaining allegations in paragraph 143 of the complaint.

144.   In response to the allegations contained in paragraph 144 of the complaint, DuPont states that the terms of the referenced settlement agreement speak for themselves and denies any statement or allegation contained in paragraph 144 that mischaracterizes such terms.  Responding further, DuPont states that the interpretation of such terms falls within the exclusive purview of the Court and denies any remaining allegations in paragraph 144 of the complaint.

145.   DuPont lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 145 of the complaint and therefore denies the same.

146.   DuPont denies the allegations contained in paragraph 146 of the complaint.

## First Cause of Action

147.   To the extent that prior allegations in the complaint are incorporated by reference, DuPont's responses to those specific allegations are likewise incorporated here by reference.

148.   DuPont denies the allegations set forth in Paragraph 148 of the complaint.

149.   DuPont denies the allegations set forth in Paragraph 149 of the complaint.

150.   DuPont denies the allegations set forth in Paragraph 150 of the complaint.

151.   DuPont denies the allegations set forth in Paragraph 151 of the complaint.

152.   DuPont denies the allegations set forth in Paragraph 152 of the complaint, including subparts (a)-(d).

153. DuPont denies the allegations set forth in Paragraph 153 of the complaint.

154. DuPont denies the allegations set forth in Paragraph 154 of the complaint.

155. DuPont denies the allegations set forth in Paragraph 155 of the complaint.

156. DuPont denies the allegations set forth in Paragraph 156 of the complaint.

157. DuPont denies the allegations set forth in Paragraph 157 of the complaint.

158. DuPont denies the allegations set forth in Paragraph 158 of the complaint.

159. DuPont denies the allegations set forth in Paragraph 159 of the complaint.

**Second Cause of Action**

160. To the extent that prior allegations in the complaint are incorporated by reference, DuPont's responses to those specific allegations are likewise incorporated here by reference.

161. DuPont denies the allegations set forth in Paragraph 161 of the complaint.

162. DuPont denies the allegations set forth in Paragraph 162 of the complaint.

163. DuPont denies the allegations set forth in Paragraph 163 of the complaint.

164. DuPont denies the allegations set forth in Paragraph 164 of the complaint.

165. DuPont denies the allegations set forth in Paragraph 165 of the complaint.

166. DuPont denies the allegations set forth in Paragraph 166 of the complaint.

167. DuPont denies the allegations set forth in Paragraph 167 of the complaint.

168. DuPont denies the allegations set forth in Paragraph 168 of the complaint.

169. DuPont denies the allegations set forth in Paragraph 169 of the complaint.

170. DuPont denies the allegations set forth in Paragraph 170 of the complaint.

171. DuPont denies the allegations set forth in Paragraph 171 of the complaint.

172. DuPont denies the allegations set forth in Paragraph 172 of the complaint.

173. DuPont denies the allegations set forth in Paragraph 173 of the complaint.

174.	DuPont denies the allegations set forth in Paragraph 174 of the complaint.

175.	DuPont denies the allegations set forth in Paragraph 175 of the complaint.

176.	DuPont denies the allegations set forth in Paragraph 176 of the complaint.

**Third Cause of Action**

177.	DuPont denies the allegations set forth in Paragraph 177 of the complaint.

178.	DuPont denies the allegations set forth in Paragraph 152 of the complaint, including subparts (a)-(f).

179.	DuPont denies the allegations set forth in Paragraph 179 of the complaint.

180.	DuPont denies the allegations set forth in Paragraph 180 of the complaint.

181.	DuPont denies the allegations set forth in Paragraph 181 of the complaint.

182.	DuPont denies the allegations set forth in Paragraph 182 of the complaint.

183.	DuPont denies the allegations set forth in Paragraph 183 of the complaint.

184.	DuPont denies the allegations set forth in Paragraph 184 of the complaint.

185.	DuPont denies the allegations set forth in Paragraph 185 of the complaint.

186.	DuPont denies the allegations set forth in Paragraph 186 of the complaint.

187.	DuPont denies the allegations set forth in Paragraph 187 of the complaint.

188.	DuPont denies the allegations set forth in Paragraph 188 of the complaint.

189.	DuPont denies the allegations set forth in Paragraph 189 of the complaint.

190.	DuPont denies the allegations set forth in Paragraph 190 of the complaint.

**Fourth Cause of Action**

191.	To the extent that prior allegations in the complaint are incorporated by reference, DuPont's responses to those specific allegations are likewise incorporated here by reference.

