UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE  　　　　　　　Case No. 2:13-md-2433
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION

　　　　　　　　　　　　　　　　　　JUDGE EDMUND A. SARGUS, JR.
　　　　　　　　　　　　　　　　　　Magistrate Judge Elizabeth P. Deavers

This document relates to: **ALL ACTIONS.**

## CASE MANAGEMENT ORDER NO. 6

In furtherance of the effective and efficient case management of complex litigation, and in accordance with the parameters suggested in CMO No. 2, the following procedures are set for the identification and selection of the case specific discovery pool from which the initial cases to be tried in this MDL will be selected, and to establish guidelines for discovery for these discovery pool cases of which some will be proposed and designated as the initial trial cases.

**A.　IDENTIFICATION OF CASE SPECIFIC DISCOVERY POOL PLAINTIFFS ENCOMPASSING THE INITIAL TRIAL ELIGIBLE CASES**

1. This Court believes that conducting early trials will further the efficient progress of this litigation. Accordingly, this Order sets forth additional procedures for the identification of 20 cases for discovery ("Discovery Plaintiffs") as contemplated by CMO No. 2, in which MDL trials are presently scheduled for September 14, 2015, and November 30, 2015. A reduced number of these cases will then be proposed as Initial Trial Cases, a protocol for designating and selecting same will be subject of a separate proposed Case Management Order that the parties intend to submit by April 23, 2014

1

2.  It is important for the use of the bellwether process that is contemplated by this Order that both sides waive applicable venue and *forum non coveniens* challenges for the Discovery Plaintiffs and stipulate that the initial two scheduled trials can be conducted in the Southern District of Ohio without remanding any case to the transferor forum under *Lexecon v. Milberg Weiss* ("*Lexecon* Waiver"). Accordingly, for any Discovery Plaintiff initially selected by plaintiffs' counsel or defendant's counsel as a Discovery Plaintiff, it is understood that there shall be a *Lexecon* Waiver by the selecting counsel for all of those cases. The Court strongly recommends a *Lexecon* Waiver as to any Discovery Plaintiffs selected by either side. Upon receipt of the list of Discovery Plaintiffs from opposing counsel, each side will have five (5) business days to notify the other side if they do not agree to waive *Lexecon* with respect to any of the plaintiffs selected by the other side. The Plaintiffs' Steering Committee ("PSC") shall use best efforts to secure a *Lexecon* Waiver for any plaintiff selected as a Discovery Plaintiff by the defendant. Absent a *Lexecon* Waiver, within five (5) business days after the selection, plaintiff or his/her counsel shall appear in person before the Honorable Edmund Sargus in the United States District Court for the Southern District of Ohio, and show cause why a *Lexecon* Waiver is not being made. Should it be determined that a *Lexecon* Waiver is not possible, Defendant shall have the right to replace said case within five (5) business days following any appearance/ruling before Judge Sargus. Defendant does not currently anticipate asserting *Lexecon* rights with respect to any Discovery Plaintiffs selected by plaintiffs, but if such rights are asserted then plaintiffs will have five (5) business days to replace said case.

3.  The cases eligible to be considered for Discovery Plaintiffs are those cases in which a Complaint was filed and served on or before January 27, 2014, and a completed Plaintiff

Fact Sheet ("PFS") that is not unreasonably and materially deficient and records authorizations were also served on Defendant by January 27, 2014.

4. The parties and the Court intend that the selection of plaintiffs as Discovery Plaintiffs for the discovery pool and the initial trials reflect a representative sampling of cases which will provide meaningful information for the broader population of cases. In making their selections for the Discovery Plaintiffs, the parties will follow the parameters set forth below:

(a) Excluded Injuries. Neither party will identify a plaintiff who is alleging diagnosed high-cholesterol only, preeclampsia only, or pregnancy-induced hypertension only as a Discovery Plaintiff. Further, no party will identify a plaintiff who is alleging a non-linked disease only as a Discovery Plaintiff.

(b) Variation of Probable Link Diseases. In an effort to make the Discovery Plaintiff pool and the initial trials representative, in making their initial Discovery Plaintiff selections, each party will endeavor to not have more than half of their selections focused on one probable linked disease.

