UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION,

            Civil Action 2:13-MD-2433
            JUDGE EDMUND A. SARGUS, JR.
            Magistrate Judge Elizabeth P. Deavers

This document relates to: <u>ALL CASES</u>.

## DISCOVERY ORDER NO. 1

### The Costs of Obtaining C8 Health Project Records & Extension of the Deadline for Selection of the Discovery Pool Plaintiffs

This matter is before the Court on the parties' dueling motions concerning a discovery matter. The Court addresses the parties' contentions in turn. Defendant, E. I. du Pont de Nemours and Company ("DuPont"), moves this Court for an order compelling Plaintiffs to obtain and provide to DuPont a subset of their medical records and to reimburse DuPont for costs it has incurred to date to obtain these records. (ECF Nos. 203, 209.) DuPont also asks the Court to modify the existing scheduling order to extend the date to select the discovery pool plaintiffs from March 17, 2014 until April 2, 2014. Plaintiffs, through Co-Lead Counsel for the Plaintiffs' Steering Committee ("PSC"), oppose DuPont's Motion and seek an order from the Court enforcing the terms of the existing Case Management Orders. (ECF Nos. 207, 210.) For the reasons that follow, the Court grants in part DuPont's request for an extension of the deadline in which to select the discovery pool plaintiffs, but declines to compel Plaintiffs to bear the costs of obtaining the records at issue.

**I.**

Based upon the criteria set forth in Case Management Order Number 6 ("CMO No. 6"), approximately eighty-two Plaintiffs are eligible to be considered as discovery pool plaintiffs, the pool from which the bellwether trials will be selected. (CMO No. 6 ¶¶ A3–A4, ECF No. 194.) Each of these Plaintiffs completed and served Plaintiff Fact Sheets ("PFS") on or before January 27, 2014. (*Id.*) From this group of eighty-two Plaintiffs, DuPont and a PSC designee will each choose ten Plaintiffs to be included as discovery pool plaintiffs. (*Id.* at ¶ B.1.) The parties agreed that limited discovery prior to the selection of the discovery pool plaintiffs was appropriate. To this end, the parties further agreed that in lieu of initial disclosures under Federal Rule of Civil Procedure 26(a), Plaintiffs would provide PFS and relevant records authorizations, both of which would be governed by case management orders. (CMO 2, ECF No. 30.) The subject motions involve a dispute concerning the interpretation of these case management orders. Specifically, the parties dispute who is required to bear the cost of obtaining records generated in connection with a particular Plaintiff's participation in C8 Health Project.[1] The parties also dispute whether an extension of the deadline for discovery pool plaintiff selection is warranted. The parties were unable to resolve these disputes extrajudicially.

---

[1] DuPont's Motion also placed records that the Science Panel generated in connection with its blood testing and interviews at issue. DuPont, however, subsequently withdrew its request with regard to the Science Panel records, explaining that "the production of the Science Panel records is not as urgent" and that the parties have not yet ascertained the process and costs associated with obtaining these records. (DuPont's Mem. in Opp. 3, ECF No. 209.)

2

## II.

### A.  DuPont to Bear the Cost of Obtaining C8 Health Project Records

According to the parties, of the eighty-two Plaintiffs who are eligible to be considered as discovery pool plaintiffs, sixty-seven participated in the C8 Health Project. Eighteen of these sixty-seven participating Plaintiffs provided at least some records generated in connection with their participation in C8 Health Project; forty-nine provided no C8 Health Project records. DuPont characterizes the information contained in the C8 Health Project records as "critical" to its discovery pool selection process. (DuPont's Mot. 4, ECF No. 203.) The cost to obtain the C8 Health Project records is $100 per Plaintiff, payable to Troy Young, a third-party IT administrator for the C8 Health Project. Thus, the total cost of obtaining the outstanding C8 Health Project records is between $4900 and $6700, with the variation attributable to whether DuPont determines it needs to obtain additional records from the eighteen Plaintiffs who have already provided some C8 Health Project records. In order to expedite the production of the C8 Health Project records, DuPont has obtained the requisite releases from Plaintiffs and agreed to pay Mr. Young's fees for gathering and producing the records, reserving its right to seek reimbursement from Plaintiffs for Mr. Young's charges.

In its Motion, DuPont asserts that CMO No. 4 requires Plaintiffs to "produce all documents in their 'possession, custody, or control' that related to their 'participation in the C8 Health Project' or their claims in this litigation." (*Id.* at 2 (quoting CMO No. 4 at ¶ 4(c) and PFS at p. 14).) In an effort to distinguish the C8 Health Project records from the other records it agreed to bear the cost of collecting, DuPont cites the costs involved with collecting the records, reasoning as follows:

3

> The costs involved differentiate this from the medical records obtained from the plaintiffs' treating physicians. Most treating physicians charge only relatively modest copying charges, while the holders of the C8 Health Project and Science Panel data each charge $100 or more per plaintiff to search for and produce the records.

(*Id.* at 5.) In its Memorandum in Opposition, DuPont adds that its agreement to utilize the authorizations to obtain records at its own expense does not extend to the C8 Health Project records because the C8 Health Project was not identified in the PFS as a treating physician who provided medical treatment to Plaintiffs. (Pls.' Mem. in Opp. 3, ECF No. 209.) DuPont therefore concludes that this Court should follow the general rule that the party responding to discovery requests must bear the cost of responding and order Plaintiffs to pay Mr. Young's charges.

Plaintiffs object to DuPont's request that they pay Mr. Young's charges. Plaintiffs assert that in the early stages of this litigation, the parties negotiated and agreed "to a specific procedure for very limited and focused discovery" and that the agreed-upon procedures are memorialized in CMO Nos. 4 and 5. Plaintiffs submit that these CMOs required them to provide the PFS, authorizations, and copies of the PFS records in their actual possession. Plaintiffs further maintain that the CMOs reflect DuPont's agreement to obtain authorization forms to collect, at its own expense, any records no longer in a Plaintiff's actual possession. The Court agrees.

Plaintiffs correctly point out that the parties contemplated only limited discovery prior to the selection of the discovery pool plaintiffs. (*See* CMOs 2 and 4, ECF Nos. 30 and 68.) CMO No. 4 sets forth the scope, form, procedure, and schedule for the completion and service of this limited discovery. Specifically, CMO No. 4 requires Plaintiffs to "produce to [DuPont] all responsive, non-privileged documents in his or her possession, custody or control *that are*

4

*requested in the PFS.*" (CMO No. 4 ¶ 4(c), ECF No. 68 (emphasis added).) The PFS, in turn, directs Plaintiffs to produce certain records as follows:

### RECORDS

Provide *those records in your possession* which you used and/or relied upon to complete this form and/or which support and/or relate to your claimed injuries or damages, your participation in the C-8 Health Project, or your claims for the C8 probable linked disease(s) alleged and/or described herein.

(PFS 7, 14, ECF No. 68-1 (emphasis added).) Thus, read together, the PFS and CMO No. 4 do not, as DuPont asserts, require Plaintiffs to obtain and produce documents that they do not presently have in their possession.

Both the PFS and CMO No. 4 do, however, require Plaintiffs to execute authorizations for the release of certain records, including authorizations relating to medical records, employment records, and utility company records. (*Id.* at 14; CMO No. 4 ¶¶ 4, 10–16, ECF No. 68.) With regard to the Health Information Authorization, CMO No. 4 provides as follows:

Each Plaintiff who completes a PFS in accordance with the preceding paragraphs of this Order shall also produce an Authorization to Release Health Information for each (non-mental health) medical provider (including insurers and pharmacies) listed in the PFS. The Health Information Authorization that shall be used is attached hereto as Exhibit 2 and shall be served on Defendant's Counsel in accordance with the provisions of this Order.

(CMO No. 4 ¶ 10, ECF No. 68.) Yet another provision in CMO No. 4 requires DuPont to notify a Plaintiff's representative counsel and the PSC in the event the custodian of health records requires a specialized authorization form and further requires the referenced Plaintiff, upon such notification, to execute an appropriate authorization or object in writing. (*Id.* at ¶ 14.) As reflected in CMO No. 5, DuPont made arrangements, "at its own expense," with a third-party vendor to utilize the authorizations to obtain and process records DuPont ordered. (CMO No. 5,

5

ECF No. 128.)

Thus, at this stage of the litigation, to the extent DuPont seeks to obtain records "that are requested in the PFS" that are not within a particular Plaintiff's possession, CMO No. 4 requires DuPont to obtain authorizations for the release of those records; CMO No. 5 reflects that DuPont agreed to bear the expense of obtaining these records. The language of the CMO No. 4 is not so narrow as to preclude DuPont from obtaining records beyond those generated by a treating physician who provided medical treatment. Indeed, paragraph ten of CMO No. 4, which relates to the "Authorization to Release Health Information" Plaintiffs must execute, interprets "medical provider" broadly to include even insurers and pharmacies. (CMO No. 4 ¶ 10, ECF No. 68.) Consistently, the "Authorization to Release Health Information" authorizes release of a wide variety of information, including test results, questionnaires, documents, correspondence, and billing records, among other categories of information. (Health Info. Auth., ECF No. 68-2.) Where, as here, a records custodian requires a specialized authorization form, paragraph fourteen of CMO No. 4 requires DuPont to solicit execution of the appropriate authorization form. According to PSC representative Robert Bilott, no Plaintiff has refused to provide the specialized authorization necessary for procurement of the C8 Health Project records. (Bilott Aff. ¶ 7, ECF No. 210-1.)

In sum, given that Plaintiffs have not objected to DuPont's request for execution of the authorization form required for procurement of the C8 Health Project records, DuPont may obtain these records as part of the agreed-upon limited discovery it may seek prior to the selection of the discovery pool plaintiffs. Dupont, however, must bear any costs associated with procurement of these records.

6

**B.     Extension of the Deadline for Selection of the Discovery Pool Plaintiffs**

DuPont next seeks an extension of the deadline for selection of the discovery pool plaintiffs from March 17, 2014, until April 2, 2014. According to DuPont, this extension is necessary to afford Mr. Young sufficient time to produce the C8 Health Project records and DuPont enough time to review the records. DuPont explains that Mr. Young estimates that he will be able to gather the records at issue by the end of March and that it needs a few business days to review the data. DuPont emphasizes the "highly relevant and highly material" nature of the information contained in the C8 Health Project records to its discovery pool plaintiff-selection process. DuPont adds that the requested extension will not unduly prejudice any party.

Plaintiffs object to DuPont's requested extension. According to Plaintiffs, DuPont would not have needed an extension if it had diligently followed the procedures set forth in the CMOs. Plaintiffs posit that given DuPont's characterization of the C8 Health Project records as critical, DuPont should have not waited more than two months after it began receiving the PFS records and authorizations to raise the issue. Plaintiffs further submit that the requested extension "would have substantial ramifications on the entire schedule for this litigation moving forward." (Pls. Mem. Opp. 9, ECF No. 210.) Plaintiffs request that in the event the Court allows an extension, that the number of permissible depositions be decreased from four depositions per side to three depositions per side so that the discovery schedule may remain intact.

The Court finds that a limited extension of the deadline for selecting discovery pool plaintiffs is appropriate. The relevance of the C8 Health Project records to DuPont's selection process outweighs the minimal prejudice, if any, Plaintiffs may suffer from the delay. Accordingly, the new deadline for selecting discovery pool plaintiffs is **APRIL 2, 2014**. Given

7

the brevity of this extension, at this juncture, the Court sees no need to adjust the July 31, 2014 case-specific discovery deadline or to limit the scope of case-specific discovery as contemplated in CMO No. 6.

### III.

For the reasons set forth above, both DuPont and Plaintiffs' Motions are **GRANTED IN PART AND DENIED IN PART**. (ECF Nos. 203 and 207.) DuPont must bear any costs associated with procurement of the C8 Health Project records. In addition, the Court **EXTENDS** the deadline for selecting discovery pool plaintiffs to **APRIL 2, 2014**.

**IT IS SO ORDERED.**

3-20-2014
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**