IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| IN RE:  E. I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION | CASE NO. 2:13-md-2433 |
| | JUDGE EDMUND A. SARGUS, JR. |
| | MAGISTRATE JUDGE ELIZABETH P. DEAVERS |
| This document relates to: | **David L. Hardwick *v. E. I. du Pont de Nemours and Company*, Case No. 2:15-cv-00418** |

### ABBREVIATED ANSWER

Pursuant to Section III of Case Management Order No. 3, defendant E. I. du Pont de Nemours and Company ("DuPont"), by and through its undersigned counsel, hereby answers and avers in response to the Complaint of Plaintiff David L. Hardwick (the "Complaint") as follows:

### FIRST DEFENSE

For its First Defense to the Complaint, DuPont admits that it is a Delaware corporation with its principal place of business in Wilmington, Delaware, and that it owns and operates a manufacturing facility in Wood County, West Virginia known as "Washington Works," but expressly denies all other allegations set forth in the Complaint, including those for which it lacks information or knowledge sufficient to form a belief as to their truth.

## ADDITIONAL DEFENSES

As additional defenses to the Complaint, DuPont asserts and incorporates herein the following:

## SECOND DEFENSE

Plaintiff's Complaint, and each count thereof, fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations and/or laches.

## FOURTH DEFENSE

Plaintiff's damages, if any, were proximately caused by acts of God and/or by intervening and/or superseding actions by others, over which DuPont had no control.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of waiver and/or estoppel.

## SIXTH DEFENSE

Pursuant to the Class Action Settlement Agreement in *Jack W. Leach, et al. v. E. I. du Pont de Nemours and Company*, Civ. No. 01-C-608 (Cir. Ct. Wood Co. W. Va. Nov. 17, 2004), entered into by DuPont and the *Leach* class members, Plaintiff's claims, to the extent that Plaintiff is a class member, are barred by *res judicata*, the Full Faith and Credit Clause of the United States Constitution, and/or estoppel from obtaining various forms of relief sought in the Complaint.

### **SEVENTH DEFENSE**

Plaintiff, to the extent that Plaintiff is a class member, is barred from obtaining the relief, in whole or in part, sought in the Complaint because Plaintiff, as a Settling Party to the Class Action Settlement Agreement in *Jack W. Leach, et al. v. E. I. du Pont de Nemours and Company*, Civ. No. 01-C-608 (Cir. Ct. Wood Co. W. Va. Nov. 17, 2004), released various claims against DuPont arising from DuPont's use of PFOA at Washington Works, and/or has already obtained relief and/or received consideration for such release.

### **EIGHTH DEFENSE**

Any damages alleged by Plaintiff in the Complaint were proximately caused in whole or in part by persons or entities other than DuPont and over whom DuPont had no control.

### **NINTH DEFENSE**

Whatever damages Plaintiff may have suffered, if any, were not reasonably foreseeable by DuPont at the time of the conduct alleged.

### **TENTH DEFENSE**

The alleged damages, if any, to which Plaintiff may be entitled must be reduced in proportion to the comparative and/or contributory fault or negligence of other parties and/or actors.

### **ELEVENTH DEFENSE**

Plaintiff has failed to mitigate Plaintiff's damages, if any.

### **TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed a risk and/or was contributorily negligent.

### THIRTEENTH DEFENSE

DuPont violated no duty or obligations which it owed to Plaintiff.

### FOURTEENTH DEFENSE

There is no proximate cause between Plaintiff's alleged damages and injuries and any act or omission by DuPont.

### FIFTEENTH DEFENSE

DuPont neither knew, nor should have known, that any of the substances to which Plaintiff was allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm by virtue of the prevailing state of the medical, scientific and/or industrial knowledge available to DuPont at all times relevant to the claims or causes of action asserted by Plaintiff.

### SIXTEENTH DEFENSE

Plaintiff has failed to plead facts sufficient to state a valid claim for abnormally dangerous or ultrahazardous activity, or to establish that DuPont knew that the activities about which Plaintiff complains were allegedly abnormally dangerous or ultrahazardous at the time they occurred.  Absent such allegations, Plaintiff has no cause of action in strict liability for abnormally dangerous or ultrahazardous activity.

### SEVENTEENTH DEFENSE

Plaintiff has failed to plead facts sufficient to state a valid claim for trespass and/or battery.

### EIGHTEENTH DEFENSE

Plaintiff has failed to identify any statutory violation that would support or provide a valid basis for a claim of negligence *per se* and/or *prima facie* negligence.

### NINETEENTH DEFENSE

DuPont did not engage in any conduct which would warrant or form a valid basis for an award of punitive damages.

### TWENTIETH DEFENSE

DuPont has complied with all applicable statutes and regulations set forth by local, state and/or federal government(s) with regard to the conduct alleged in the Complaint, and, therefore, to the extent that consideration is given to Plaintiff's claims, punitive damages are unwarranted in law and fact.

### TWENTY-FIRST DEFENSE

To allow Plaintiff to recover exemplary or punitive damages from DuPont as alleged and sought in the Complaint would deprive DuPont of its constitutional rights to substantive and procedural due process of law and to equal protection under the law, which rights are guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the Constitution of Ohio and/or West Virginia.

### TWENTY-SECOND DEFENSE

To allow Plaintiff to recover from DuPont exemplary or punitive damages would deprive DuPont of its constitutional rights under the Eighth Amendment to the United States Constitution and under the Constitution of Ohio and/or West Virginia, which prohibit the imposition of an excessive fine.

### TWENTY-THIRD DEFENSE

Punitive damages are not available because all conduct and activities of DuPont related to matters alleged in the Complaint conformed to industry standards based upon the state of medical, scientific, and/or industrial knowledge which existed at the time or times that Plaintiff is alleged to have been exposed.

### TWENTY-FOURTH DEFENSE

Punitive damages are not available because DuPont neither knew nor should have known that the substances to which Plaintiff was allegedly exposed were hazardous or constituted a reasonable or foreseeable risk of physical harm, and DuPont therefore lacked notice that its conduct was unlawful or subject to punishment and an award of punitive damages would violate DuPont's constitutional right to due process.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims violate the due process provision of the United States Constitution and the correlative provisions of the Constitution of Ohio and/or West Virginia to the extent that they seek to deprive DuPont of procedural and substantive safeguards, including traditional defenses to liability and punitive damages.

### TWENTY-SIXTH DEFENSE

Plaintiff lacks standing to assert, in whole or in part, the claims and the demands for relief in the Complaint.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred by accord and satisfaction and/or release.

### TWENTY-EIGHTH DEFENSE

For the time period relevant to the allegations in the Complaint, C-8, as that term is defined in the Complaint (including ammonium perfluorooctanoate and PFOA), was not subject to regulation by any federal, state, regional, or local government, agency, or body.

### TWENTY-NINTH DEFENSE

Plaintiff, to the extent that Plaintiff is a class member, is barred from obtaining the relief, in whole or in part, sought in the Complaint to the extent the Complaint includes

claims or seeks relief which were not originally pled in the class action in *Jack W. Leach, et al. v. E. I. du Pont de Nemours and Company*, Civ. No. 01-C-608 (Cir. Ct. Wood Co. W. Va.) as certified.

### THIRTIETH DEFENSE

Plaintiff has failed to plead fraud with particularity, and has further failed to state a claim for fraud upon which relief can be granted.

### THIRTY-FIRST DEFENSE

DuPont is entitled to all of the procedural, substantive and other protections, caps and limitations provided by the state statutes and other state and federal law regarding Plaintiff's claims for compensatory and punitive damages.

### THIRTY-SECOND DEFENSE

Plaintiff has failed to plead a claim for defective product and/or failure to warn because DuPont is not the manufacturer of an allegedly defective product as defined by statute.

### THIRTY-THIRD DEFENSE

Plaintiff has failed to adequately plead and/or allege that DuPont made any representation(s) with regard to its goods and/or services that would give rise to a claim for unfair and deceptive trade practices.

### THIRTY-FOURTH DEFENSE

Plaintiff has failed to adequately plead and/or allege the existence of a conspiracy.

### THIRTY-FIFTH DEFENSE

Plaintiff has failed to adequately plead and/or allege the requisite commercial relationship with DuPont that could give rise to a claim based upon an allegedly

defective product, an alleged failure to warn, and/or an unfair and deceptive trade practice.

### THIRTY-SIXTH DEFENSE

Plaintiff has failed to adequately plead and/or allege claims for defective product, failure to warn, and/or unfair and deceptive trade practices.

### THIRTY-SEVENTH DEFENSE

Plaintiff has failed to adequately plead and/or allege that DuPont owed and/or breached a duty to Plaintiff(s).

### THIRTY-EIGHTH DEFENSE

Plaintiff has failed to adequately plead and/or allege that DuPont made any representation(s) to Plaintiff(s) that would form the basis of a claim for negligent misrepresentation.

### THIRTY-NINTH DEFENSE

Plaintiff has failed to adequately plead and/or allege any interference by DuPont with a right of exclusive possession or control of property that would give rise to a claim for trespass.

### FORTIETH DEFENSE

Plaintiff has failed to adequately plead and/or allege that DuPont acted with the requisite state of mind to warrant an award of punitive damages.

### FORTY-FIRST DEFENSE

Plaintiff has failed to adequately plead and/or allege that Plaintiff(s) suffered a fear of real physical harm that could give rise to a claim for intentional and/or negligent infliction of emotional distress.

**FORTY-SECOND DEFENSE**

Plaintiff has failed to adequately plead and/or allege that DuPont engaged in conduct and/or acted with the requisite state of mind to form the basis of a claim for intentional infliction of emotional distress.

**FORTY-THIRD DEFENSE**

Plaintiff has failed to adequately plead and/or allege that Plaintiff suffered the requisite level of mental anguish to support a claim for intentional or negligent infliction of emotional distress.

**FORTY-FOURTH DEFENSE**

Plaintiff has failed to adequately plead and/or allege facts that would form the basis of a claim for loss of companionship and/or consortium.

**FORTY-FIFTH DEFENSE**

Plaintiff has failed to adequately plead and/or allege any interference by DuPont with an interest in public or private use of land that would give rise to a claim for public or private nuisance.

DuPont expressly reserves the right to amend its Answer and/or to assert and pursue additional affirmative and other defenses and/or counterclaims should discovery or future developments reveal the basis for any such amendments, claims, or defenses.

WHEREFORE, DuPont respectfully requests that the Complaint be dismissed with prejudice in its entirety, that Plaintiff recover nothing from DuPont, that DuPont be awarded its litigation costs and expenses, and that the Court order such other relief in favor of DuPont as it deems just and proper.

## **JURY DEMAND**

DuPont demands a trial by a jury on all issues in plaintiff's complaint so triable.

        Respectfully submitted,

        /s Damond R. Mace
        Damond R. Mace (0017102) (Trial Attorney)
        SQUIRE PATTON BOGGS (US) LLP
        4900 Key Tower
        127 Public Square
        Cleveland, Ohio 44114
        (216) 479-8500 (Phone)
        (216) 479-8780 (Fax)

        C. Craig Woods (0010732)
        Aaron T. Brogdon (0081858)
        SQUIRE PATTON BOGGS (US) LLP
        2000 Huntington Center
        41 South High Street
        Columbus, Ohio 43215
        (614) 365-2700 (Phone)
        (614) 365-2499 (Fax)

        Attorneys for defendant E. I. du Pont de Nemours and Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Abbreviated Answer was electronically filed with this Court's CM/ECF system on February 6, 2015 and was thus served automatically upon all counsel of record for this matter.

                                          s/ *Damond R. Mace*
                                          Damond R. Mace (0017102)