UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION,

                    Civil Action 2:13-MD-2433
                    JUDGE EDMUND A. SARGUS, JR.
                    Magistrate Judge Elizabeth P. Deavers

This document relates to: ALL CASES.

## DISCOVERY ORDER NO. 8

**Plaintiffs' Second Motion to Compel Deposition of DuPont's Corporate Representative and Production of Documents Relating to DuPont's Announced Corporate Reorganization**

### I.

This matter is before the Court on Plaintiffs' Second Motion to Compel (ECF No. 1903), seeking an order compelling Defendant, E. I. du Pont de Nemours and Company ("DuPont"), to appear for a deposition regarding its financial condition and produce additional documentation regarding its financial condition, DuPont's Memorandum in Opposition (ECF No. 2042), and Plaintiffs' Reply (ECF No. 2143). For the reasons that follow, Plaintiffs' Second Motion to Compel is **DENIED**.

### II.

Plaintiffs' Second Motion to Compel is related to their First Motion to Compel. In Plaintiffs' First Motion to Compel (ECF No. 211), Plaintiffs sought a Court order compelling DuPont to appear for deposition on a number of subjects, including the following topic:

    The nature, extent, substance, and timing of any potential changes to any corporate

> identity or structure, assets, or liability coverage (including any insurance) within DuPont, including through any proposed spin-off or corporate reorganization, that could affect the identity or assets of whatever entity retains responsibility for the obligations and liabilities of DuPont under the 2005 Class Action Settlement Agreement in the *Leach* Case or for the claims asserted in the MDL.

(ECF No. 219-5 at 2.)

In Discovery Order Number Four, the Court discussed the permissible scope of discovery concerning DuPont's financial condition. (ECF No. 247.) The Court declined to compel a DuPont corporate representative to testify regarding DuPont's financial condition. In light of Plaintiffs' non-speculative claims for punitive damages, however, the Court concluded Plaintiff was entitled to written discovery:

> DuPont must produce existing documents reflecting (1) the timing of the change; (2) which entity will retain the obligations and liabilities under the 2005 Class Action Settlement Agreement in the *Leach* Case; and (3) the financial information for the entity retaining the obligations and liabilities, including documents reflecting the entity's estimated net worth, assets, liabilities, revenue, *etc*. To the extent some of the information is publically available, such as in a United States Securities and Exchange Commission Form 10-K, DuPont may designate where that information has been published.

(*Id*. at 11.)

In May 2014, following Discovery Order Number Four, DuPont produced the Declaration of Justin M. Miller, its associate general counsel, to Plaintiffs. In this Declaration, Mr. Miller indicates that the timing of the potential spinoff of the Performance Chemicals segment of DuPont was anticipated to be finalized in mid-2015 and that once the details are preliminarily determined, "there will be a public filing with the Securities and Exchange Commission ("SEC") well before the spinoff would be finalized." (Miller Decl. ¶ 4, ECF No. 2042-1.) Mr. Miller further averred as follows:

2

> The obligations of DuPont to other parties under the *Leach* settlement agreement are currently expected to remain obligations of DuPont, regardless of whether, as between DuPont and Spinco, Spinco agrees to indemnify DuPont for any payments that DuPont may be required to make related to the MDL proceedings or under the *Leach* settlement agreement.

(*Id.* at ¶ 5.) Finally, Mr. Miller indicated that the financial condition of DuPont, including the Performance Chemicals segment, was available in the 10-K filing with the SEC, which included income statements, balance sheets, statement of cash flows, and other financial information. (*Id.* at ¶¶ 6–7.) Mr. Miller attached the 10-K filing to his Declaration. (*Id.* at ¶¶ 6–7.) Plaintiffs did not object to the sufficiency of DuPont's response to Discovery Order Number Four. Moreover, their forensic economist utilized DuPont's Form 10-K in preparing his opinions regarding DuPont's financial condition.

Following unsuccessful mediation,[1] Plaintiffs filed the subject Motion to Compel on January 22, 2015 (ECF No. 1903), citing a December 2014 letter DuPont sent to the Ohio Environmental Protection Agency ("Ohio EPA") and the December 2014 Form 10 DuPont submitted for the new "The Chemours Company, LLC" ("Chemours") spinoff company. (*See* ECF Nos. 1903-4 and 1903-7.) Following their review of these documents and prior to filing the subject Motion, Plaintiffs sought and obtained reassurance from DuPont that the information Mr. Miller provided in his Declaration remained accurate. Plaintiffs nevertheless requested the working draft of the non-public, proposed Separation Agreement between DuPont and Chemours. DuPont declined to produce any working draft, but indicated that a final version

---

[1] In their briefing, both parties allude to statements that were or were not made during the course of the mediation. (*See* Pls.' Mot. 17–19, ECF No. 1903 and DuPont's Mem. in Opp. 9, ECF No. 2042.) Pursuant to Local Civil Rule 16.3, the parties are **ORDERED** to keep confidential settlement communications, including statements or expressive conduct occurring during the mediation.

3

would be publically available between late March and early April and that it would provide Plaintiffs with a copy of the Agreement at that time.

In the subject Motion, Plaintiffs argue that DuPont has failed to satisfy its continuing duty to supplement its discovery responses pursuant to Federal Rule of Civil Procedure 26(e)(1). Plaintiffs also maintain that DuPont failed to satisfy its duty to supplement its Rule 26(a)(1) disclosures, citing Rule 26(a)(1)(iv). According to Plaintiff, the Chemours Form 10 "reveals that new indemnity or reimbursement agreements exist that must be disclosed." (Pls.' Mot 21, ECF No. 1903.) In addition to seeking to compel DuPont to produce the working draft of the non-public, proposed Separation Agreement, Plaintiffs again ask the Court to compel a corporate deposition of DuPont on this subject.

DuPont opposes Plaintiffs' Motion. (ECF No. 2042.) DuPont asserts that it is under no duty to supplement its prior disclosures or written discovery because the information provided remains accurate and complete in all material respects. DuPont further adds that Plaintiffs have not demonstrated that they have any need for the "highly sensitive and privileged internal drafts" that they seek because those drafts "have no actual bearing on the claims at issue or obligations as between the parties to these cases." (DuPont's Mem. in Opp. 17–18, ECF No. 2042.)

The Court agrees with DuPont. Rule 26(e) requires parties to supplement their Rule 26(a) disclosures and written discovery "in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect," unless the additional or corrective information has been otherwise made known to the other parties. Fed. R. Civ. P. 26(e)(1)(A). The documents upon which Plaintiffs rely to conclude supplementation is warranted do not require the conclusion that DuPont's earlier disclosures were, in some material respect,

"incomplete or incorrect."

Contrary to Plaintiffs' assertions, nothing in Dupont's December 2014 Ohio EPA correspondence nor the December 2014 Form 10 for Chemours reflects or purports to reflect that DuPont is no longer obligated to Class Members under the *Leach* Settlement Agreement. (*See* ECF Nos. 1903-4 and 1903-7.) The December 2014 Ohio EPA correspondence references the request for transfer of an environmental permit from DuPont to Chemours. (*See* ECF No. 1903-4.) Nothing in the correspondence even mentions the *Leach* Settlement Agreement. And although the December 2014 Form 10 for Chemours does discuss the *Leach* Settlement Agreement and this multidistrict litigation, nothing in the Form 10 reflects that Chemours (rather than DuPont) is obligated to Class Members under the *Leach* Settlement Agreement. Rather, read in context, the statements upon which Plaintiffs rely reference anticipated allocation of liabilities as between DuPont and Chemours. Indeed, the Form 10 contains multiple references to an indemnification obligation from Chemours to DuPont. (*See, e.g.*, ECF No. 1903-7 at 34–35, 40, 74, and 99.)

Finally, Plaintiffs' reliance upon Rule 26(a)(1)(A)(iv) to argue that DuPont failed to satisfy its duty to supplement its disclosures is unavailing. Rule 26(a)(1)(A)(iv) requires disclosure of "any insurance agreement under which an insurance business may be liable . . . to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(iv). The draft Separation Agreement Plaintiffs seek does not fall within the scope of Rule 26(a)(1)(A)(iv) because it is not an "insurance agreement," and it does not appear that Chemours will be an "insurance business." Furthermore, the Separation Agreement is not even final. In addition, as DuPont points out, Plaintiffs will have access to the finalized Separation Agreement

5

before any transaction is finalized.

In sum, because Plaintiffs have not demonstrated that DuPont's earlier disclosures or written discovery responses are, in some material respect, incomplete or incorrect, the Court declines to compel DuPont to produce working drafts of the non-public, proposed Separation Agreement between DuPont and Chemours and further declines to compel a DuPont corporate representative to testify regarding DuPont's financial condition.

### III.

For the reasons set forth above, Plaintiffs' Second Motion to Compel is **DENIED**. (ECF No. 1903.)

**IT IS SO ORDERED**.

\_\_3-9-2015_____  
**DATE**

_____  
**EDMUND A. SARGUS, JR.**  
**UNITED STATES DISTRICT JUDGE**

_____  
**ELIZABETH A. PRESTON DEAVERS**  
**UNITED STATES MAGISTRATE JUDGE**