UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION,

Civil Action 2:13-md-2433
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

This document relates to: <u>ALL CASES</u>.

### DISPOSITIVE MOTIONS ORDER NO. 2
### DuPont's Prior Admissions

This matter is before the Court on Plaintiffs' Second Motion for Summary Judgment Under Rule 56 or for Determination of Issues Under Rule 16(C). (ECF No. 1205.) For the reasons that follow, the Court **DENIES** Plaintiffs' Motion.

### I.

On September 6, 2013, this Court issued Pretrial Order No. 8 ("PTO 8"), which memorialized the in-person status conference that was held the prior day. The section of PTO 8 that is relevant to Plaintiffs' Second Motion for Summary Judgment is as follows:

> The Court discussed with the parties the anticipated scope of discovery. The parties briefly reviewed with the Court the discovery that has been accomplished in the past litigation between the plaintiffs and Du Pont, including in *Leach v. E. I. du Pont de Nemours & Co.*, No. 01-C-608 (W. Va. Cir. Ct.). A conservative estimate is that this discovery has produced, *inter alia*, well over one million documents, hundreds of answers to interrogatories and admissions, and approximately forty-eight (48) depositions. The Court starts with the premise that all of this discovery is available for use in this MDL, with supplementation to occur as necessary and as described in the Federal Rules of Civil Procedure. Defendant will review all admissions made in the prior litigation, and within three (3) months of the date of this Order, shall serve notice of its intention to supplement, modify, or otherwise change any prior admission. The depositions

> taken in the prior cases may be used in this case to the extent permitted by law. No party may re-depose any such witness, except upon motion and a showing of good cause. Any such motion shall be filed no later than three (3) months from the date of this Order.

(PTO 8 at 1–2, ECF No. 50.) Aside from *Leach*, the prior litigation occurred through federal court proceedings in West Virginia, New Jersey, and Ohio, referred to respectively as the "*Rhodes*," "*Rowe/Scott*," and "*Little Hocking*" actions.

On December 6, 2013, DuPont timely submitted its Notice regarding the nearly 500 prior admissions it made pursuant to Federal Rule of Civil Procedure 36, which in its entirety provides:

> Pursuant to Pretrial Order No. 8, Defendant E. I. du Pont de Nemours and Company ("DuPont"), hereby gives notice that it does not intend to modify any of its final responses to requests for admission made in *Leach v. E.I. du Pont de Nemours and Co.*, Case No. 01-C-608 (Wood County [WV] Cir. Ct.) and/or other, specified prior C-8 litigation against DuPont (the "Prior Actions," as defined in Plaintiffs' discovery requests herein), subject to the following understandings, caveats and conditions:
>
> 1. DuPont expressly reserves, reasserts, and incorporates by reference all objections and limitations it has asserted in responding to discovery requests served in any of the Prior Actions and/or in the referenced "LHWA Case" (as that term is defined in Plaintiffs' requests). This includes the fact that DuPont reasserts any and all objections, qualifications, limitations, and/or clarifying statements that were previously made collectively or individually in response to requests for admissions served upon DuPont in the Prior Actions and/or the LHWA Case.
>
> 2. While DuPont believes that its prior responses were accurate when made, it notes that numerous prior admissions are necessarily and obviously delimited by timeframe and/or context. Many prior responses were chronologically or contextually appropriate when made, but the admissions, if any, are no longer true as a result of the passage of time and changed circumstances or facts. For example, certain responses were made prior to the time that DuPont's Washington Works plant stopped using C-8 in its manufacturing processes.

>Accordingly, DuPont reserves the right to object to any attempt to use or quote a prior admission out of context or without appropriate limitations and/or qualifications regarding temporal scope, timeframe, and/or surrounding factual circumstances.

(DuPont's Notice at 1–2, ECF No. 125.)

Plaintiffs have filed their Second Motion for Summary Judgment, which is directed at the effect of DuPont's Notice. (ECF No. 1205.) That motion is ripe for review. (ECF Nos. 1408, 1521.)

## II.

In Plaintiffs' Second Motion for Summary Judgment, they argue that in PTO 8 the Court was referring not only to the nearly 500 admissions DuPont made pursuant to Rule 36, but also hundreds of other "judicial admissions" they claim DuPont made in the prior actions. Included in the statements that Plaintiffs contend are judicial admissions are those from the prior actions that were made in motions and related court documents, Rule 30(b)(6) depositions, pleadings (*i.e.*, answers), pretrial orders, responses to interrogatories, and Rule 36 admissions. Plaintiffs contend that "[b]y choosing not to supplement, modify, or change any of its prior admissions, DuPont has manifested its intent to be bound by all its prior admissions. These admissions, therefore, are DuPont's unequivocal concession of the truth of these matters, and removes the matters as an issue in this case." (Pls.' Second Mot. for Summ. J. at 4, ECF No. 1205-1.)

Plaintiffs attach to their motion a list of 429 statements that they contend are appropriately categorized as judicial admissions. *Id.* They argue that, "[i]n addition to PTO 8, there is ample authority supporting Plaintiffs' request that the admissions listed in Attachment 1 to [their motion] are binding on DuPont."). Plaintiffs maintain that "PTO 8 arose in the specific context of addressing the 'binding' nature of *all* forms of discovery *and* pleadings (including

3

deposition testimony) from the prior decade of litigation at issue . . . ." (Pls.' Reply at 7, ECF No. 1521.)

DuPont disagrees, asserting that Plaintiffs "overreach," because their motion

(1) relies on a misinterpretation of this Court's direction in Pretrial Order No. 8 ("PTO 8") [ECF No. 50] that DuPont "review all admissions made in the prior litigation," which applied *only* to DuPont's responses to formal *Requests for Admission* in the Prior Cases; (2) ignores the express caveats and conditions in DuPont's responses to Requests for Admission in the Prior Cases and its response to PTO 8 [ECF No. 125]; and (3) ignores evidentiary admissions and misapplies the doctrine of judicial admissions.

(DuPont's Mem. in Opp. at 1–2; ECF No. 1408.) DuPont's arguments are well taken.

## A. PTO 8

DuPont is correct that in PTO 8, the Court referred only to formal admissions made pursuant to Rule 36 of the Federal Rule of Civil Procedure. The Court provided three months for DuPont to review the nearly 500 prior admissions that had been made pursuant to formal requests for admission. The Court did not suggest that DuPont review every motion and related court document, Rule 30(b)(6) deposition, answer, pretrial order, and response to interrogatories from the last decade of litigation between the parties to determine if *any* of the factual statements made are appropriately considered judicial admissions. (PTO 8 Transcript at 20; ECF No. 54) (the Court noting: "You can supplement, certainly, document disclosure. If your interrogatories turn out to be wrong, you can supplement that. But stipulations and admissions probably are going to be in a different category.").

## B. DuPont's Prior Admissions

The Notice filed by DuPont is sufficient to satisfy PTO 8. In that Notice, DuPont indicates that it did not modify any of its prior Rule 36 admissions. No further action from this Court is required for DuPont to be bound by those admissions.

4

As to the caveats referred to in DuPont's Notice, Plaintiffs contend that DuPont has "attempted to reserve some open-ended, blanket right to [change any prior admission] at some later date, well beyond the three-month deadline the Court had set." (Pls.' Reply at 5.) The Court, however, does not interpret the referred-to limitations in that way. With regard to the first caveat, DuPont merely reasserts the objections, qualifications, limitations, and/or clarifying statements *it made in the prior admissions*. Whether DuPont purported to reassert these or did not specifically mention them at all does nothing to change the fact that the prior admissions are certainly still subject to them.

As to DuPont's second caveat in its Notice, the Court accepts it to mean that it modifies the admissions that had "necessarily and obviously" been rendered inaccurate by timeframe and/or context similar to the example given, *i.e.*, that responses made about the use of C-8 in the manufacturing process have necessarily and obviously changed because DuPont's Washington Works plant stopped using C-8 in its manufacturing processes. Therefore, any admission regarding how the Washington Works plant currently utilizes C-8 has necessarily and obviously changed. However, the Court finds that anything more subtle that is not within Plaintiffs' counsels' knowledge would have to have been properly supplemented, modified, or otherwise changed within the three month period provided for in PTO 8.

**C. Judicial Admissions**

As to judicial admissions, the Sixth Circuit explains:

> We review a district court's determination as to whether a particular statement constitutes a judicial admission under the abuse-of-discretion standard. *MacDonald v. GMC,* 110 F.3d 337, 340 (6th Cir. 1997). A judicial admission is generally treated as binding. *New Amsterdam Cas. Co. v. Waller,* 323 F.2d 20, 24 (4th Cir. 1963). Judicial admissions dispense with the need to offer proof on facts "about which there is no real dispute." *Id.* Thus, these admissions "go to matters of fact which, otherwise, would require evidentiary proof." *Id.* In *MacDonald,* we reiterated that we are "reluctant to treat [statements dealing with opinions and

5

legal conclusions] as binding judicial admissions." 110 F.3d at 341. Further, we explained that "[j]udicial admissions . . . typically concern only matters of fact." *Id.*

*Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 394 (6th Cir. 2007)

The Court will address each category of statements Plaintiffs offer as judicial admissions.

### 1. Interrogatories

Without providing supporting legal authority, Plaintiffs submit numerous responses to interrogatories that they claim constitute judicial admissions. DuPont responds that responses to interrogatories may be used only as evidentiary admissions, not judicial admissions. (DuPont's Mem. in Opp. at 12) (citing *United States v. Atlas Lederer Co.*, No. 3:91cv309, 2012 U.S. Dist. LEXIS 3508, at *15 (S.D. Ohio Jan. 11, 2012). DuPont is correct. In *Atlas Lederer Co.*, this Court explained:

> The Sixth Circuit has held that in order for a statement to constitute a judicial admission it must, *inter alia*, constitute a deliberate waiver of the right to present evidence to the contrary. *MacDonald v. General Motors Corp.*, 110 F.3d 337, 340-41 (6th Cir. 1997). This Court cannot find that answering interrogatories and/or submitting an affidavit constitutes a deliberate waiver of the right to present evidence on the point or points covered therein.

*Id.* The *Atlas Lederer* court then explained that whether the interrogatory answers would be permitted to be offered as evidence in trial would be determined in accordance with the Federal Rules of Evidence:

> Accordingly, the Court sustains in part and overrules in part this branch of the Government's Motion *in Limine* (Doc. #841). That motion is sustained to the extent that the Government argues that certain of Senser's Answers to Interrogatories and his Affidavit are admissible in evidence at trial, and overruled to the extent that the Government sought a finding that same constitute irrefutable, judicial admissions. Which answers are admissible will be determined at trial in accordance with Fed. R. Evid. 401–403.

*Id.* at 15–16.

Similarly, in the instant action, DuPont's responses to interrogatories do not constitute judicial admissions, but may be offered as evidence, the admissibility of which will be determined at trial in accordance with the Federal Rules of Evidence.

### 2. Depositions

PTO 8 provides that "[t]he depositions taken in the prior cases may be used in this case to the extent permitted by law." (ECF No. 50 at 2.) Plaintiffs contend that they have identified numerous statements within the depositions that are "so deliberate, detailed, and unequivocal, as to matters with[in] the party's personal knowledge that the statements may be held to be judicial admissions as well." (Pls.' Second Mot. for Summ. J. at 5) (citing *Caponi v. Larry's 66*, 601 N.E.2d 1347 (Ill. 1992)). DuPont disagrees, asserting that Plaintiffs "ignore the well-established rule that corporate designee testimony can only be used as an *evidentiary* admission, not a judicial admission." (DuPont's Mem. in Opp. at 11–12.) DuPont's argument is well taken.

While there is some case law to the contrary, this Court, as well as numerous sister district courts and several circuit courts of appeal have specifically concluded that the testimony of a corporate designee does not constitute a judicial admission. As this Court stated in *Little Hocking Water Ass'n, Inc. v. E.I. Du Pont de Nemours & Co.*:

> Although it is true that a corporation may be bound by the testimony of its Rule 30(b)(6) designee, that testimony is not "tantamount to a judicial admission" and "does not unequivocally bind" the corporation to the exclusion of other evidence that may explain or explore that testimony.

No. 2:09-CV-1081, 2013 WL 1791083, at *11 (S.D. Ohio Apr. 26, 2013). *See also S. Wine & Spirits of Am., Inc. v. Div. of Alcohol & Tobacco Control*, 731 F.3d 799, 811 (8th Cir. 2013) ("A 30(b)(6) witness's legal conclusions are not binding on the party who designated him, *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 229 n. 9 (3d Cir. 2009), and a designee's testimony likely does not bind a State in the sense of a judicial admission."); *A.I.*

7

*Credit Corp. v. Legion Ins. Co.*, 265 F.3d 630, 637 (7th Cir. 2001) (same); *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 393 n. 11 (S.D. Tex. 2011) ("A Rule 30(b)(6) deposition is admissible against the party designating the representative but is not 'binding' on the entity for which the witness testifies in the sense of preclusion or judicial admission."); *Indus. Hard Chrome, Ltd. v. Hetran, Inc.*, 92 F.Supp.2d 786, 791 (N.D. Ill. 2000) (same); *Zino v. Whirlpool Corp.*, No. 5:11CV01676, 2014 WL 4699652, at *1 (N.D. Ohio Sept. 19, 2014) (same); *Ozburn-Hessey Logistics, LLC v. 721 Logistics, LLC*, 2014 U.S. Dist. LEXIS 113405 (E.D. Pa. Aug. 15, 2014) (same); *Green v. Springfield Med. Care Sys.*, 2014 U.S. Dist. LEXIS 87911, 2014-1 Trade Cas. (CCH) P78823 (D. Vt. June 24, 2014) (same); *Coupled Products, LLC v. Component Bar Products, Inc.*, No. CIV.A. 09-12081, 2011 WL 5039792, at *3 (E.D. Mich. Oct. 24, 2011) (same); *Erickson v. Microaire Surgical Instruments LLC*, 2010 U.S. Dist. LEXIS 55855, at *5 (W.D. Wash. May 6, 2010) ("The testimony of a Rule 30(b)(6) representative, although admissible against the party that designates the representative, is not a judicial admission absolutely binding on that party."); *Whitesell Corp. v. Whirlpool Corp.*, 2009 WL 3672751, at *1 (W.D. Mich. Oct.30, 2009) (same); *Imperial Trading Co. v. Travelers Prop. Cas. Co. of Am.*, No. 06-4262 SECTION: R, 2009 U.S. Dist. Lexis 64010, at *30–31 n. 6 (E.D. La. July 24, 2009) ("A number of cases make clear that 30(b)(6) is distinct from a judicial admission that cannot be retraced or contradicted."); *Hewlett-Packard Co. v.Capital City Micro, Inc.*, No. 3-04-0779, 2006 U.S. Dist. LEXIS 3162, at *19, n. 6 (M.D. Tenn. Jan. 18, 2006) ("A Rule 30(b)(6) deposition is admissible against the party designating the representative but is not 'binding' on the entity for which the witness testifies in the sense of preclusion or judicial admission."); *United States v. Taylor*, 166 F.R.D. 356, 362 n. 6 (M.D. N.C. 1996) (same).

Accordingly, the Court finds that "the testimony given in the Rule 30(b)(6) depositions are not judicial admissions and are, instead, evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes." *Indust. Hard Chrome, Ltd.*, 92 F. Supp. 2d at 791.

### 3. Pleadings and Pretrial Orders

Plaintiffs contend that "[f]actual assertions in answers and pretrial orders,[1] unless amended, are considered judicial admissions, as is a failure in an answer to deny an allegation." (Pls.' Second Mot. for Summ. J. at 5) (citing *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S.Ct. 1184, 1197 n. 6 (2013) and *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)). DuPont agrees with Plaintiffs regarding the effect of a pleading within the case in which it was filed. DuPont, however, disagrees that the pleadings upon which Plaintiffs here rely have such an effect because they were not filed in the instant action, but in the prior actions. DuPont contends that in the Sixth Circuit, "the law is clear that a party's pleadings in a prior suit may be offered only as *evidentiary* admissions in a subsequent suit involving that party, and *not as binding judicial admissions*." (DuPont's Mem. in Opp. at 10–11) (quoting *United States v. Lawson*, 2014 U.S. Dist. LEXIS 93515, at *7 (E.D. Mich. July 10, 2014). DuPont's argument is, again, well taken.

The Sixth Circuit recently stated, "precedence in this circuit dictates that if the [trial[2]] court treated the statements as judicial admissions based solely on pleadings from a prior action, this was an error." *Cadle Co. II v. Gasbusters Prod. I Ltd. P'ship*, 441 F. App'x 310, 315 (6th Cir. 2011) (citing *Barnes v. Owens–Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000) ("It is well established in our circuit that '[p]leadings in a prior case may be used as evidentiary

---

[1] Plaintiff groups pleadings and pretrial orders together but neither party addresses pretrial orders. The only reference to them is in this quoted sentence from Plaintiffs' motion.
[2] In this case it was a bankruptcy trial court.

9

admissions.'") (quoting *Williams v. Union Carbide Corp.*, 790 F.2d 552, 556 (6th Cir. 1986)). The cases upon which Plaintiffs rely too are directed at pleadings and pretrial orders in the case in which the pleadings and pretrial orders were issued. And, even though the parties and the Court have agreed to utilize the discovery generated in the prior litigation, the agreement does not go so far as to transform the pleadings from those actions into pleadings in the case *sub judice*. In current context, the pleadings from the *Leach*, "*Rhodes,*" "*Rowe/Scott,*" and "*Little Hocking*" actions are more appropriately considered pleadings from a prior cases to which *Cadle Co. II* refers. Accordingly, any factual allegations made in pleadings from the prior litigation may be utilized as evidentiary admissions but do not constitute judicial admissions.

### 4. Motions and Related Court Documents

Plaintiffs contend that "statements made in legal briefs can also be judicial admissions. " (Pls.' Second Mot. for Summ. J. at 5) (citing as an example *United States v. Burns,* 109 Fed. Appx. 52, 58 (6th Cir. 2004) (courts have the "discretion to consider a statement made in a brief to be a judicial admission, binding on both [the appellate] court and the trial court")). The *Burns* court explained that "[i]n this circuit, '[i]n order to qualify as judicial admissions, an attorney's statements must be deliberate, clear and unambiguous.'" *Id.* (citing *MacDonald v. General Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997).

In response, DuPont agrees that "to qualify as a judicial admission[], an attorney's statements must be deliberate, clear and unambiguous." DuPont continues, maintaining that

> the use of guarded words like "probably" and "suggesting," or statements that deal with opinions will not suffice. *MacDonald v. General Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997). Many of Plaintiffs' proposed "admissions" violate this requirement by ignoring qualifying, limiting, and/or clarifying language in the statement. *See, e.g., id.* at items 47, 49, 51. (citing to alleged "admissions" in DuPont's Counter-Statement to Plaintiffs' Joint Supplemental Statement of Disputed Material Facts in *Rowe/Scott*, but ignoring qualifying language that "*For*

10

> *purposes of resolving its Motions for Summary Judgment, DuPont does not dispute this statement.*").

(DuPont's Mem. in Opp. at 13.) DuPont further argues that these alleged admissions "are objectionable as rewritten by Plaintiffs in that they are taken out of context, are incomplete, mischaracterize the original statement, ignore clarifying facts known to all parties, and/or ignore qualifications and limitations contained in DuPont's original and complete statements." (DuPont's Mem. in Opp. at 5–6.)

While the parties argue about the impact of words like "probably" and "suggesting" on the statement's ability to be deliberate, clear and unambiguous, and also dispute whether Plaintiffs have mischaracterized the statements in some way, they do agree on certain important principals. Foremost, the parties agree that this Court has discretion to consider statements made in legal briefs and related court documents as judicial admissions if those statements are "deliberate, clear and unambiguous" and deal with statements of fact, not legal conclusions or opinions. The law in this circuit supports the parties' positions. *See MacDonald*, 110 F.3d at 340. As to that inquiry however, the Court finds it intimately tied to the context in which the statements were made.

By way of explanation, the Court reviews *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383 (6th Cir. 2007). In that case, Sony/ATV Publishing, LLC ("Sony") filed a motion for judgment on the pleadings in which it conceded that under 17 U.S.C. § 304, it was not the owner of the renewal copyrights in certain 1964 songs written by Roger Miller. While the statements certainly could be considered factual statements as the district court found, the Sixth Circuit reversed the district court's ruling, explaining that "Sony's statements dealt with legal conclusions, and not matters of fact, and therefore the district court erred in concluding that the statements were judicial admissions." *Id.* at 394. The appellate court went on to explain:

11

>Sony conceded that it was not the owner of the renewal copyrights in the 1964 songs based on its interpretation of § 304 and its reading of the Supreme Court's decision in *Miller Music* [*v. Charles N. Daniels, Inc.*, 362 U.S. 373 (1960)]. These statements by Sony are not statements regarding matters of fact; they are statements regarding Sony's interpretation of the law given the facts of the case.

*Id.*

Similarly, in *MacDonald v. General Motors Corp.*, *supra*, General Motors' counsel made statements regarding General Motors' negligence and whether it had caused the car accident that was the subject of the litigation. The district court concluded that the comments by General Motors' counsel were not judicial admissions, and the Sixth Circuit affirmed because it found that the "statements dealt with opinions and legal conclusions." 110 F.3d at 341.

As can be seen by these two examples, whether a statement can be considered a judicial admission is not always readily determined and may be impossible by looking at the statement in isolation, even when the statement appears to be one of fact. In the instant action, Plaintiffs have provided the locations from which the 429 statements were taken; however, that in itself is still insufficient to the task at hand. As can be seen by the case law and the disagreement of the parties in the briefing currently before the Court, even attempting to determine whether the statements made are those of fact, or statements that deal with opinions and/or legal conclusions, requires extensive evaluation of the context in which they were made. Not only is the nature of many of the statements themselves unclear, so too is their relevancy to the upcoming proceedings. Thus, endeavoring to determine whether the statements constitute judicial admissions on the scale suggested by Plaintiffs is simply not a good use of judicial resources. Plaintiffs will have ample opportunity to address any of the statements that they believe are relevant in the normal course of preparing for trial.

## III.

Based on the foregoing, the Court **DENIES** Plaintiffs' Second Motion for Summary Judgment Under Rule 56 or for Determination of Issues Under Rule 16(C), in accordance with this Opinion and Order. (ECF No. 1205.)

**IT IS SO ORDERED.**

\_\_3-10-2015_____
**DATE**                                                       **EDMUND A. SARGUS, JR.**
                                                               **CHIEF UNITED STATES DISTRICT JUDGE**