IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: E. I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION | CASE NO. 2:13-MD-2433 |
| | JUDGE EDMUND A. SARGUS, JR. |
| **This document relates to:** | MAGISTRATE JUDGE ELIZABETH P. DEAVERS |
| *Bartlett v. E. I. du Pont de Nemours and Company, No. 2:13-CV-170* | |

**DUPONT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING THE 2005 DEPARTMENT OF JUSTICE SUBPOENA AND RELATED INVESTIGATION CONCERNING PFOA**
**(Motion *in Limine* No. 3)**

Pursuant to Rules 401, 402, 403, 404 and 609 of the Federal Rules of Evidence, Defendant E. I. du Pont de Nemours and Company ("DuPont") respectfully moves the Court for an Order precluding Trial Plaintiff Carla Bartlett from eliciting testimony, introducing documents, or making comments or arguments regarding the U.S. Department of Justice ("DOJ") investigation concerning DuPont's handling of PFOA at the Washington Works facility. The DOJ investigation is irrelevant to Mrs. Bartlett's claims, and allowing evidence or argument concerning the existence of the investigation would be unfairly prejudicial to DuPont.

## BACKGROUND

On May 17, 2005, DuPont was served with a grand jury subpoena by the Environmental Crimes Section of the Environment and Natural Resources Division of DOJ. Dec. of James P. Denvir III (Ex. 1) ¶ 1. The subpoena broadly sought the production of documents related to perfluorooctanoic acid (referred to as "PFOA" and "C-8"). *See id*. ¶¶ 4-5 & Ex. A thereto. The DOJ conducted its investigation over the course of the following 15 months. *Id*. ¶ 8. During that

time, DuPont produced approximately 800,000 pages of documents from approximately 900 custodians. *Id.* ¶ 6. DuPont also provided several witnesses for testimony before the grand jury. *Id.*

On October 12, 2007, DuPont was informed by the DOJ that it had completed its review of "information made available to us relevant to DuPont's research into and use of perfluorooctanoic acid at its Washington Works facility and **we will not be pursuing criminal charges** at this time." *Id.* ¶ 8 & Ex. B thereto (emphasis supplied). The letter further stated: "I thank you and your client for your cooperation during this investigation – it was very much appreciated." *Id.* At the conclusion of the investigation, the DOJ did not issue a report documenting their findings. There have never been any criminal proceedings initiated against DuPont concerning PFOA, much less any criminal convictions.

Based on Mrs. Bartlett's trial exhibit list and deposition designations, DuPont anticipates that Plaintiff will attempt to introduce evidence and make arguments and comments concerning the DOJ investigation at trial, in an effort to suggest to the jury that DuPont engaged in some type of criminal conduct with respect to its handling of C-8 at Washington Works, or otherwise to support a baseless character attack against DuPont. Indeed, Plaintiff has designated deposition testimony referencing the DOJ investigation. *See* Tr. of Dec. 7, 2007 Depo. of Michael W. McCabe [ECF No. 4034, Ex. H] at 16:24-17:9 (designated by Plaintiff); Tr. of Oct. 3, 2007 Depo. of David Wegman at 130:17-133:22 (designated by Plaintiff). Plaintiff also has included at least six exhibits concerning the DOJ Investigation. *See* Pl.8402 (Email from R. Bilott to L. Stennes re: DOJ Grand Jury Subpoena attached correspondence with US Dept of Justice) (Ex. 2), Pl.8461 (Letter from J. Denvir to K. Dighe re: Grand Jury Subpoena Duces Tecum to DuPont) (Ex. 3), Pl.8462 (Letter from K. Dighe to R. Bilott enclosing grand jury subpoena) (Ex. 4),

Pl.8463 (Letter from K. Dighe to R. Bilott re: confidential records & grand jury subpoena) (Ex. 5), Pl.8464 (Letter from K. Dighe to R. Bilott re: Postponement of document production) (Ex. 6), & Pl.8465 (Letter from K. Gillibrand to R. Bilott re: Document disclosures for subpoena with enclosures) (Ex. 7). As explained below, evidence, argument or commentary concerning the DOJ investigation is irrelevant to Mrs. Bartlett's claims and would be unfairly prejudicial to DuPont. Accordingly, it should be excluded from the trial.

## ARGUMENT

### I. Evidence and Argument Concerning the DOJ Investigation is Irrelevant.

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence…and the fact is of consequence in determining the action." Fed. R. Evid. 401. **The fact that the DOJ undertook an investigation of DuPont's handling of PFOA-related matters at the Washington Works is irrelevant to Mrs. Bartlett's claims**. The DOJ's decision to initiate an investigation into DuPont's handling of PFOA-related information, standing alone, has no tendency to make a fact of consequence in determining Mrs. Bartlett's claims more or less probable. Indeed, the DOJ's motivations for initiating its 2005 investigation into DuPont's conduct are known only to the DOJ. DOJ's decision to not pursue criminal charges against DuPont, however, makes clear that DOJ *did not believe* that probable cause existed to charge DuPont with any crime. Under these circumstances, the bare fact that DOJ initiated an investigation is irrelevant to Mrs. Bartlett's claims, and it should be excluded.[1]

---

[1] Because the DOJ did not bring formal criminal charges against DuPont, evidence concerning the DOJ's investigation here is even less probative than the evidence of a DOJ lawsuit that this Court excluded in *Mathis v. Best*, 2002 U.S. Dist. LEXIS 14277 (S.D. Ohio July 2, 2002) (Sargus, J.). *See id.* at *2-3 ("The Court concludes that any evidence pertaining to the Justice Department lawsuit shall be excluded . . . . Defendant's motion to exclude evidence of the lawsuit during the Plaintiff's case-in-chief is granted."). Similarly, because Evidence Rule 608 excludes criminal convictions that are more than 10

## II.     Evidence of the DOJ Investigation Should Be Excluded Because of the Risk of Unfair Prejudice.

As the Court knows, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Here, even if evidence or argument concerning the DOJ investigation was relevant to Mrs. Bartlett's claims (it is not), any claimed probative value would be substantially outweighed by unfair prejudice, waste of time, confusion of the issues, and would be misleading to the jury. Accordingly, it should be excluded under Fed. R. Evid. 403.

**Evidence is unfairly prejudicial when it suggests to the jury they should make a decision on an improper basis**. *See United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. Ohio 1986). Evidence concerning the DOJ investigation is unfairly prejudicial as it **invites the jury to improperly speculate concerning the reasons for the DOJ's investigation,** and why DOJ concluded there was no probable cause to believe a crime had been committed. Moreover, the fact that DOJ decided to initiate a criminal investigation will likely carry significant (and undeserved) weight and emotional appeal in the mind of jurors, who may simply assume that the DOJ would not have investigated unless it believed DuPont had done something wrong. Only DOJ knows why they initiated their investigation, and those reasons are beyond the powers of the Parties in this case to discover. To permit the jury to speculate on matters which cannot be discovered or effectively rebutted by DuPont, is unfairly prejudicial. Moreover, rebutting evidence of the DOJ investigation (to the extent that is even possible), would introduce

---

years old (subject to exceptions that do no apply here), it is even more compelling that this more than 10 year old investigation (that did not even result in any criminal lawsuit, much less a conviction) should be excluded from the trial.

confusion stemming from collateral matters and waste the time of the Defendant, the Court, and the Jury.

## CONCLUSION

For all these reasons, and in the interests of justice, DuPont respectfully requests that the Court preclude Mrs. Bartlett from introducing at trial any evidence, argument, or commentary regarding the DOJ investigation.

Respectfully submitted:

*s/ Damond R. Mace*
Damond R. Mace (0017102) (Trial Attorney)
Stephen M. Fazio (0076873)
Stephanie E. Niehaus (0075511)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
(216) 479-8500 (Phone)
(216) 479-8780 (Fax)

C. Craig Woods (0010732)
Aaron T. Brogdon (0081858)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700 (Phone)
(614) 365-2499 (Fax)

Attorneys for Defendant E. I. du Pont de Nemours and Company

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was electronically filed with this Court's CM/ECF system on this 20th day of July 2015 and accordingly served automatically upon all counsel of record for this matter.

*s/ Damond R. Mace*
Damond R. Mace (0017102)