IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: E. I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION | CASE NO. 2:13-MD-2433 |
| | JUDGE EDMUND A. SARGUS, JR. |
| **This document relates to:** | MAGISTRATE JUDGE ELIZABETH P. DEAVERS |
| *Freeman v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-1103 | |

**DUPONT'S MOTION *IN LIMINE* TO EXCLUDE
IRRELEVANT OPINIONS OF DAVID L. MACINTOSH
(Motion *in Limine* No. 6)**

Pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, Defendant E. I. du Pont de Nemours and Company ("DuPont") respectfully requests that this Court **exclude the irrelevant opinions of Trial Plaintiff David Freeman's class membership expert**, David L. MacIntosh, ScD.

As his report and deposition testimony make clear, Dr. MacIntosh's role in this case is to opine that Mr. Freeman is a member of the *Leach* class. *See* Dec. 15, 2015 Report of David L. MacIntosh, ScD, CIH ("MacIntosh Report") [ECF No. 4311, Ex. C] at 2 (noting in "Summary of Opinions" that: (1) "Mr. Freeman is a 'Class Member' under the Leach Case settlement"; and that (2) "Based on his [C8] exposure history, Mr. Freeman first met the criteria for Class Member status no later than April 1994"); Tr. of Mar. 17, 2016 Depo. of David L. MacIntosh, ScD [ECF No. 4398, Ex. B] ("MacIntosh Depo.") at 40:13-18.

DuPont does not contest, and hereby stipulates, that Mr. Freeman is a *Leach* class member. Because DuPont will not contest at trial that Mr. Freeman meets the criteria for class membership, Dr. MacIntosh's testimony is not relevant or necessary to the jury's determination

of any issue actually in dispute. The purpose and effect of DuPont's stipulation is to identify an undisputed fact and streamline the issues for trial. Because DuPont stipulates regarding class membership, there is no contested fact and no need for Plaintiff to call Dr. MacIntosh, whose testimony would only serve to waste precious trial time and confuse and distract the jury from the issues in dispute that it will actually be asked to decide. *See* Fed. R. Evid. 402 & 403.

## ARGUMENT

Pursuant to Rule 402 of the Federal Rules of Evidence, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Further, pursuant to Rule 403, even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

It is undisputed—based on DuPont's stipulation here—that Mr. Freeman is a *Leach* class member. Thus, there is no contested issue to be proved on this at trial. As courts have repeatedly recognized in similar situations, **a stipulation renders irrelevant any proposed testimony or background information aimed at proving the stipulated fact(s).** *See Campbell v. Triad Fin. Corp.*, 2008 U.S. Dist. LEXIS 123194, at *9 (N.D. Ohio Jan. 3, 2008) (finding that testimony was "completely irrelevant" where "parties had already stipulated to th[e] fact"); *Faulman v. Sec. Mut. Fin. Life Ins. Co.*, 353 F. App'x 699, 705 (3d Cir. 2009) (affirming refusal to admit documents into evidence containing information that was "irrelevant," especially "in light of the fact that" one side had "already stipulated to the facts" that the other side was attempting to prove using the documents); *Morris v. Wash. Metro. Area Transit Authority*, 702 F.2d 1037, 1043-44 (D.C. Cir. 1983) (affirming exclusion of testimony, finding that a stipulation "rendered irrelevant appellant's proffered evidence"); *Halsey v. State Farm Mut. Auto Ins. Co.*, 2013 U.S. Dist. LEXIS 10164, at *1-2 (M.D. Ala. Jan. 25, 2013) (granting defendant's motion *in*

*limine*, stating that court could "conceive of no circumstance" where evidence related to a fact that parties have already stipulated would "need to be presented at trial"); *Pulvermacher v. United States*, 1998 U.S. Dist. LEXIS 6743, at *3-4 (S.D.N.Y. 1998) (granting motion to preclude testimony of background facts to which the parties have already stipulated because, among other things, such evidence would be "irrelevant"). For this reason alone, any testimony or evidence from Dr. MacIntosh should be excluded. *See* Fed. R. Evid. 402.[1]

Further, such testimony would be a complete "distraction from the issue at hand," particularly where DuPont has already stipulated to class membership. *Corner Pocket, Inc. v. Travelers Indem. Co.*, 2014 U.S. Dist. LEXIS 21327, at *4 (W.D. Pa. Feb. 20, 2014). Dr. MacIntosh should not be allowed to get on the stand and inundate the jury with information to "prove" a fact that the parties do not dispute. This would serve no legitimate purpose, and would accomplish nothing aside from confusing and misleading the jury as to the issues actually in dispute, and unnecessarily prolonging the trial and wasting judicial resources. *See, e.g.*, *Pulvermacher*, 1998 U.S. Dist. LEXIS 6743, at *3-4 (precluding testimony of background facts to which parties stipulated, finding that such evidence would be "duplicative" and a "waste of trial time"); *see also Cole v. Cole*, 2004 Ohio App. LEXIS 6108, at *19-20 (Ohio Ct. App. Dec. 9, 2004) (noting that trial had been "unnecessarily prolonged by inquiry into irrelevant issues and evidence which [party] had already stipulated to"). For this additional reason, Dr. MacIntosh's irrelevant opinions should be excluded. *See* Fed. R. Evid. 403.

---

[1] In addition, various topics about which Plaintiff's class membership expert Dr. MacIntosh intends to testify, such as air emissions of C8, are wholly irrelevant to Mr. Freeman's case. Mr. Freeman is not claiming that he was injured because of exposure to C8 in air. In any event, even if he was, Dr. MacIntosh admits that he has not done anything to quantify the extent to which air emissions contributed to the Mr. Freeman's C8 levels. *See* MacIntosh Depo. at 62:9-25. For these reasons as well, Dr. MacIntosh's opinions should be excluded. *See Campbell*, 2008 U.S. Dist. LEXIS 123194, at *9 (precluding testimony where it was not "relevant to the claims").

## **CONCLUSION**

For all these reasons, in the interests of justice, and in light of DuPont's stipulation on class membership, DuPont respectfully requests that the Court preclude Dr. MacIntosh from offering his irrelevant opinions at the trial of Mr. Freeman's claims.

Respectfully submitted:

*s/ Damond R. Mace*
Damond R. Mace (0017102) (Trial Attorney)
Stephen M. Fazio (0076873)
Stephanie E. Niehaus (0075511)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
(216) 479-8500 (Phone)
(216) 479-8780 (Fax)

C. Craig Woods (0010732)
Aaron T. Brogdon (0081858)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio  43215
(614) 365-2700 (Phone)
(614) 365-2499 (Fax)

Attorneys for Defendant E. I. du Pont de Nemours and Company

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was electronically filed with this Court's CM/ECF system on this 14th day of April 2016 and accordingly served automatically upon all counsel of record for this matter.

                    *s/ Damond R. Mace*
                    Damond R. Mace (0017102)