IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: E. I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION | CASE NO. 2:13-MD-2433 |
| | JUDGE EDMUND A. SARGUS, JR. |
| **This document relates to:** | MAGISTRATE JUDGE ELIZABETH P. DEAVERS |
| *Freeman v. E. I. du Pont de Nemours and Company, No. 2:13-CV-1103* | |

### DUPONT'S BENCH BRIEF REGARDING PLAINTIFF'S OBJECTION TO DUPONT'S OFFERING DEPOSITION TESTIMONY OF UNAVAILABLE EXPERT WITNESSES

Rule 32(a)(4) of the Federal Rules of Civil Procedure states, in relevant part, that "[a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: … (B) that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition …." Fed. R. Civ. P. 32(a)(4)(B) (formerly Fed. R. Civ. P. 32(a)(3)(B)). Because Dr. John Graham,  Dr. Greg Sykes, and Mr. John Flaherty live far more than 100 miles from Columbus, Ohio, Defendant E.I. du Pont de Nemours and Company ("DuPont") has designated brief portions of their video depositions to be played at trial pursuant to Rule 32(a)(4)(B).  Trial Plaintiff David Freeman's objections to these designations—which amount to an unsupported claim that DuPont procured the witnesses' absences—are without merit.  Thus, the Court should permit DuPont to call Drs. Graham and Sykes and Mr. Flaherty via video deposition.

## LEGAL STANDARD

In *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990), the Sixth Circuit established that "[t]he party seeking to admit a deposition at trial must prove that the requirements of Rule 32(a) have been met." To do so, this Court has stated that a party must show that "one of [Rule 32(a)(4)'s] five circumstances" is present. *Smith v. United States*, 2012 U.S. Dist. LEXIS 58623, at *101 (S.D. Ohio Apr. 26, 2012). Where a party makes such a showing, the deposition "may be used at trial by any party for any purpose[.]" *Id.*

## ARGUMENT

DuPont meets one of Rule 32(a)(4)'s five circumstances: Drs. Graham and Sykes and Mr. Flaherty are more than 100 miles from the location of this trial, and DuPont has done nothing to procure their absences. The Court should allow DuPont to call these witnesses via video deposition.

Each of the witnesses lives far more than 100 miles from Columbus. Dr. Graham—whom DuPont identified on February 15, 2016, as a witness it might call via deposition in its Trial Witness List [ECF No. 4305]—lives in Los Angeles, California. Via car, Los Angeles is roughly 2,240 miles from Columbus. Dr. Sykes—whom DuPont also identified on February 15, 2016, as a witness it might call via deposition in its Trial Witness List [ECF No. 4305]—lives in West Grove, Pennsylvania. West Grove is roughly 470 miles from Columbus by car. Finally, Mr. Flaherty—whom DuPont also identified on February 15, 2016, as a witness it might call via deposition in its Trial Witness List [ECF No. 4305]—lives in Austin, Texas. Via car, Austin is roughly 1,235 miles from Columbus.

Where, as here, expert witnesses are more than 100 miles from the location of trial, this Court and others have permitted parties to present the testimony of those witnesses through deposition. *See, e.g.*, *Smith*, 2012 U.S. Dist. LEXIS 58623 at *101-102; *Bickel v. Korean Air*

*Lines Co.*, 96 F.3d 151, 154-155 (6th Cir. 1996) (affirming trial court's finding that expert witnesses were unavailable under 100-mile rule); *Niles v. Owensboro Med. Health Sys.*, 2011 U.S. Dist. LEXIS 86932, at *10-11 (W.D. Ky. Aug. 5, 2011) ("the deposition testimony of Plaintiffs' pediatric experts is admissible pursuant to Fed. R. Civ. P. 32(a)(4)(B) …. Defendants have indicated that Plaintiffs' former designated experts are located more than 100 miles from the courthouse and are therefore unavailable for purposes of the Rules"). As this Court found in *Smith*, "**Rule 32(a)(4) permits any party to use the deposition of a witness if that witness is more than 100 miles from the place of the trial. There is no need to show that the witness is otherwise unavailable**." 2012 U.S. Dist. LEXIS 58623 at *101-102 (emphasis added).

Plaintiff offers the conclusory argument based on a mischaracterization that DuPont has "procured" the witnesses' absence because it has not made arrangements for them to be at trial. Such an argument renders Rule 32(a)(4)(B) meaningless: if a party is required to make plans for its witnesses who live more than 100 miles from the relevant courtroom to come to that courtroom, then their proximity is irrelevant. In line with the Rule 32(a)(4)(B)'s plain language, courts have interpreted the procurement caveat as requiring a showing that the offering party actively took steps to procure a witness's absence. *See, e.g.*, *In re Biron, Inc.*, 28 B.R. 340, 342-343 (Bankr. S.D. Ohio 1983) ("We hold the deposition to be admissible. Normal residence more than one hundred miles from the place of trial … is sufficient to qualify this deposition for admission. … It cannot be said that a party residing at that distance from the place of trial procured his absence.") (citations omitted); *Houser v. Snap-on Tools Corp.*, 202 F. Supp. 181, 189 (D. Md. 1962) ("procuring absence and doing nothing to facilitate presence are quite different things, and here we have no showing or allegation that Snap-On actively took steps to keep the deponents from setting foot in the courtroom"); *Daigle v. Maine Medical Ctr.*, 14 F.3d

684, 691-692 (1st Cir. 1994) ("Next, appellant intimates that a witness, though at the stated distance from the place of trial, is not unavailable if, with reasonable efforts, he might be persuaded to attend. But the language of the rule does not permit a court to read this sort of qualification into it. Distance is the decisive criterion: so long as a witness is shown to be more than one hundred miles from the place of trial, the admissibility of deposition testimony under the aegis of Rule 32(a)(3)(B) is not contingent upon a showing that the witness is otherwise unavailable.") (citation omitted). Similarly here, DuPont has done nothing to procure the witnesses' absence. Rather, **the witnesses simply live far more than 100 miles from the courtroom**.

For support of his argument, Plaintiff cites *Polys v. Trans-Colorado Airlines, Inc.*, 941 F.2d 1404 (10th Cir. Colo. 1991). There, the Tenth Circuit affirmed a trial court's decision to require the attendance of a witness who was more than 100 miles away, reasoning: "the district court was not automatically required to admit the deposition testimonies under Federal Rule of Civil Procedure 32(a)(3)(B) just because the witnesses were more than 100 miles away as plaintiffs appear to argue. The trial judge appropriately considered surprise to opposing counsel." *Id.* at 1410.

*Polys* is inapposite. First, *Polys* says nothing about interpreting whether "the witness's absence was procured by the party offering the deposition" and thus does not stand for the proposition that an offering party is required to make arrangements for its far-away expert witnesses to attend trial. Second, DuPont notified Plaintiff well in advance of trial that Drs. Graham and Sykes and Mr. Flaherty might be called by video deposition as each was identified on DuPont's Trial Witness List [ECF No. 4305] as such. Furthermore, DuPont served Plaintiff with affirmative designations of the witnesses' testimony on February 26, 2016,

pursuant to CMO No. 13.  Third, where, as here, there are thousands of cases, Plaintiff should not be surprised that DuPont seeks to introduce expert witnesses' testimony via video deposition.

Finally, even if surprise did exist here (and it does not), each of DuPont's affirmative designations consists of fewer than 20 minutes of testimony, meaning the Plaintiff asks this Court to force witnesses to travel hundreds and thousands of miles for limited and focused testimony.  Any value that might be added by these witnesses appearing in person at trial pales in comparison to the burden these unavailable witnesses would face in appearing in this matter (and in the many other trials to come in this MDL).

## **CONCLUSION**

For all of the foregoing reasons, the Court should permit DuPont to call Drs. Graham and Sykes and Mr. Freeman via deposition.

Respectfully submitted:

*s/ Damond R. Mace*
Damond R. Mace (0017102) (Trial Attorney)
Stephen M. Fazio (0076873)
Stephanie E. Niehaus (0075511)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
(216) 479-8500 (Phone)
(216) 479-8780 (Fax)

C. Craig Woods (0010732)
Aaron T. Brogdon (0081858)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio  43215
(614) 365-2700 (Phone)
(614) 365-2499 (Fax)

Attorneys for Defendant E. I. du Pont de Nemours and Company

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was electronically filed with this Court's CM/ECF system on this 12th day of May 2016 and accordingly served automatically upon all counsel of record for this matter.

<em>s/ Damond R. Mace</em><br>
Damond R. Mace (0017102)