# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

IN RE: E. I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION

This document relates to: *Kenneth Vigneron, Sr. v. E. I. du Pont de Nemours and Company*, Case No. 2:13-cv-136.

CASE NO. 2-13-MD-2433

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE ELIZABETH P. DEAVERS

---

## PLAINTIFF'S MOTION *IN LIMINE* NO. 5 TO PRECLUDE IRRELEVANT OPINIONS OF DUPONT'S EXPERT, STEPHEN T. WASHBURN

---

## I.     INTRODUCTION

Plaintiff, Kenneth Vigneron, Sr., through Co-Lead Counsel for the Plaintiffs' Steering Committee, pursuant to Rule 104(a) of the Federal Rules of Evidence and Case Management Order No. 18 [ECF No. 4588], moves the Court, *in limine*, for an Order precluding Defendant E. I. du Pont de Nemours and Company ("DuPont") from introducing any evidence, testimony, or argument of counsel relating to the irrelevant opinions of DuPont's expert witness, Stephen T. Washburn, as summarized in numbered paragraphs 2-4 and 6-7 on pages 3-4 (and detailed/supported on pages 14-19, 23-39) of Mr. Washburn's Expert Report for this case. In support of this Preservation Motion,[1] Plaintiff states as follows:

---

[1] A similar motion was filed in the *Bartlett* Case in this MDL, Case No. 2:13-cv-170, [ECF No. 4103], which was ultimately deemed moot after DuPont agreed that it would not use any of Mr. Washburn's opinions or testimony to attack or contest General Causation, (*see* Aug. 24, 2015 *Bartlett* Case Mots. *in Limine* Hr'g. Tr. [ECF No. 4209] at 28:3-8, 29:2-4 (relevant portion attached at Ex. A)). A similar outcome resulted from the filing of a related motion to preclude substantively identical opinions and testimony of Mr. Washburn in the later *Freeman* Case in this MDL, [4423]. (*See* May 6, 2016, *Freeman* Case Final Pretrial Conf. Tr. [ECF No. 4527] at 111:23 – 113:18 (DuPont again confirms the issue should be moot, because "we have no intent to challenge general causation [and] … if Washburn

## II.  FACTUAL BACKGROUND

As already confirmed by the Court in Dispositive Motions Order No. 1 [ECF No. 1679]

("DMO 1") and reaffirmed in Dispositive Motions Order No. 1-A [ECF No. 3972] ("DMO 1-A")

and Dispositive Motions Order No. 12 [ECF No. 4306] ("DMO 12"), Plaintiff and DuPont are

both parties to a Class Action Settlement Agreement dated November 17, 2004 (and judicially

approved in February 2005) in the case styled, *Leach v. E. I. du Pont de Nemours & Co.*, No. 01-

C-698 (Wood County W. Va. Cir. Ct ) (the "Contract"), and both parties are bound by its terms

and conditions.  (*See, e.g.,* DMO 1 at 6.) Under the Contract, and as explained in more detail in

Plaintiff's Motion *in Limine* No.1 to Preclude Irrelevant General Causation Evidence (being filed

contemporaneously herewith and incorporated herein by reference, as if restated in full)

("Causation Motion"), Mr. Vigneron is "not required to come forward with evidence proving

that [his] individual dosage of C8 is sufficient" to cause his testicular cancer, (DMO 1 at 12), nor

is Mr. Vigneron "required to prove that [his] dose of and/or exposure to C-8 is capable of

causing" his testicular cancer, (DMO 1-A at 12), in order to prove any of his personal injury

claims at issue in this case.  Moreover, DuPont is barred from raising any challenge to "General

Causation," as defined in the Contract, and affirmed in this Court's Orders, in defense of any of

Mr. Vigneron's claims in this case.  (DMO 1; DMO 1-A; DMO 12.)

Pursuant to the terms of the Contract between the Parties, and as explained in more detail

in Plaintiff's Causation Motion, DuPont is contractually barred from "challenging the objective

criteria and/or protocols utilized by the Science Panel" jointly selected by the Parties under their

Contract in "analyzing the presence or absence of" the Probable Link between Mr. Vigneron's

C-8 exposure/dose and his testicular cancer, or between the C-8 exposure/dose of any other

---

is called at trial, he won't be asked on direct examination to offer any opinions or testimony that challenges the work
of the Science Panel.") (relevant excerpt attached at Ex. B); Mots. *in Limine* Order No. 7 [ECF No. 4538] (attached
at Ex. C).)

"Class Member" under the *Leach* Contract and any disease for which the Science Panel found a Probable Link within the meaning of the *Leach* Contract. (DMO 1 at 11; DMO 1-A at 10.)

In this case, DuPont has proffered the expert report of Stephen Washburn to provide opinions that are expressly barred by the terms of the parties' Contract, as affirmed by this Court's Orders, and as explained above. (*See* Expert Report of Stephen T. Washburn [ECF No. 4639-9] ("Washburn Report") (relevant portions attached hereto at Ex. D.) More specifically, DuPont is trying to proffer opinions, as summarized in paragraphs 2-4 and 6-7 on pages 3-4 of the Washburn Report (and as detailed/supported on pages 14-19, 23-39 of the Washburn Report) that all relate to the relative dose of C-8 in either Plaintiff's or other *Leach* Class Member's blood or drinking water, the extent to which such C-8 dose levels are either higher or lower than levels found in other persons/groups/exposure media, and the extent to which there are "uncertainties" or other "approximations" in the C-8 dose data generated and/or relied upon by the Science Panel for its Probable Link conclusions under the Contract. (*See* Washburn Report at 3, 14-19, 23-39.)

For example, Mr. Washburn purports to opine that:

2.    Median serum PFOA [C-8] concentrations reported in the water district populations near DuPont Washington Works are substantially lower … than the median serum PFOA concentration in fluorochemical plant workers … .

3.    There is very wide and substantial variability (typically covering several orders of magnitude) in the reported serum PFOA concentrations across individuals in each of the individual water districts … [with] reported serum PFOA concentrations rang[ing] over four orders of magnitude  … .

4.    The serum PFOA concentrations measured for Mr. Vigneron in 2006 is at or below the low end of the range of values reported in occupationally exposed fluorochemical plant workers.  His measured serum PFOA concentration is consistent with values reported for community members in the Little Hocking Water District, … ..

6. There are considerable uncertainties and approximations associated with the exposure model used by the C8 Science Panel … .

7. Uncertainties [in the C8 Science Panel's exposure model] are substantially greater (and cannot be reliably quantified) if the Exposure Model is used to estimate PFOA serum levels over time … .

(*Id.* at 3-4.)

## III.   LEGAL STANDARD

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." FED. R. EVID. 401. Relevant evidence need not be conclusive of an ultimate issue, but it must at least advance the inquiry. *Kalo v. Comm'r*, 1998 U.S. App. LEXIS 12570, *14 (6th Cir. 1998); *Thompson v. City of Chicago*, 472 F.3d 444, 453 (7th Cir. 2006). Evidence Rule 402 provides that "[e]vidence which is not relevant is not admissible." FED. R. EVID. 402.

Even if evidence is relevant under the standards set forth by Evidence Rule 401, the Court may still exclude the evidence. Evidence Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. "Unfairly" prejudicial does not mean the damage to the opponent's case that results from the legitimate probative force of the evidence; rather it refers to the unfair advantage that results from the capacity of the evidence to persuade by illegitimate means. *United States v. Dumas*, 1987 U.S. App. LEXIS 16905, *6 (6th Cir. 1987). In general, "the less probative a piece of evidence is, and thus the less the benefit to the truth-determining function of the jury of

4

admitting it at trial, and the more trial time the presentation of the evidence would consume and the likelier the evidence would be to confuse the jurors by distracting them from more probative evidence, the stronger the argument for exclusion." *United States v. Seals*, 419 F.3d 600, 613 (7th Cir. 2005) (internal citations omitted).

## IV.  LEGAL ARGUMENT

### A.  Any Evidence, Testimony, or Argument Relating to the Opinions of Mr. Washburn at Issue Should Be Precluded as Irrelevant Under Federal Rules of Evidence 401 and 402.

Based on the express terms of the Parties' Contract, as affirmed by this Court's Orders, none of the opinions or related material from the Washburn Report cited herein are relevant to any aspect of either Plaintiff's claims or DuPont's permitted defenses in the current case, and thus have no tendency to make any fact more or less probable than it would be without the evidence.  *See* FED. R. EVID. 401.  Such evidence has no bearing on this case or the claims at issue, and would serve only to support a challenge to General Causation and the work of the Science Panel, all of which is expressly barred by the parties' Contract, as affirmed by this Court through DMO 1, DMO 1-A, and DMO 12 (and as further explained in Plaintiff's Causation Motion).

For these reasons, DuPont should be precluded from introducing any evidence, testimony, or argument of counsel relating to the opinions in Mr. Washburn's report challenged herein.  *See* FED. R. EVID. 401, 402.

5

**B.** **Any Evidence, Testimony, or Argument Relating to the Opinions of Mr. Washburn at Issue Should Be Precluded Under Federal Rule of Evidence 403, as Such Evidence, Testimony, and Argument is Also Prejudicial, Would Waste the Court's Time, Cause Undue Delay, and Confuse the Jury.**

If this Court determines that the opinions of Mr. Washburn at issue here are somehow relevant (which Plaintiff denies), such opinions should nonetheless be excluded under Federal Rule of Evidence 403, because they will do nothing more than prejudice Plaintiff, confuse the jury, waste the Court's time, and result in undue delay.

The admission of relevant, yet potentially-prejudicial evidence is within the sound discretion of this Court and such discretion must be exercised by balancing the probative value of evidence against its prejudicial attributes. *See United States v. Brady*, 595 F.2d 359, 361 (6th Cir. 1979). Under Federal Rule of Evidence 403, a district court is granted "very broad discretion in determining whether the danger of undue prejudice outweighs the probative value of the evidence." *United States v. Vance*, 871 F.2d 572, 576 (6th Cir. 1989) (internal quotations omitted). Yet, a trial court should exclude evidence when convinced that it will create a danger of prejudice outweighing its probative value. *See E. I. du Pont de Nemours & Co. v. Berkley & Co., Inc.,* 620 F.2d 1247, 1272 (8th Cir. 1980).

As noted above, (and as explained more fully in Plaintiffs' Causation Motion and the Court's DMO 1, DMO 1-A, and DMO 12), Mr. Vigneron is "not required to come forward with evidence proving that [his] individual dosage of C8 is sufficient" to cause his testicular cancer, (DMO 1 at 12), nor is Mr. Vigneron "required to prove that [his] dose of and/or exposure to C-8 is capable of causing" his testicular cancer, (DMO 1-A at 12), in order to prove his case. Moreover, DuPont is barred from raising any challenge to "General Causation" as defined in the parties' Contract, and affirmed in this Court's Orders, in defense of any of Mr. Vigneron's claims. (DMO 1; DMO 1-A. DMO 12.) Similarly, and also discussed above, pursuant to the

6

terms of the parties' Contract, DuPont is contractually barred from "challenging the objective criteria and/or protocols utilized by the Science Panel" in "analyzing the presence or absence of" the Probable Link between Mr. Vigneron's C-8 exposure/dose and his testicular cancer, or between any other *Leach* Class Member's C-8 exposure/dose and any disease for which the Science Panel issued a Probable Link Finding. (DMO 1 at 11; DMO 1-A at 10; *see also* DMO 12.)

In light of the foregoing, allowing evidence, testimony, or argument relating to Mr. Washburn's challenged opinions will do nothing more than prejudice Plaintiff, waste the Court's time, result in undue delay, and confuse the jury as to whether these matters remain open issues, which they are not, or whether the Science Panel's protocols and models are faulty, which DuPont is not allowed to challenge. Trial courts are permitted to impose reasonable time limits on the presentation of evidence to prevent undue delay, waste of time, or needless presentation of non-probative evidence. *See Johnson v. Ashby*, 808 F.2d 676, 678 (8th Cir. 1987). Allowing evidence, testimony, or argument relating to the challenged opinions of Mr. Washburn will only serve to delay and confuse the presentation of evidence truly relevant to the case. In addition, such delay will only serve to waste the limited amount of time Plaintiff has in which to adequately present evidence and testimony relevant to the claims at issue. Moreover, such evidence, testimony, and argument will cause confusion to the jury as to whether C-8 dose or the adequacy of the Science Panel's protocols and models are facts of consequence in this case, which they are not.

Given the extreme potential for unfair prejudice, confusing the jury, causing undue delay, and wasting time, as well as the fact that such evidence, testimony, and argument is barred by the parties' Contract (as affirmed in this Court's Orders) and has no bearing on any fact of

7

consequence, the Court should preclude evidence, testimony, or argument relating to the challenged opinions of Mr. Washburn at issue, pursuant to Federal Rules of Evidence 401, 402, and 403.

## V.   CONCLUSION

For the reasons set forth herein and for such other reasons as are apparent to this Court, Plaintiff respectfully moves this Court, *in limine*, to enter an Order precluding DuPont from introducing any evidence, testimony, or argument of counsel relating to the opinions and data in the Washburn Report challenged herein.

Respectfully submitted,

*/s/ Michael A. London*
Michael A. London
Douglas & London, PC
59 Maiden Lane, 6th Floor
New York, NY  10038
Telephone: 212-566-7500
Fax: 212-566-7501
Email: mlondon@douglasandlondon.com

Robert A. Bilott
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio  45202-3957
Telephone: 513-381-2838
Fax: 513-381-0205
Email: Bilott@taftlaw.com

Jon C. Conlin
Cory Watson, PC
2131 Magnolia Ave., Suite 200
Birmingham, AL  35205
Telephone: 205-328-2200
Fax: 205-324-7896
Email: jconlin@corywatson.com

*Plaintiffs' Steering Committee Co-Lead Counsel*

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 10th day of October, 2016 and was thus served electronically upon all counsel of record.

*/s/ Michael A. London*

17345183.1