**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: E. I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION** | **CASE NO. 2-13-MD-2433** |
| | **JUDGE EDMUND A. SARGUS, JR.** |
| | **MAGISTRATE JUDGE ELIZABETH P. DEAVERS** |
| **This document relates to:  ALL ACTIONS** | |

**PLAINTIFFS' UNOPPOSED MOTION REGARDING INTERIM REIMBURSEMENT OF LIEN RESOLUTION COSTS**

### I.  INTRODUCTION

Plaintiffs, through Co-Lead Counsel, with consent of the Plaintiff Steering Committee ("PSC"), and in accordance with the Master Settlement Agreement ("MSA"), Defendant does not take a position, submit invoices from Providio, LLC ("Providio") in the amount of $945,000.00 for reimbursement from the common benefit Expense Fund account, established pursuant to Pretrial Order No. ("PTO") 6, dated August 5, 2013, [ECF No. 32] (the "Expense Fund"). Copies of the invoices are attached as Exhibit A. Co-Lead Counsel have reviewed these invoices and agree that they are for work which has benefited the entire litigation, are for services rendered as contracted, and should be paid from the Expense Fund, pending approval of Court.

Consequently, permission is requested of the Court to allow payment of these expenses from the Expense Fund. In support of this request, Co-Lead Counsel state as follows:

1

## II.     ARGUMENT

The Court's authority over common benefit matters is derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric AutoLite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia*, *In re MGM Grand Hotel Fire Litigation*, 660 F. Supp. 522, 525-29 (D. Nev. 1987); and *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 (5th Cir. 1977). *See also* Manual for Complex Litigation, Fourth §§ 14.211, 20.312, 22.927 (2008).

PTO No. 6, which was entered on August 5, 2013, was "entered to provide for the fair and equitable sharing among plaintiffs of the costs of services performed and expenses incurred by attorneys acting for MDL administration and common benefit of all plaintiffs in this complex litigation." (PTO 6 at 1.) As part of PTO No. 6, the Court, by a subsequent Order, was to "appoint a qualified certified public accountant (the "CPA")...directed to establish two interest-bearing accounts to receive and disburse funds as provided..." in the subject PTO (the "Funds"). (*Id*. at 5.)  Additionally, the order expressly stated that, "[n]o amounts will be disbursed without review and approval by the Court or such other mechanism as the Court may order. Specifically, such sums shall be distributed only upon Order of the Court in MDL 2433." (*Id.* at 12.)

Upon motion of Plaintiffs [ECF No. 4348], PTO 6 was then modified on March 17, 2016, through PTO 6-B to "remove the requirement that the Court appoint a CPA to establish two interest bearing accounts and act as the Escrow Agent…" and to instead allow the two-

interesting bearing accounts, named the "MDL No. 2433 Fee Fund" and the "MDL No. 2433 Expense Fund," to be administered by Providio, as the Escrow Agent. (*See* ECF No. 4349.)

On March 31, 2017, after the parties had announced that they had reached a global settlement in principle, and following extensive negotiations and review of multiple competing bids, Plaintiffs engaged the services of Providio for handling all lien resolution, Qualified Settlement Fund ("QSF") administration and Medicare Secondary Payer Act ("MSP") compliance. (*See* Ex. B.) This engagement was contingent on Court approval and was negotiated to be performed at a flat rate of $2,700,000.00 for the entire project (lien resolution, QSF administration and MSP compliance for future medicals), and to be paid through the common benefit Expense Fund.  Pursuant to the agreement with Providio, it was agreed that payment for these services would be invoiced on the following schedule:

1) 10% upon first funding of the QSF;
2) 25% upon receipt of VOE ("Verification of Entitlement") results from Medicare;
3) 50% upon the conclusion of the third distribution cycle;
4) 10% upon the conclusion of the fifth distribution cycle;
5) 5% upon final clearance of all liens.

On May 25, 2017, upon Plaintiffs' motion [ECF No. 5099], this Court entered the order appointing Providio as the Lien Resolution Administrator for the global settlement program and as QSF Administrator. (*See* ECF No. 5100.)

On July 6, 2017, the global settlement's confidential threshold participation percentage requirements were met and the Court was informed of this through the Parties' Joint Status Report on August 7, 2017.  (*See* ECF No. 5109.)  As part of their role as the global settlement's QSF Administrator and as the Lien Resolution Administrator, Providio has been performing the

services contracted for under its agreement with Plaintiffs as set forth in Exhibit B and, as indicated in the attached invoice, (Ex. A), the first two thresholds for payment have been met: 1) 10% upon first funding of the QSF; and 2) 25% upon receipt of VOE results from Medicare. First funding of the QSF occurred on or about September 1, 2017. Providio received VOE results from Medicare on or about October 1, 2017. Thus, because these contractual thresholds have now been met, Providio is currently seeking payment, pursuant to this agreement, of 35% of its total fee at this time, which equals $945,000.00 (35% of a total fee of $2,700,000.00).

At present, there are sufficient funds in the MDL No. 2433 Expense Fund account to make this distribution and still cover all other known potentially reimbursable common benefit expenses that might be paid from the Expense Fund, for which an identification, collection, evaluation, and audit process has currently begun. Finally, this motion is subject to and does not modify or amend the terms of the MSA and the PSC affirms that the events stated herein have proceeded in accordance with, and are subject to, the terms of MSA. Accordingly, and also pursuant to the terms of the MSA, Defendant does not take a position with respect to this motion.

### III.   CONCLUSION

For the reasons set forth above, Plaintiffs, with consent of the Plaintiff Steering Committee ("PSC"), and in accordance with the MSA, Defendant does not take a position, respectfully request this Court grant the pending motion and approve the payment of $945,000.00 from the MDL No. 2433 Expense Fund account to Providio for the services identified in Exhibit A and described herein.

Respectfully submitted,

*s/Jon C. Conlin*
Jon C. Conlin

Cory Watson, P.C.
2131 Magnolia Ave., Suite 200
Birmingham, AL  35205
Telephone: 205-328-2200
Fax: 205-324-7896
Email: jconlin@cwcd.com

Michael London
Douglas & London, PC
59 Maiden Lane, 6th Floor
New York, NY  10038
Telephone: 212-566-7500
Fax: 212-566-7501

Robert A. Bilott
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH  45202-3957
Telephone:  513-381-2838
Fax:  513-381-0205
Email:  bilott@taftlaw.com

*Plaintiffs' Steering Committee Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 14 day of November, 2017 and was thus served electronically upon all counsel of record.

*/s/ Jon C. Conlin*