UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: E. I. DU PONT DE NEMOURS AND
COMPANY C-8 PERSONAL INJURY
LITIGATION                                                                                                    MDL No. 2433


TRANSFER ORDER


**Before the Panel:**[*]  Defendants E. I. du Pont de Nemours and Company and The Chemours Company move under Panel Rule 7.1 to vacate our orders that conditionally transferred the five actions listed on Schedule A to the Southern District of Ohio for inclusion in MDL No. 2433. Plaintiffs in all five actions oppose the motions.

Movants' primary argument against transfer is that pretrial proceedings in MDL No. 2433 are complete.  This litigation at its height encompassed approximately 3,500 actions and involved two bellwether trials, two individual case trials, and innumerable pretrial rulings by the transferee court.  In early 2017, the parties reached a global settlement.  Movants contend that, as a result, all of the actions in this MDL are resolved, obviating any benefit from further transfer of tag-along actions.

We are not persuaded by this argument.  Following the settlement, at least seventeen related actions have been filed in the transferee court.  These actions, like the five actions at issue here, are personal injury or wrongful death actions arising out of plaintiffs' alleged ingestion of drinking water contaminated with a chemical, C-8 (also known as perfluorooctanoic acid (PFOA) or ammonium perfluorooctanoate (APFO)), discharged from DuPont's Washington Works Plant near Parkersburg, West Virginia.  These actions are in their infancy and will benefit from centralized management with the actions listed on Schedule A.  To the extent common discovery remains, such discovery is best coordinated by the Honorable Edmund A. Sargus, Jr., who is intimately familiar with the factual and legal issues in this litigation.  Similarly, these actions will involve similar, if not identical, pretrial motion practice.  Coordination within the MDL will ensure consistent pretrial rulings and minimize any potential for duplicative efforts.  Should the litigation progress to the point where the transferee judge determines that further adjudication of these actions should occur in the transferor district, he is free to suggest remand under Section 1407.  *See* Panel Rule 10.2(a).

Movants' other arguments against transfer are no more convincing.  Movants insist they do not intend to waive their right to trial in the Southern District of West Virginia, *see Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), and therefore transfer will not serve judicial economy.  Whether defendants waive their *Lexecon* rights, though, is irrelevant to the

---

[*]  Judge Lewis A. Kaplan took no part in the decision of this matter.

question of whether centralization will result in efficiency benefits and enhance the convenience of the parties. Moreover, movants do not dispute that the transferee judge has indicated his willingness to seek an inter-circuit assignment to conduct trials in West Virginia should the need arise. Accordingly, we decline to base our decision on transfer on speculation as to whether these actions will reach trial, particularly when they have been filed only recently.

Movants also contend that transfer will cause inconvenience and delay. But, they do not identify any particular inconvenience that they or any other party will suffer. As movants point out, all the plaintiffs in these actions reside no more than 125 miles from the transferee court, and DuPont has been litigating in the transferee court since 2013. Chemours argues that it was never a named defendant in MDL No. 2433, but does not dispute plaintiffs' contention that Chemours—which was spun off from DuPont in 2015—is responsible for a significant portion of future C-8 liabilities following the global settlement. More significantly, Chemours has been named as a defendant in at least six of the newly-filed actions pending in the transferee court. Thus, overall convenience and efficiency will be served by transfer of these actions. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

Therefore, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2433, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2433 share factual questions arising from allegations that plaintiffs were injured by ingesting drinking water contaminated with C-8 that was discharged from DuPont's Washington Works Plant. *See In re E. I. du Pont de Nemours & Co. C-8 Personal Injury Litig.*, 939 F. Supp. 2d 1374, 1374 (J.P.M.L. 2013). The actions listed on Schedule A involve substantially similar allegations.[1] Transfer of these actions to the MDL thus will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

---

[1] DuPont suggests that the *Anderson* action listed on Schedule A is factually distinguishable from the other actions in MDL No. 2433 because plaintiffs failed to specify in their initial complaint that they suffer or suffered from one of the six diseases identified as potentially linked to C–8 exposure by a study conducted as part of a 2005 settlement between DuPont and a class of approximately 80,000 persons residing in six water districts allegedly contaminated by C–8 from the Washington Works Plant. *See Leach v. E. I. Du Pont de Nemours & Co.*, No. 01–C–608 (W. Va. Cir. Ct.). DuPont has moved for judgment on the pleadings in *Anderson*, while plaintiffs have moved to amend their complaint to clarify their status as *Leach* class members. The transferee court is well-suited to resolve these motions. If it determines that *Anderson* does not share common factual questions with the other actions in the MDL, the transferee court may suggest remand under Section 1407. *See* Panel Rule 10.2(a).

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable Edmund A. Sargus, Jr., for inclusion in the coordinated or consolidated pretrial proceedings in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell    Charles R. Breyer
Ellen Segal Huvelle    R. David Proctor
Catherine D. Perry

**IN RE: E. I. DU PONT DE NEMOURS AND
COMPANY C-8 PERSONAL INJURY
LITIGATION**  MDL No. 2433

## SCHEDULE A

<u>Southern District of West Virginia</u>

RISER v. E. I. DU PONT DE NEMOURS AND COMPANY, C.A. No. 2:17−03795
GREGG v. E. I. DU PONT DE NEMOURS AND COMPANY, C.A. No. 2:17−03926
BRAGG v. E. I. DU PONT DE NEMOURS AND COMPANY, C.A. No. 2:17−04228
STOVER v. E. I. DU PONT DE NEMOURS AND COMPANY, ET AL.,
    C.A. No. 2:17−04375
ANDERSON, ET AL. v. E. I. DU PONT DE NEMOURS AND COMPANY,
    C.A. No. 2:17−04400