UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
OHIO EASTERN DIVISION

IN RE: E. I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY
LITIGATION

Case No. 2:13-md-2433

JUDGE EDMUND A. SARGUS, JR.

Magistrate Judge Elizabeth A. Preston
Deavers

This document relates to: **ALL ACTIONS**

## CASE MANAGEMENT ORDER NO. 3-A

Amended Case Management Order No. 3

Service of Plaintiffs' Complaints, Defendant's Abbreviated Answer
and Affirmative Defenses, Initial Disclosures

1. The Court hereby issues the following Case Management Order relating to Plaintiffs' service of process of their Complaints, Defendant E. I. du Pont de Nemours and Company ("Defendant")'s responsive pleading obligations in MDL 2433, and the Civil Rule 26(a)(1) initial disclosure obligations of all parties.

I. **Scope of Order**

2. This Order applies to all actions transferred to *In Re: E. I. du Pont de Nemours and Company C-8 Personal Injury Litigation* ("MDL 2433") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of April 8, 2013; all related actions originally filed in or removed to this Court; and any "tag-along" actions transferred to this Court by the JPML pursuant to Rules 6.2 and 7.1 of the Rules of Procedure of the Panel, subsequent to the filing of the final transfer order by the Clerk of this Court (collectively "Member Actions").

## II. Service of Plaintiffs' Complaints

3. Following the entry of this Order, Plaintiffs' counsel with cases pending in this MDL based on complaints filed after entry of this Order ("New Complaints") shall serve their New Complaints by email on the following attorneys/law firms/persons, with return receipt, at the following email address: (a) Squire Patton Boggs: MDL2433@squirepb.com; (b) Clifford Kinney, Jr.: ckinney@spilmanlaw.com;

(c) Niall Paul: npaul@spilmanlaw.com; and (d) Christopher Snyder: Christopher.d.snyder@chemours.com. This will constitute effective service on Defendant(s). Should Defendant(s) fail to serve an Answer or other response to the Complaint within the 90 days allowed, before filing for default, plaintiff shall meet-and- confer with defense counsel and allow 10 business days to cure or resolve any claimed default before filing any default motion.

## III. Abbreviated Answer and Affirmative Defenses

4. Defendant may move, plead or otherwise respond to any New Complaint. Following the entry of this Order, if Defendant desires to submit an Answer as its responsive pleading in any member action in MDL 2433, Defendant may file and serve an Abbreviated Answer in the general form attached hereto as Exhibit A. This Abbreviated Answer shall operate as a general denial by Defendant of all allegations in the Complaint, with the exception of admission of any allegations that Defendant's principal place of business and state of incorporation is Delaware.

5. Defendant's Abbreviated Answer shall also contain the affirmative defenses which Defendant desires to assert and allege in any particular individual case. Notwithstanding this provision, the affirmative defense of subject matter jurisdiction is

never waived.

6. Defendant's Abbreviated Answer, motion or other response to a Complaint must be filed and served no more than 90 days from service of Plaintiff's New Complaints. The 90 days will run from the date that the emails referred in paragraph 3 above were sent to the attorneys named in paragraph 3. Defendant shall serve an Abbreviated Answer to any outstanding complaints that were served at the time of the July 1, 2013 status conference on or before August 16, 2013, but Defendant shall file at least one non-Abbreviated, full length Answer for every Plaintiffs' lawyer's firm with an existing Complaint on file as of July 1, 2013 on or before August 16, 2013.

7. Plaintiffs shall be permitted to move to strike any Affirmative Defenses asserted in the Abbreviated Answer or full-length Answer as they may deem appropriate, subject to any pre-motion requirements that the Court may mandate.

8. Plaintiffs' agreement to allow Defendant to file an Abbreviated Answer in any case shall not be deemed to waive or impair any argument or position of any Plaintiff that any fact, issue, or other matter, including matters falling within the scope of Civil Rule 36, has been otherwise admitted, undisputed, or uncontroverted or should otherwise be deemed admitted, undisputed, or uncontroverted for any purpose.

9. As will be covered in a subsequent Order, at the time any case is designated as a representative or bellwether case, designated as a trial case, or remanded back to its home jurisdiction for final pre-trial and trial work, it is currently anticipated that Defendant will file a non-Abbreviated, full length, Amended Answer. However, Defendant shall not be permitted to assert additional Affirmative Defenses, unless application to the Court is made and any requisite legal requirements are fully

established and permitted by the Court. The timing of service of such Amended Answer(s) will be governed by a subsequent CMO and/or agreement of the parties.

## IV. Federal Civil Rule 26(a)(1) Initial Disclosures:

10. Plaintiffs' Initial Disclosure requirements are hereby suspended, in light of PSC's agreement that Plaintiffs will provide Fact Sheets, documents and applicable records authorization forms, which will be governed by a subsequent CMO.

11. Defendant shall serve a master set of Initial Disclosures on or before July 29, 2013, and otherwise Defendant's Initial Disclosure obligations are hereby suspended.

**IT IS SO ORDERED.**

Date: 10-31-2018

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Date: 10/31/2018

ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE