IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION

CASE NO. 2:13-md-2433

JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE ELIZABETH
P. DEAVERS

This document relates to: **ALL ACTIONS**.

## CASE MANAGEMENT ORDER NO. 4-A

### Amended Case Management Order No. 4
### Plaintiff Fact Sheets and Records Authorizations

1. The Court hereby issues the following Case Management Order to govern the form, procedure, and schedule for the completion and service of Plaintiff Fact Sheets ("PFS") and the execution of authorizations for the release of certain records.

**I. Scope of Order**

2. This Order applies to all Plaintiffs and their counsel in: (a) all actions transferred to *In Re: E. I. du Pont de Nemours and Company C-8 Personal Injury Litigation* ("MDL 2433") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order of April 8, 2013; (b) all related actions originally filed in or removed to this Court; and (c) any "tag-along" actions transferred to this Court by the JPML pursuant to

Rules 6.2 and 7.1 of the Rules of Procedure of the Panel, subsequent to the filing of the final transfer order by the Clerk of this Court (collectively "Member Actions").

3. This Order shall not limit or otherwise affect the procedures or timing of any additional MDL discovery (including depositions) beyond that which is described herein. Such additional discovery shall be carried out in accordance with the applicable Rules of Civil Procedure and will be the subject of a subsequent CMO.

## II. Plaintiff Fact Sheets

4. The form PFS that shall be used in MDL 2433 and all Member Actions is attached as Exhibit 1. In accordance with the schedule set forth below, every Plaintiff in each Member Action shall:

   a. complete and sign a PFS;

   b. serve the completed PFS upon counsel for Defendant E. I. du Pont de Nemours and Company ("Defendant") in the manner described in Section IV below;

   c. produce to Defendant all responsive, non-privileged documents in his or her possession, custody, or control that are requested in the PFS;

   d. provide the records authorizations referenced below; and

   e. serve courtesy copies upon the members of the Plaintiffs Steering Committee ("PSC") in the manner described in Section IV below.

5. In completing the PFS, every Plaintiff is required to provide Defendant with a PFS that is substantially complete in all respects. For a PFS to be "substantially complete in all respects," the responding Plaintiff must answer every question contained in the PFS to the best of his or her ability and leave no blanks, even if he or she can

only answer the question in good faith by indicating "not applicable," "N/A," or "I don't know."

6. Verification: Each Plaintiff's completed PFS shall be signed by the Plaintiff and treated as answers to interrogatories and responses to requests for production of documents under Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34, respectively. The interrogatories and requests for production in the PFS shall be answered without objection as to relevance or the form of the question, though Plaintiffs' counsel reserve the right to raise any valid objections, including as to verification of document productions, prior to trial as provided in future orders. This section does not prohibit a Plaintiff from withholding or redacting information from medical or other records provided with the PFS based upon a recognized privilege.

7. Fact Sheet Deficiency Dispute Resolution: If Defendant disputes the sufficiency of any response(s) in a PFS, Defendant's Counsel shall notify the PSC, in writing, of the purported deficiencies via email to (a) C8@cwcd.com on behalf of the PSC and (b) such Plaintiff's individual representative counsel, allowing such Plaintiff an additional fourteen (14) days to correct the alleged deficiency. Defendant's email shall identify the case name, docket number, purported due date(s), and include sufficient detail regarding the alleged deficiency for the parties to meet and confer, if necessary. Should the subject Plaintiff fail to cure the stated deficiencies or assert objections to the same, or otherwise fail to provide responses that are substantially complete in all respects (including the requested documents and signatures on all applicable authorizations) within fourteen (14) days of such notice, Defendant may request a meet and confer on any outstanding issues within seven (7) days and may then file a Motion

to Compel and seek an Order to Show Cause why the case should not be dismissed if no resolution is reached. Any such filing shall be served on the contact for the PSC and the subject Plaintiff's individual representative counsel, with any response to such filing to be submitted within fourteen (14) days following the date of service. Any such motion shall describe the parties' efforts to meet and confer regarding the alleged deficiencies in the PFS.

8. Notice of Delinquent Fact Sheets: If Defendant believes that a particular PFS is past due under this Order, Defendant shall send written notice via email to (a) C8@cwcd.com on behalf of the PSC and (b) such Plaintiff's individual representative counsel, allowing such Plaintiff an additional fourteen (14) days to serve a PFS that is complete in all respects. Upon receipt of such notice, the PSC and/or counsel for the subject Plaintiff shall promptly confer with Defendant's counsel, and state the reason for the failure to provide the PFS. To the extent a dispute remains after the counsel confer, it may be raised with the Court for resolution.

9. Each Plaintiff shall remain under a continuing duty to supplement the information provided in his or her PFS, if needed, throughout the litigation, in a manner consistent with the provisions of Civil Rule 26(e).

### III. Records Authorizations

10. (Non-Mental Health) Medical Authorizations: Each Plaintiff who completes a PFS in accordance with the preceding paragraphs of this Order shall also produce an Authorization to Release Health Information for each (non-mental health) medical provider (including insurers and pharmacies) listed in the PFS. The Health Information

4

Authorization that shall be used is attached hereto as Exhibit 2 and shall be served on Defendant's Counsel in accordance with the provisions of this Order.

11. **Mental Health Medical Authorizations:** Each Plaintiff who completes a PFS in accordance with the preceding paragraphs of this Order and who also (a) asserts or alleges a psychiatric injury, condition or other type of mental health damage, including emotional distress, induced by a PFOA probable-link disease, and (b) has undergone specific medical treatment related to such injury, condition or damage, shall, in addition to the above-referenced (non-mental health) medical provider releases, serve an original signed authorization for the release of medical records from each mental health care provider identified in the PFS related to such claimed condition, treatment, and/or damage. The Mental Health Records Authorizations that Plaintiffs shall complete in such cases is attached as Exhibit 3 and shall be served on Defendant's Counsel in accordance with the provisions of this Order.

12. **Employment Authorizations:** Each Plaintiff who completes a PFS in accordance with this Order and who alleges past or future lost earnings as a component of damages must also serve upon Defendant a completed Employment Records Authorization for each employer identified in the PFS with whom such Plaintiff was employed during the year(s) in question. The form Employment Records Authorization is attached hereto as Exhibit 4 and shall be served on Defendant's Counsel in accordance the provisions of this Order. By providing such Employment Records Authorizations, such Plaintiffs who provide those forms are expressly consenting to the release of their relevant earnings information through the production of W2's, 1099's, or other compensation information for the specific years in question. Additionally,

regardless of whether past or future lost wages earnings have been alleged, where work environment factors, health conditions, or injuries may reasonably relate to a Plaintiff's claim(s), Defendant may request an Employment Records Authorization from such Plaintiff for the particular place(s) of employment at issue by notifying that individual Plaintiff's counsel of record and the PSC. In the event of an objection, all reasons and bases must be expressly stated in writing, after which the Parties shall meet and confer in a good faith effort to resolve such objection(s). Following such efforts, any remaining disputed issues may be brought before the Court for resolution.

13. Water Company/Utility Records Authorizations: Each Plaintiff who completes a PFS in accordance with the preceding paragraphs of this Order shall also produce an Authorization for Release of Customer Records for each residential water provider listed in the PFS. The Water Company/Utility Records Authorization to be used is attached hereto as Exhibit 5 and shall be served on Defendant's Counsel in accordance with the provisions of this Order.

14. "Special" Authorizations: If any health care provider, employer, or other custodian of health records: (a) requires a specific form of authorization that is different than the authorizations referenced in and attached to this Order; (b) requires an updated or more recently-executed authorization than those already provided by a Plaintiff; (c) requires a notarized authorization; or (d) requires an original signature, Defendant shall notify Plaintiff's representative counsel and the PSC of such requirement(s) by electronic means, and the referenced Plaintiff shall, within twenty one (21) days of such notice having been given, either produce an executed authorization or object in writing. In the event of an objection, all reasons and bases must be expressly

6

stated in writing, and the parties shall meet and confer in a good faith effort to resolve such objection(s). Following such efforts, any remaining disputed issues may be brought before the Court for resolution.

15. Requests for Additional Authorizations: In the event that Defendant seeks any additional authorization(s) from a Plaintiff, either (a) as a result of Defendant having discovered specific medical providers, mental health providers, water providers, or employers that were not previously identified by such Plaintiff; or (b) in order to obtain documents in addition to those for which production is expressly provided in the above- referenced authorizations, Defendant shall submit such additional authorization request(s) to Plaintiff's representative counsel and the PSC, after which the referenced Plaintiff shall, within twenty one (21) days, either produce an executed authorization or object to the same. In the event of an objection, all reasons and bases must be expressly stated in writing, and the parties shall meet and confer in a good faith effort to resolve such objection(s). Following such efforts, any remaining disputed issues may be brought before the Court for resolution.

16. *Ex Parte* Physician Communications: Defendant and its counsel/authorized agents shall not conduct, engage in, nor authorize any *ex parte* communications, beyond what is reasonably necessary to facilitate the ordering and/or obtaining of medical records for any particular Plaintiff with any Plaintiff's treating physicians without advance notice to and pre-approval of the PSC and/or a subject Plaintiff's representative counsel. Should the parties be unable to reach agreement about those communications, Defendant and its counsel shall refrain from any such contact until such time as the Court has entered an appropriate order.

## IV. Service and Confidentiality

17. Each Plaintiff in a Member Action that is pending as of the entry of this Order shall have until December 1, 2013, to serve and produce to Defendant a completed PFS, signed and dated authorizations, and all responsive, non-privileged documents requested in the PFS that are in his or her possession, custody, or control. For any Plaintiff in a Member Action that is not pending in this Court as of the entry of this Order, the completed PFS, signed and dated authorizations, and all other responsive, non-privileged documents requested in the PFS that are in the Plaintiff's possession, custody, or control shall be produced no later than 60 days after service of the Answer.

18. Plaintiffs shall serve the completed PFS and authorizations upon Defendant(s) by emailing them to the following lawyers/law firms, with return receipt, at the following email addresses: (a) Squire Patton Boggs: MDL2433@squirepb.com; (b) Clifford Kinney, Jr.: ckinney@spilmanlaw.com; and (c) Niall Paul: npaul@spilmanlaw.com. This shall constitute effective service of the PFS upon Defendant(s).

19. Concurrent with service to Defendant, Plaintiffs shall serve the completed PFS and authorizations upon the PSC by emailing them to the following: C8@cwcd.com.

20. Confidentiality: All information disclosed on a PFS, the PFS itself, and all related documents (including health care records and information) produced therewith or pursuant to an executed authorization shall be deemed confidential and treated as

"Confidential Information" pursuant to the terms of the Agreed Protective Order (Pretrial Order No. 4).

21. The PSC and Defendant's counsel shall meet and confer in a good faith effort to resolve any other disputes not specifically addressed above regarding the production of documents and/or the completion or service of a PFS and/or authorization(s). After such meet-and-confer efforts have been attempted in good faith, counsel for a party may bring any remaining dispute(s) before the Court.

**IT IS SO ORDERED:**

Date: 10-31-2018

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Date: 10/31/2018

ELIZABETH A. PRESTON DEAVERS
CHIEF UNITED STATES MAGISTRATE JUDGE