UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


IN RE: E. I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION,

                Civil Action 2:13-md-2433
                CHIEF JUDGE EDMUND A. SARGUS, JR.

This document relates to:

*Angela and Teddy Swartz v. E. I. du Pont de Nemours and Company, et al.*, Case No. 2:18-cv-136

## DISPOSITIVE MOTIONS ORDER NO. 31
## Application of Tort Reform Act to Swartz Case

This matter is before the Court on *Defendant's Motion to Apply the Ohio Tort Reform Act or, in the Alternative, for Certification to the Ohio Supreme Court* (ECF No. 24), *Plaintiffs' Memorandum in Opposition* (ECF No. 30), and *Defendant's Reply* (ECF No. 31). For the reasons that follow, the Court **DENIES** Defendant's motion.

I.

Defendant E. I. du Pont de Nemours and Company's release of C-8 into the environment, the resulting *Leach* class action, and *Leach* Settlement Agreement are well-documented on this Court's docket. DuPont began releasing C-8 into the environment around the Washington Works plant in the 1950s and contaminated the water supply in several water districts in Ohio and West Virginia.

Mrs. Swartz and her husband filed the first Post-Settlement Case scheduled for trial in this multidistrict litigation ("MDL"). Mrs. Swartz alleges that she is a member of the *Leach* class (*i.e.*, for at least one year prior to December 4, 2004, she consumed drinking water

containing .05 ppb or greater of C-8 attributable to releases from Washington Works), and that

she suffered from kidney cancer, which is a Probable Link Disease, (*i.e.*, for Mrs. Swartz it is

more likely than not that there is a link between her exposure to C-8 and her kidney cancer).

DuPont moves for this Court to apply the Ohio Tort Reform Act to the Swartz's claims.

## II.

Courts apply the summary judgment standard in deciding motions on applicability of Tort

Reform Act provisions. *See, e.g., Williams v. Bausch & Lomb Co.*, 2010 U.S. Dist. LEXIS

62018 (S.D. Ohio June 22, 2010). Summary judgment is appropriate "if the movant shows that

there is no genuine issue as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary

judgment if the nonmoving party who has the burden of proof at trial fails to make a showing

sufficient to establish the existence of an element that is essential to that party's case. *Celotex

Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The "party seeking summary judgment always bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions" of the

record which demonstrate "the absence of a genuine issue of material fact." *Id.* at 323. The

burden then shifts to the nonmoving party who "must set forth specific facts showing that there is

a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting

Fed. R. Civ. P. 56(e)). "The evidence of the nonmovant is to be believed, and all justifiable

inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S.

144, 158-59 (1970)). A genuine issue of material fact exists "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. *See

also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the

requirement that a dispute be "genuine" means that there must be more than "some metaphysical doubt as to the material facts"). Consequently, the central issue is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234-35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

## III.

Defendant raises three issues related to the Ohio Tort Reform Act in its motion: (1) Application of the Ohio Tort Reform Act to the Swartz's claims, (2) Whether an Exception for Catastrophic Injury Applies, and (3) Certification of the Issues to the Ohio Supreme Court.

### A. Application of the Ohio Tort Reform Act

DuPont asks this Court to apply to the Swartz's claims the damages caps set forth in the Ohio Tort Reform Act. This issue was just resolved in Dispositive Motions Order No. ("DMO") 30. For the same reasons stated in that DMO 30, the Court denies DuPont's request.

### B. Exception for Catastrophic Injury Applies

Plaintiffs argue that, in the event the Tort Reform Act applies to Mrs. Swartz's claims, an exception to the Act applies to her. The Court will address the parties' arguments related to application of an exception to application of the Tort Reform Act because it impacts the evidence each side may present at trial.

The Tort Reform Act includes statutory maximums on damages awards that compensate noneconomic loss. *See* O.R.C. § 2315.18(B)(2). The statute provides various exceptions that, if applicable, remove all statutory limits on such damages: (1) "[p]ermanent and substantial physical deformity"; (2) "loss of use of a limb"; (3) "loss of a bodily organ system"; or (4) "[p]ermanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities." *Id.* at § 2315.18(B)(3). Mrs.

3

Swartz contends one exception "applies to her; specifically, that her kidney cancer; permanent removal of approximately one third of her kidney, permanent removal of other major organ tissue and circulatory structures, permanent reduction of blood flow to her right kidney, permanent Stage II kidney disease that is now present, and five external surgical scars collectively resulted in a 'permanent and substantial physical deformity.'" (Pl's Mem. in Opp. at 12, ECF No. 30.)

DuPont argues that "where, as here, 'it is clear that the statutory exceptions are inapplicable, courts have not hesitated to decide the issue prior to trial.'" (Defs' Mot. at 12) (quoting *Sheffer*, 2014 U.S. Dist. LEXIS 184614, at *4-5 (citing cases) and Ohio Rev. Code. § 2315.18(E)(2)). Plaintiffs, however, contend that they have at a minimum provided sufficient evidence to this Court to raise a genuine issue of material fact as to whether Mrs. Swartz's injuries resulted in permanent and substantial physical injury. This Court agrees.

Mrs. Swartz summarizes her injuries as follows:

> As a result of ingesting Defendants' C8, Mrs. Swartz developed cancer in her kidney—a vital organ providing indispensable bodily functions. There can be no doubt that kidney cancer itself is a "catastrophic" injury. . . . To prevent the cancer from further spreading and to save her life, Mrs. Swartz had to undergo a robotic-assisted partial nephrectomy, during which a surgeon permanently removed approximately one-third of her right kidney, other tissue and circulatory structures, and permanently reduced blood flow to the remaining right kidney. Mrs. Swartz suffered pain as a result of both her cancer and partial nephrectomy; has five abdominal scars from the surgery; has permanent Stage II chronic kidney disease; and she currently lives with the reality of an increased risk of recurrent kidney cancer for life from both its prior incidence and the underlying C8 exposure, an increased risk of all cancers due to radiation exposure from her required cancer monitoring, and the resulting fear of cancer recurrence that comes with this reality.

(Pls' Mem. in Opp. at 15.)

Courts have found this type of evidence sufficient for submission to a jury to determine whether it constitutes permanent and substantial physical injury. *See Torres v. Concrete Designs Inc.*, ---N.E.2d ---, 2019 Ohio 1342, at *16 (April 11, 2019) (well healed facial scar sufficient to cross the evidentiary threshold); *Cawley v. Eastman Outdoors, Inc.*, Case No. 1:14-cv-00310, 2014 WL 5325223, at *1, 7 (N.D. Ohio Oct. 17, 2014) (single scar on well healed hand and "other external

4

and internal deformities" sufficient); *Ross v. Home Depot USA Inc.*, 2:12-CV-743, 2014 WL 4748434, at *6 (S.D. Ohio Sept. 23, 2014) ("misshapened," "unnatural," and "distorted" conditions in knee and shoulder, and "hardware implanted into [the plaintiff's] body" sufficient); *Ohle v. DJO Inc.*, 1:09-CV-02794, 2012 WL 4505846, at *4 (N.D. Ohio Sept. 28, 2012) (loss of shoulder cartilage, partial bone replacement, and shoulder scars sufficient); *Casares v. Cardiothoracic Surgeons For N.W. Ohio, Inc.*, 2009 WL 8653719 (Ohio Com. Pl. Oct. 20, 2009) (removal of one lung sufficient); *Bransteter v. Moore*, 3:09 CV 2, 2009 WL 152317, at *2 (N.D. Ohio Jan. 21, 2009) (deformity of surgical scar from perforated bowel surgery would be addressed at trial and resolved by jury interrogatory or by the parties' moving for directed verdict on the issue).

## C. Certification of the Issues to the Ohio Supreme Court

Defendants ask that if the Court is "disinclined to reach th[e] result" for which they move, the Court should certify the question of whether the Ohio Tort Reform applies to Mrs. Swartz's claim.

"Pursuant to Rule XVIII of the Rules of Practice of the Supreme Court of Ohio, a federal court may certify questions of law to the Supreme Court of Ohio when 'there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of [the] Supreme Court.'" *Drown v. Wells Fargo Bank, NA*, 2:10-CV-00272, 2010 WL 4939963, at *1 (S.D. Ohio Nov. 30, 2010) (citing R. Prac. S.Ct. Ohio XVIII § 1; *Super Sulky Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 744 (6th Cir. 1999)). It is well settled that "mere difficulty in ascertaining local law is no excuse" for a district court to certify a question. *Id.* (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 390 (1974)). "Moreover, when a question is genuinely unsettled under Ohio law and is properly certifiable under Rule XVIII, certification by the district court is not mandatory." *Id.* (citations omitted). Rather, the decision to certify rests within the sound discretion of the district court. *Id.* (citations omitted).

Federal courts have certified questions of state law in cases where the interests of judicial and economic efficiency are best served through certification. *Id.* (citing *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 76 (1997) (certification encouraged when leading to judicial and economic efficiency)). And, "[a]lthough certification to the Supreme Court of Ohio is more economically efficient for unsettled questions in some cases, it is clear that 'certification . . . entails more delay and expense than would an ordinary decision of the state question on the merits by the federal court.'" *Id.* (citing *Lehman Bros.,* 416 U.S. at 394 (Rehnquist, J., concurring); *Clay v. Sun Ins. Office, Ltd.*, 363 U.S. 207, 226–27, 80 S.Ct. 1222, 4 L.Ed.2d 1170 (1960)). Certification is therefore inappropriate when "a district court . . . believes that it can resolve an issue of state law with available research materials already at hand, and makes the effort to do so." *Id.* (citing *Lehman Bros.*, 416 U.S. at 395 (Rehnquist, J., concurring)).

In the instant action, the Court can resolve the issue with the available research materials at hand. Indeed, the Court has addressed this issue at length several times, finding Ohio law supports the conclusions it has reached. Thus, certification would entail more delay and expense than is acceptable in this action. Accordingly, the Court declines to certify the Tort Reform issue to the Ohio Supreme Court.

## IV.

Based on the foregoing, the Court **DENIES** *Defendant's Motion to Apply the Ohio Tort Reform Act or, in the Alternative, for Certification to the Ohio Supreme Court.* (ECF No. 24.)

**IT IS SO ORDERED.**

_____6 -17 -2019_____
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**