IN RE: E. I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION,

Civil Action 2:13-md-2433
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

This document relates to:  JOINT TRIAL GROUP NO. 1

### PRETRIAL ORDER NO. 52

### Case Selection for Post-Settlement Joint Trial No. 1

In Pretrial Order No. 51, this Court directed the parties to meet and confer to jointly propose approximately five cases for the first Post-Settlement multi-plaintiff trial.  The parties were unable to come to agreement on the cases that would populate the first group but agreed to simultaneously brief the issue of their selections before this Court, which they did.  (ECF Nos. 5224, 5225.)

The parties have submitted five cases they have chosen to populate Group 1 and have presented argument to the Court as to why their five are most suited to be chosen.  After reviewing the parties' submissions, the Court schedules the following cases as Joint Trial Group No. 1:

*Doug Holsinger v. E. I. du Pont de Nemours and Company*,
Case No. 2:18-cv-0151

*Terry Hunt and Larry Hunt v. E. I. du Pont de Nemours and Company*,
Case No. 2:18-cv-0384

*Cheryl Laudermilt v. E. I. du Pont de Nemours and Company, et al.*,
Case No. 2:18-cv-0139

*Patricia Morgan v. E. I. du Pont de Nemours and Company*,
Case No. 2:19-cv-1063

*Wilson Putnam v. E. I. du Pont de Nemours and Company*,
Case No. 2:19-cv-0019

*Danny Russell and Leah Russell v. E. I. du Pont de Nemours and Company, et al.*,
Case No. 2:18-cv-00130

While the Court previously indicated that it planned to try "approximately five" cases in each group, in equity the Court selected three cases from Defendants' choices and three from Plaintiffs' choices. As the parties agreed, Group 1 is limited to Ohio[1] plaintiffs who suffer from one type of injury– kidney cancer. In addition, these cases are from only two water districts, which will sufficiently address Defendants' concern that similar water districts are an important factor to consider in grouping multi-plaintiff trials. Less successfully, the Court addressed Plaintiffs' concern regarding the predominance of cases from one law firm, moving the percentage from 80% to 66%, with one firm. Finally, to alleviate Defendants' concern that some of Plaintiffs' choices are case from "more recent filers," for which Defendants assert additional time to prepare is necessary for them, the Court chose the trial date suggested by Defendants (June 2020) as opposed to Plaintiffs' selection (April 2020).

**IT IS SO ORDERED.**

6-17-2019

**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] DuPont indicates in its brief that it "remain[s] prepared to identify West Virginia plaintiffs for trial, given the Court's directive in PTO 48 Defendants focused on Ohio plaintiffs for the first multi-plaintiff trial." (ECF No. 5225 at 2.) The Court notes that in PTO 48 it directed the parties to choose Ohio cases *only* because DuPont decided that it would not waive its right to trial in the Southern District of West Virginia, *see Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). The Court, therefore, simply indicated that it would try the Ohio cases first, then decide how it would proceed to trial in the West Virginia cases. (*See* First Post-Settlement Cases Transfer Order, ECF No. 5130) (stating that "the transferee judge has indicated his willingness to seek an inter-circuit assignment to conduct trials in West Virginia should the need arise.")).

2