UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION,

                                             Civil Action 2:13-md-2433
                                             JUDGE EDMUND A. SARGUS, JR.
                                             Magistrate Judge Elizabeth Preston Deavers

This document relates to: *Swartz, et al. v. E. I. du Pont de Nemours and Company, et al.*, Case No. 2:18-cv-0136

## DISPOSITIVE MOTIONS ORDER NO. 35

### Defendant's Motion for Summary Judgment Related to Specific Causation

This matter is before the Court on Defendant's Motion for Summary Judgment Based on Specific Causation (ECF No. 47, *Swartz* Docket[1]), Plaintiff's Memorandum in Opposition to Defendant's Motion (ECF No. 64), and Defendant's Reply in Support of its Motion (ECF No. 76).

In its Motion, Defendant E.I. Du Pont de Nemours and Company ("DuPont") argues that it is entitled to "summary judgment on all claims asserted by Plaintiff Angela Swartz because she cannot establish that her claimed exposure to C-8 was more likely than not the cause of her kidney cancer, or that her kidney cancer would not have occurred but for her claimed exposure to C-8." (Def's Mot. for Summ. J. at 1, ECF No. 47.) The entirety of DuPont's argument is as follows:

> Plaintiff Angela Swartz cannot satisfy her burden of proving that her claimed intermittent exposure to drinking water containing trace amounts of C-8 from DuPont's Washington Works facility specifically caused her kidney cancer because the proffered expert opinions of Plaintiff's sole specific causation expert,

---

[1] Unless otherwise noted the ECF references are to the docket in *Swartz*, 2:18-cv-136.

Dr. Vitaly Margulis, are inadmissible because they are based on an unreliable methodology and otherwise violate the requirements of *Daubert* and the Federal Rules of Evidence. Because, as a matter of Ohio law, Plaintiff cannot meet her burden to prove specific causation without reliable expert testimony, summary judgment should be entered for DuPont, and this case should be dismissed with prejudice.

*Id.* at 1–2 (noting that it incorporated the separately filed Motion to Exclude the Specific Causation Testimony of Dr. Vitaly Margulis).

On December 18, 2019, this Court denied Dupont's request to exclude the opinions of Dr. Margulis. Consequently, DuPont is left with no support for its request for summary judgment. Thus, the Court **DENIES** DuPont's Motion for Summary Judgment Based on Specific Causation. (ECF No. 47.)

**IT IS SO OREDERED.**

12-18-2019
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**