**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| IN RE: E. I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION | CASE NO. 2:13-md-2433<br><br>JUDGE EDMUND A. SARGUS, JR.<br><br>MAGISTRATE JUDGE ELIZABETH P. DEAVERS |
| **This document relates to:** | **JOINT TRIAL NO. 1:**<br><br>*Doug Holsinger v. E. I. du Pont de Nemours and Company*, **Case No. 2:18-cv-0151**<br><br>*Terry and Larry Hunt v. E. I. du Pont de Nemours and Company*, **Case No. 2:18-cv-0384**<br><br>*Cheryl Laudermilt v. E. I. du Pont de Nemours and Company, et al.*, **Case No. 2:18-cv-0139**<br><br>*Patricia Morgan v. E. I. du Pont de Nemours and Company*, **Case No. 2:19-cv-1063**<br><br>*Wilson Putnam v. E. I. du Pont de Nemours and Company*, **Case No. 2:19-cv-0019**<br><br>*Danny and Leah Russell v. E. I. du Pont de Nemours and Company, et al.*, **Case No. 2:18-cv-0130** |

**DEFENDANT'S GENERAL AND SPECIFIC OBJECTIONS TO
PLAINTIFFS' EXHIBIT LIST**

Pursuant to the Federal Rules of Evidence and Case Management Order No. 30 ("CMO No. 30") [Joint Trial No. 1 ECF No. 11], Defendant E. I. du Pont de Nemours and Company ("DuPont") hereby serves its general and specific objections to Plaintiffs' Exhibit List in the above-captioned matters.

DuPont hereby makes the following general objections to Plaintiffs' exhibit list:

1. Several summary judgment and *Daubert* motions are currently pending in this matter, and additional motions will be filed on or before the motion *in limine* deadline. The rulings on these and other pretrial motions, and motions during trial, will impact the admissibility and use of exhibits at trial. In addition, to the general and specific objections identified below and on the attached list, DuPont expressly preserves objections to the admissibility or use of any documents or exhibits to the extent they are impacted by rulings on the separately filed motions, or developments during the trial.

2. The admissibility and proper use of many of Plaintiffs' listed exhibits will depend on how they are used, with what witness, context, purpose of use, the sponsoring or authenticating witness, and the stage of the trial (compensatory liability and damages phase or punitive liability and punitive damages phase, if any) in which they are introduced. DuPont expressly preserves all objections to foundation, hearsay and all these related objections. Among other things, many of Plaintiffs' exhibits will require qualification and authentication, and need to be sponsored by a person with firsthand knowledge, and DuPont preserves objections to the admission or use of any such documents absent the proper evidentiary foundation first being established.

3. Plaintiffs have listed numerous documents that either (a) are, or appear to be, incomplete, (b) constitute composite exhibits which include attachments that are separately objectionable, or (c) are made up of multiple unrelated and unidentified documents. DuPont objects to the inclusion or use of all such exhibits, and reserves the right not only to object to their admissibility but also to challenge the authenticity of any document listed and/or produced by Plaintiffs that is incomplete, is a portion of a larger document, is a composite document (whether identified as such or not), does not match its list description, and/or includes or is made up of multiple, separate, or additional documents, pages, or files. DuPont expressly preserves all objections and challenges to the authenticity of the documents on Plaintiff' exhibit list.

4. Many of the documents do not match their description on Plaintiffs' list, or have been produced with no description. DuPont objects to the inclusion and/or introduction at trial of any and all such documents, which have been produced without a corresponding list description and/or which do not match the description provided on Plaintiffs' exhibit list.

5. Plaintiffs' trial exhibits include many duplicate documents, and numerous exhibits have been listed and produced multiple times under multiple different numbers and descriptions. DuPont's objections to one version or draft of a document also apply to all other versions of that document, whether the document is listed multiple times or included as an attachment to other listed documents, or otherwise.

6. DuPont preserves objections to the admissibility and use of any document(s) listed and/or produced by Plaintiffs that are made up of or contain unidentified and/or unverified handwriting or other markings, which are not independently authenticated by an appropriate witness with firsthand knowledge.

7. Many of Plaintiffs' listed trial exhibits constitute hearsay and/or contain hearsay-within-

hearsay, and DuPont preserves the right to assert and argue such issues on a document-by-document basis for any and all such exhibits on Plaintiffs' list, including without limitation those specifically marked as hearsay on the attached objections list. For any and all composite exhibits and/or exhibits that include attachments or contain quoted or referenced statements, etc., DuPont expressly preserves the right to object to the introduction of each level of hearsay. Plaintiffs' listed exhibits also include, among other things, news articles, web page printouts, correspondence, and emails by and between opposing counsel, as well as pleadings, motions, notices, hearing transcripts, and discovery documents from prior actions in this MDL, none of which are proper exhibits for trial. All such objections are expressly preserved.

8. Because many of Plaintiffs' listed trial exhibits are documents that were used in prior litigation, many of them contain headers or footers that expressly or impliedly refer to other lawsuits. DuPont objects to the use of the versions of these exhibits which reflect these headers and footers, which should either not be admitted, or should be redacted to the extent they are otherwise allowed to be used at trial.

9. In addition to the fact that many of Plaintiffs' listed exhibits are not relevant to the disputed issues that need to be determined by the jury in this specific case, the claimed probative value, if any, of numerous exhibits on Plaintiffs' list is substantially outweighed by the dangers of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence, and DuPont expressly preserves objections to any of Plaintiffs' exhibits on this ground.

10. Plaintiffs' list includes numerous documents that, in addition to not being relevant to Plaintiffs' claims, appear to be included as improper character assassination, and for the purpose of improperly attempting to introduce evidence of DuPont's other, unrelated acts or character to prove that it acted in accordance therewith, including documents intended to serve as evidence of alleged crimes, wrongs, or other acts. DuPont expressly preserves objections to any exhibit on Plaintiffs' exhibit list that Plaintiffs may seek to introduce for this purpose.

11. DuPont also preserves objections to the introduction of any document on Plaintiffs' exhibit list as purported evidence of subsequent remedial measures in an attempt to prove negligence, culpable conduct, or a need for warning or instruction.

12. DuPont preserves objections to the introduction of any document on Plaintiffs' exhibit list that constitute or relate to settlement agreements or are evidence of (a) DuPont having furnished, promised, or offered valuable consideration in compromising or having attempted to compromise a claim; (b) DuPont's conduct or statements made during compromise negotiations; or (c) DuPont having furnished, promised to pay, or offered to pay medical, hospital, or similar expenses, in an effort to prove DuPont's alleged liability to Plaintiffs or any third party.

Subject to, expressly preserving and without waiving any of the objections above, DuPont

identifies on the attached list (Exhibit A) additional specific objections to Plaintiffs' exhibits. As noted above, DuPont expressly preserves and does not waive its right to assert additional objections to a listed exhibit based upon how Plaintiffs attempt to use the exhibit, with what witness, the context, purpose of use, sponsoring or authenticating witness, or stage of the trial in which it is attempted to be introduced. DuPont also expressly preserves the right to make additional or supplemental objections to the extent needed based on future developments.

                              Respectfully submitted,

                              */s/ Aneca Lasley*
                              Aneca E. Lasley (0072633)
                              Jesse L. Taylor (0088209)
                              SQUIRE PATTON BOGGS (US) LLP
                              41 South High Street
                              Columbus, OH 43215
                              (614) 365-2700 (Phone)
                              (614) 365-2499 (Fax)

                              D. Patrick Long
                              SQUIRE PATTON BOGGS (US) LLP
                              2000 McKinney Ave., Suite 1700
                              Dallas, TX 75201
                              (214) 758-1500 (Phone)
                              (214) 758-1550 (Fax)

                              John A. Burlingame
                              Amy Doolittle
                              Katherine A. Spicer
                              SQUIRE PATTON BOGGS (US) LLP
                              2550 M Street NW
                              Washington, DC 20037
                              (202) 457-6000 (Phone)
                              (202) 457-6315 (Fax)

                              *Attorneys for Defendant E. I. du Pont de Nemours and Company*

- 5 -

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was electronically filed with this Court's CM/ECF system on this 18th day of April 2020, and accordingly served automatically upon all counsel of record for this matter.

                                           *s/ Aneca E. Lasley*
                                           Aneca E. Lasley
                                           *Attorney for Defendant*