UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: E. I. DU PONT DE
NEMOURS AND COMPANY C-8
PERSONAL INJURY LITIGATION,

                Civil Action 2:13-md-2433
                JUDGE EDMUND A. SARGUS, JR.
                Magistrate Judge Elizabeth Preston Deavers

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Renewed Motion to Seal the Improperly Obtained Affidavit of Science Panelist, Dr. Savitz, as well as a Request for Sanctions for Repeated Violations of this Court's Orders (ECF No. 5388) and Defendant's Response in Opposition to Plaintiffs' Motion (ECF No. 5390).

The issue Plaintiffs bring before this Court is whether the affidavit taken from an individual member of the Science Panel ("Savitz Affidavit") is appropriately part of the record in the appeal of *Travis Abbott and Julie Abbott, et al. v. E. I. du Pont de Nemours and Co., et al.*, Case No. 2:17-cv-998.  The *Abbott* case and the *Swartz* case, *Angela Swartz and Teddy Swartz v. E. I. du Pont de Nemours and Company*, Case No. 2:18-cv-00136, were tried together beginning on January 21, 2021.  The *Swartz* case ended in a hung jury and is not on appeal.  The affidavit at issue was implicated only in the *Swartz* case, not in the *Abbott* appeal.

In DuPont's opposition memorandum currently before the Court, it argues that DuPont offered the Savitz Affidavit during the trial deposition of Mrs. Swartz's specific causation expert, it was excluded, and then counsel proffered, which preserved the issue for appeal of the excluded evidence.  *See* Fed. R. Evid. 103.  Even if this is an accurate statement, the alleged offer, exclusion, and proffer were in the *Swartz* case (during the weekend trial deposition of Swartz's specific causation expert), which is not on appeal.

1

In any event, this Court has issued several decisions that discuss the *procurement* of the Savitz Affidavit, observing defense counsel's numerous sworn statements that the Savitz Affidavit had not been obtained and was not being offered in any case in this MDL.  But, this Court never took briefing or argument from counsel on the *admissibility* of the Savitz Affidavit, nor addressed whether defense counsel violated this Court's order obtaining it.

In 2013, at the beginning of this MDL, "[t]he parties agree[d] that, although the Science Panel's findings are available for utilization in this MDL, the individual panel members are not available for any individual discovery." (Pretrial Order No. 8 at 2, MDL ECF No. 50.)  The parties' agreement became an order of this Court.

In March 2019, defense counsel made clear that the Savitz Affidavit was not offered in the *Swartz/Abbott* trial, and this Court stated, since "nobody has offered this yet[,] . . . we can address if -- if and when this is offered." (March 18, 2019, Case Mngmt. Conf. at 27–28, MDL ECF No. 5196.)

In September 2019, DuPont's counsel filed sworn affidavit testimony to support the position that the Court need not strike, destroy or sanction defendant for obtaining the Savitz Affidavit in violation of the parties' agreement and this Court's order because Dr. Savitz's "*affidavit was obtained for a different case pending in a different court*." (emphasis by defense counsel) (Def's Mem. in Opp. to Motion to Strike and Destroy and for Sanctions at 2, 3, MDL ECF No. 5271) (relying on Mace Decl. at ¶¶ 10-11, MDL ECF No. 5271-4)).

Regardless of these unequivocal declarations to the Court, in February 2020, DuPont utilized the Savitz Affidavit in a Sunday deposition of Mrs. Swartz' specific causation expert who was unable to stay the weekend to finish his live trial testimony.  Consequently, a weekend deposition was necessary.  Defense counsel provided to this Court a list of topics that would be covered during the Sunday deposition, which did not include the Savitz Affidavit.  When counsel

for Plaintiffs objected to the use of the Savitz Affidavit the parties called the Court, and during an on the record, unscheduled conversation, "it appeared to the Court that the affidavit [to which Plaintiff was objecting] was a continuation of a line of questioning of which [defense counsel] Mr. Burlingame had informed the Court he would be offering with regard to [Mrs. Swartz's specific causation] expert report and his reliance on the Science Panel Reports.  The Court was on the telephone with no ability to view the affidavit." (Op. & Order at 7, *Swartz* ECF No. 171.)

Thus, the Court permitted the proffer only in the *Swartz* case during the deposition of Mrs. Swartz's specific causation expert.  This Court has never considered the admissibility of the Savitz Affidavit.  In a subsequent opinion addressing a requested imposition of sanctions for DuPont's use of the affidavit, issued February 14, 2020, the Court reviewed the history of the Savitz Affidavit, defense counsel's continued unequivocal sworn statements that the defense had no intention of using the Savitz Affidavit in the cases in this MDL, then reviewed the Affidavit and issued an opinion only in the *Swartz* case regarding its use, stating:

> With all of this in mind, the Savitz Affidavit, obtained by DuPont, seeks to undo the binding agreement DuPont reached in the *Leach* Settlement.  The affidavit was obtained without any input from the plaintiffs.  Savitz misapprehends both the *Leach* Settlement Agreement and the limitations of his expertise.  The statement goes far beyond his qualifications as an epidemiologist.  Instead, he seeks to answer questions foreclosed by DuPont's own bargain, which contractually requires it to concede general causation.  The effect of the *Leach* Settlement Agreement and the meaning of "general causation" are pure questions of law, on which no expert may opine, particularly not an epidemiologist.
>
> The affidavit of Dr. Savitz was improperly obtained, of no scientific value and legally inconsequential.

*Id*. at 7.  Although the Court had reason to do so, it declined to sanction defense counsel based on previous professional behavior before the Court.

This Court's later evaluation of evidence that was neither offered nor considered and excluded, yet was proffered in the *Swartz* case, did not put an end to this issue.  And, while the

3

parties invite this Court to address numerous arguments in their briefs and to sanction defense counsel, the Court agrees with Defendant that it lacks jurisdiction to provide the relief Plaintiff requests with regard to the *Abbott* appeal.  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982); *Fort Gratiot Sanitary Landfill v. Mich. Dep't of Nat. Res.*, 71 F.3d 1197 (6th Cir. 1995)   The *Abbott* case is on appeal and it is the Sixth Circuit which enjoys jurisdiction over that appeal. This Court has no authority to control the record in the appeal before the Sixth Circuit.

Accordingly, the Court **DENIES** Plaintiffs' Renewed Motion to Seal the Improperly Obtained Affidavit of Science Panelist, Dr. Savitz, as well as a Request for Sanctions for Repeated Violations of this Court's Orders.  (ECF No. 5388.)

**IT IS SO ORDERED.**

**8/31/2021**                                                                                   s/Edmund A. Sargus, Jr.
**DATE**                                                                                        **EDMUND A. SARGUS, JR.**
                                                                                                **UNITED STARES DISTRICT JUDGE**