192.	DuPont denies the allegations set forth in Paragraph 192 of the complaint.

193.   DuPont denies the allegations set forth in Paragraph 193 of the complaint.

194.   DuPont denies the allegations set forth in Paragraph 194 of the complaint.

195.   DuPont denies the allegations set forth in Paragraph 195 of the complaint.

**Fifth Cause of Action**

196.   To the extent that prior allegations in the complaint are incorporated by reference, DuPont's responses to those specific allegations are likewise incorporated here by reference.

197.   DuPont denies the allegations set forth in Paragraph 197 of the complaint.

198.   DuPont denies the allegations set forth in Paragraph 198 of the complaint.

199.   DuPont denies the allegations set forth in Paragraph 199 of the complaint.

200.   DuPont denies the allegations set forth in Paragraph 200 of the complaint.

201.   DuPont denies the allegations set forth in Paragraph 201 of the complaint.

202.   DuPont denies the allegations set forth in Paragraph 202 of the complaint.

203.   DuPont denies the allegations set forth in Paragraph 203 of the complaint.

204.   DuPont denies the allegations set forth in Paragraph 204 of the complaint.

205.   DuPont denies the allegations set forth in Paragraph 205 of the complaint.

206.   DuPont denies the allegations set forth in Paragraph 206 of the complaint.

207.   DuPont denies the allegations set forth in Paragraph 207 of the complaint.

**Sixth Cause of Action**

208.   To the extent that prior allegations in the complaint are incorporated by reference, DuPont's responses to those specific allegations are likewise incorporated here by reference.

209.   DuPont denies the allegations set forth in Paragraph 209 of the complaint.

210.   DuPont denies the allegations set forth in Paragraph 210 of the complaint.

211. DuPont denies the allegations set forth in Paragraph 211 of the complaint.

212. DuPont denies the allegations set forth in Paragraph 212 of the complaint.

213. DuPont denies the allegations set forth in Paragraph 213 of the complaint.

214. DuPont denies the allegations set forth in Paragraph 214 of the complaint.

215. DuPont denies the allegations set forth in Paragraph 215 of the complaint.

**Seventh Cause of Action**

216. To the extent that prior allegations in the complaint are incorporated by reference, DuPont's responses to those specific allegations are likewise incorporated here by reference.

217. DuPont denies the allegations set forth in Paragraph 217 of the complaint.

218. DuPont denies the allegations set forth in Paragraph 218 of the complaint.

## ADDITIONAL DEFENSES

As additional defenses to the Complaint, DuPont asserts the following:

## SECOND DEFENSE

219. Plaintiff's Complaint, and each count thereof, fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

220. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or laches.

## FOURTH DEFENSE

221. Plaintiff's damages, if any, were proximately caused by acts of God and/or by intervening and/or superseding actions by others, over which DuPont had no control.

## FIFTH DEFENSE

222.   Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of waiver and/or estoppel.

## SIXTH DEFENSE

223.   Pursuant to the Class Action Settlement Agreement in *Jack W. Leach, et al. v. E. I. du Pont de Nemours and Company*, Civ. No. 01-C-608 (Cir. Ct. Wood Co. W. Va. Nov. 17, 2004), entered into by DuPont and the *Leach* class members, Plaintiff's claims, to the extent that Plaintiff is a class member, are barred by *res judicata*, the Full Faith and Credit Clause of the United States Constitution, and/or estoppel from obtaining various forms of relief sought in the Complaint.

## SEVENTH DEFENSE

224.   To the extent that Plaintiff is a class member, Plaintiff is barred from obtaining the relief, in whole or in part, sought in the Complaint because Plaintiff, as a Settling Party to the Class Action Settlement Agreement in *Jack W. Leach, et al. v. E. I. du Pont de Nemours and Company*, Civ. No. 01-C-608 (Cir. Ct. Wood Co. W. Va. Nov. 17, 2004), released various claims against DuPont arising from DuPont's use of PFOA at Washington Works, and/or has already obtained relief and/or received consideration for such release.

## EIGHTH DEFENSE

225.   Any damages alleged by Plaintiff in the Complaint were proximately caused in whole or in part by persons or entities other than DuPont and over whom DuPont had no control.

**NINTH DEFENSE**

226.    Whatever damages Plaintiff may have suffered, if any, were not reasonably foreseeable by DuPont at the time of the conduct alleged.

**TENTH DEFENSE**

227.    The alleged damages, if any, to which Plaintiff may be entitled must be reduced in proportion to the comparative and/or contributory fault or negligence of other parties and/or actors.

**ELEVENTH DEFENSE**

228.    Plaintiff has failed to mitigate Plaintiff's damages, if any.

**TWELFTH DEFENSE**

229.    Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed a risk and/or was contributorily negligent.

**THIRTEENTH DEFENSE**

230.    DuPont violated no duty or obligations which it owed to Plaintiff.

**FOURTEENTH DEFENSE**

231.    There is no proximate cause between Plaintiff's alleged damages and injuries and any act or omission by DuPont.

**FIFTEENTH DEFENSE**

232.    DuPont neither knew, nor should have known, that any of the substances to which Plaintiff was allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific and/or industrial knowledge available to DuPont at all times relevant to the claims or causes of action asserted by Plaintiff.

**SIXTEENTH DEFENSE**

233.  Plaintiff has failed to plead facts sufficient to state a valid claim for abnormally dangerous or ultrahazardous activity, or to establish that DuPont knew that the activities about which Plaintiff complains were abnormally dangerous or ultrahazardous at the time they occurred.  Absent such allegations, Plaintiff has no cause of action in strict liability for abnormally dangerous or ultrahazardous activity.

**SEVENTEENTH DEFENSE**

234.  Plaintiff has failed to plead facts sufficient to state a valid claim for trespass and/or battery.

**EIGHTEENTH DEFENSE**

235.  Plaintiff has failed to identify any statutory violation that would support or provide a valid basis for a claim of negligence *per se* and/or *prima facie* negligence.

**NINETEENTH DEFENSE**

236.  DuPont did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

**TWENTIETH DEFENSE**

237.  DuPont has complied with all applicable statutes and regulations set forth by local, state and/or federal government(s) with regard to the conduct alleged in the Complaint, and, therefore, to the extent that consideration is given to Plaintiff's claims, punitive damages are unwarranted in law and fact.

**TWENTY-FIRST DEFENSE**

238.  To allow Plaintiff to recover exemplary or punitive damages from DuPont as alleged and sought in the Complaint would deprive DuPont of its constitutional rights to substantive and procedural due process of law and to equal protection under the law,

which rights are guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the Constitution of Ohio and/or West Virginia.

## TWENTY-SECOND DEFENSE

239.   To allow Plaintiff to recover from DuPont exemplary or punitive damages would deprive DuPont of its constitutional rights under the Eighth Amendment to the United States Constitution and under the Constitution of Ohio and/or West Virginia, which prohibit the imposition of an excessive fine.

## TWENTY-THIRD DEFENSE

240.   Punitive damages are not available because all conduct and activities of DuPont related to matters alleged in the Complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed at the time or times that Plaintiff is alleged to have been exposed.

## TWENTY-FOURTH DEFENSE

241.   Punitive damages are not available because DuPont neither knew nor should have known that the substances to which Plaintiff was allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and DuPont therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive damages would violate DuPont's constitutional right to due process.

## TWENTY-FIFTH DEFENSE

242.   Plaintiff's claims violate the due process provision of the United States Constitution and the correlative provisions of the Constitution of Ohio and/or West Virginia to the extent that they seek to deprive DuPont of procedural and substantive safeguards, including traditional defenses to liability and punitive damages.

### TWENTY-SIXTH DEFENSE

243.   Plaintiff lacks standing to assert, in whole or in part, the claims and the demands for relief in the Complaint.

### TWENTY-SEVENTH DEFENSE

244.   Plaintiff's claims are barred by accord and satisfaction and/or release.

### TWENTY-EIGHTH DEFENSE

245.   To the extent that Plaintiff is a class member, Plaintiff is barred from obtaining the relief, in whole or in part, sought in the Complaint to the extent the Complaint includes claims or seeks relief which were not originally pled in the class action in *Jack W. Leach, et al. v. E. I. du Pont de Nemours and Company*, Civ. No. 01-C-608 (Cir. Ct. Wood Co. W. Va.) as certified.

### TWENTY-NINTH DEFENSE

246.   Plaintiff has failed to plead fraud with particularity, and has further failed to state a claim for fraud upon which relief can be granted.

### THIRTIETH DEFENSE

247.   DuPont is entitled to all of the procedural, substantive and other protections, caps and limitations provided by the state statutes and other state and federal law regarding Plaintiff's claims for compensatory and punitive damages.

### THIRTY-FIRST DEFENSE

248.   Plaintiff has failed to adequately plead and/or allege the existence of a conspiracy.

## THIRTY-SECOND DEFENSE

249.   Plaintiff has failed to adequately plead and/or allege that DuPont made any representation(s) to Plaintiff(s) that would form the basis of a claim for negligent misrepresentation.

## THIRTY-THIRD DEFENSE

250.   Plaintiff has failed to adequately plead and/or allege any interference by DuPont with a right of exclusive possession or control of property that would give rise to a claim for trespass.

## THIRTY-FOURTH DEFENSE

251.   Plaintiff has failed to adequately plead and/or allege that DuPont acted with the requisite state of mind to warrant an award of punitive damages.

## THIRTY-FIFTH DEFENSE

252.   Plaintiff has failed to adequately plead and/or allege that Plaintiff(s) suffered a fear of real physical harm that could give rise to a claim for intentional and/or negligent infliction of emotional distress.

## THIRTY-SIXTH DEFENSE

253.   Plaintiff has failed to adequately plead and/or allege that DuPont engaged in conduct and/or acted with the requisite state of mind to form the basis of a claim for intentional infliction of emotional distress.

## THIRTY-SEVENTH DEFENSE

254.   Plaintiff has failed to adequately plead and/or allege that he suffered the requisite level of mental anguish to support a claim for intentional or negligent infliction of emotional distress.

## THIRTY-EIGHTH DEFENSE

255.   Plaintiff has failed to adequately plead and/or allege facts that would form the basis of a claim for loss of companionship and/or consortium.

256.   DuPont expressly reserves the right to amend its Answer and/or to assert and pursue additional affirmative and other defenses and/or counterclaims should discovery or future developments reveal the basis for any such amendments, claims, or defenses.

WHEREFORE, DuPont respectfully requests that the Complaint be dismissed with prejudice in its entirety, that Plaintiff recover nothing from DuPont, that DuPont be awarded its litigation costs and expenses, and that the Court order such other relief in favor of DuPont as it deems just and proper.

## JURY DEMAND

DuPont demands a trial by a jury on all issues in plaintiff's complaint so triable.

Respectfully submitted,

/s Damond R. Mace
Damond R. Mace (0017102) (Trial Attorney)
SQUIRE SANDERS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114
(216) 479-8500 (Phone)
(216) 479-8780 (Fax)

C. Craig Woods (0010732)
Aaron T. Brogdon (0081858)
SQUIRE SANDERS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio  43215
(614) 365-2700 (Phone)
(614) 365-2499 (Fax)

Attorneys for defendant E. I. du Pont de Nemours and Company

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing <u>Abbreviated Answer</u> was electronically filed with this Court's CM/ECF system on this 16th day of August 2013 and was thus served automatically upon all counsel of record for this matter.

s/ <i>Damond R. Mace</i>
Damond R. Mace (0017102)