(c) Variation of Plaintiff Counsel. In an effort to not unreasonably burden a single plaintiff law firm, in making their initial Discovery Plaintiff selections, the defense and the PSC shall endeavor not to make selections in a way that would result in any plaintiff firm being singled out to bear a disproportionate share of Discovery Plaintiffs in the pool.

### B. SELECTION OF DISCOVERY POOL CASES FOR FUTURE ELIGIBILITY AS INITIAL TRIAL CASES

1. Subject to the parameters of this Order, a designee from the PSC and Defendant shall each simultaneously exchange lists of 10 plaintiffs (including the named plaintiff, MDL Docket Number, and identification of primary plaintiff's counsel) that each chooses to be included as Discovery Plaintiffs.

2. In the event the parties disagree about conformance with the parameters set forth in Paragraph A. 4 of this Order as applied to the selections made by either side, then the parties shall promptly meet and confer in a good faith effort to resolve the issue. In the event resolution is not achieved within five (5) business days, then the party that raised the disagreement shall bring the dispute to the Court's attention for prompt resolution.

3. For cases that are selected as Discovery Plaintiffs, plaintiffs' counsel agree not to voluntarily dismiss said cases unless such dismissal is *with* prejudice, or some other agreement is reached by and between the parties.

4. Dismissal Before Commencement of Depositions: For any Defendant-designated Discovery Plaintiff that is dismissed in accordance with B. 3 before depositions are commenced, such case shall be dismissed with prejudice and shall be replaced with a new Defendant-designated Discovery Plaintiff.

5. Dismissal After Commencement of Depositions: For any case for which a dismissal in accordance with B. 3 is sought or for which a settlement is offered after depositions have commenced, such case will only be dismissed and/or settled with notice to the Court and/or the Court-appointed Mediator. The intent of this provision is to eliminate defendant's concern that plaintiffs' attorneys might seek to dismiss defense selected cases after the commencement of

case-specific core fact discovery, as set forth in Section C below. While the PSC represents that this should not occur; this provision is designed to provide Defendant with further protection in this regard by requiring that dismissal after the commencement of depositions be with prejudice and with notice to the Court. Moreover, the dismissal can only occur in the manner in which this or future CMOs allow, and perhaps with conditions, including but not necessarily limited to adjustments with respect to the procedures governing strikes, replacements, and/or Initial Trial Plaintiff designations by the defendant. Likewise, should Defendant seek to settle the case of a plaintiff-designated Discovery Plaintiff, such settlement and subsequent dismissal shall be subject to the Court's review, and may require modification of this or future CMOs to allow for additional strikes, replacements, and/or Initial Trial Plaintiff designations by the PSC.

### C. CONDUCT OF CASE-SPECIFIC CORE DISCOVERY

1. "Case-specific core fact discovery" of the Discovery Plaintiffs may commence on March 24, 2014. Case-specific core fact discovery on the Discovery Plaintiffs shall be concluded by July 31, 2014.

2. "Case-specific core fact discovery" of the Discovery Plaintiffs may consist of up to four (4) depositions per side per Discovery Plaintiff. The parties both reserve their right to seek additional depositions in any given Discovery Plaintiff case(s) during this Case-specific core fact discovery period upon a good-cause showing. The parties have agreed that, for the cases that will subsequently be designated as the Initial Trial Cases, the parties shall be permitted to conduct additional discovery as may be needed.

3. Other than the completion of the PFS, tendering of the required authorizations and records provided for in CMO 4 §II.4, and the defense gathering of said records through the

authorizations provided, case-specific discovery in all cases except the Discovery Plaintiffs' cases shall be stayed pending further Order of this Court, or agreement of counsel.

D. **SELECTION OF INITIAL TRIAL CASES**

1. The parties will continue to work cooperatively to prepare a protocol, by way of a proposed Case Management Order, which will be designed, *inter alia*, to provide the process by which the parties are contemplating proposing 6-10 Discovery Plaintiffs to serve as a pool in which the Court shall select the final cases to serve as the Initial Trial Cases, as well as the designated order of such bellwether trials, with the first two trials scheduled to commence on September 14, 2015 and November 30, 2015, respectively. The parties will endeavor to submit this proposed protocol to the Court by April 23, 2014.

**IT IS SO ORDERED.**

Date: 2-28-2014

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

Date: 2-28-2014

ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE