UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE:  E. I. DU PONT DE NEMOURS AND COMPANY C-8 PERSONAL INJURY LITIGATION

Case No. 2:13-md-2433

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

This document relates to:
ALL CASES

## OPINION AND ORDER

This matter is before the Court on the Motion to Terminate MDL No. 2433.  (ECF No. 5387.)  In considering this motion, the Court reviews relevant factual background of this MDL and its current procedural posture.

A. **RELEVANT FACTS**

The Judicial Panel on Multidistrict Litigation ("JPML") limited the DuPont C-8 MDL to members of the "*Leach* Class," which consisted only of individuals who resided in one of six water districts located in Ohio and/or West Virginia.  Consequently, the appropriate venue was either the Southern District of Ohio or the Southern District of West Virginia.

During the bellwether process, Defendant waived its right to demand trial in West Virginia pursuant to *Lexecon Inc. v. Milberg Weiss*, 523 U.S. 26 (1998).  Defendant has since indicated that it does not intend to waive venue.

B.    **PROCEDURAL POSTURE**

The most recent trial before this Court resulted in a hung jury for one plaintiff and spouse and a verdict in favor of the other plaintiff and spouse. DuPont settled with the parties who were involved in the hung jury. Defendant has appealed the other plaintiffs' verdict, *Travis Abbott, et. al., v. E. I. Du Pont de Nemours & Co.*, Case No. 2:17-cv-998, to the United States Court of Appeals for the Sixth Circuit, *In Re: E. I. Du Pont De Nemours & Co. C-8 Personal Injury Litigation, Travis and Julie Abbott, Plaintiffs-Appellees v. E. I. DuPont de Nemours and Company*, Defendant-Appellant, Case No. 21-3418. Defendant has informed the Sixth Circuit:

> This Court's [the Sixth Circuit] decision will impact numerous future cases that will be filed by some of the approximately 80,000 members of the *Leach* class. For that reason, if this Court reverses on collateral estoppel, DuPont respectfully requests that it still decide the remaining issues.

(Def.'s Brief. at 1.) Plaintiff disagreed with Defendant's assessment of the number of potential remaining cases, informing the Sixth Circuit that it was not aware of any more cases that will be filed from the *Leach* class.

The JPML this week has conditionally transferred a case from an alleged *Leach* class member to the DuPont C-8 MDL in this Court. That case was filed by a West Virginia plaintiff. Defendant opposed the conditional transfer of the case to the DuPont C-8 MDL, informing the JPML that both parties wanted the MDL closed as was evident from the unopposed Motion to Close the MDL. Plaintiffs contend that in the last week, they notified Defendant of their changed position regarding closing the MDL before Defendant inaccurately informed the JPML that Plaintiffs wanted to close the MDL.

2

Plaintiffs informed the Court of their recently changed position regarding the closing of the MDL.  (*See* Motion to Withdraw the Motion to Close, ECF No. 5392.)  Plaintiffs now claim that the newly filed cases are cause to continue and maintain the MDL.

The Court has no way of knowing whether this new case is an outlier as Plaintiffs' previous position would suggest, or whether there will be numerous other cases filed as Defendant contends.  Thus, the Court is left with no clear choice as to whether to close the DuPont C-8 MDL or to leave it open.  The Court notes, however, that because Defendant opposed the conditional transfer to this Court of the newly filed case, the decision to leave open or to close the MDL will be determined by the JPML.  This Court, however, clarifies its position by issuing this decision.

**C.     ANALYSIS**

To assist in the consideration of whether to close the DuPont C-8 MDL or to leave it open at this juncture, the Court has weighed some of the advantages and disadvantages of granting Plaintiffs' unopposed request to close it.

**1.     Advantages of Keeping the MDL Open**

*a.     Preservation of Resources*

The main advantage of keeping open the MDL is preservation of resources.  Six lengthy jury trials occurred in this MDL.  The MDL was opened nine years ago, and has entailed two global settlements of more than 3,700 cases, has been appealed twice to the Sixth Circuit, and currently has only two cases in it, one of which is the appeal awaiting decision from the Sixth

Circuit. Consequently, there have been enormous judicial resources utilized in this MDL as well as the resources of the parties.

      i.      <u>Resources of this Court</u>

The judiciary and both Ohio and West Virginia litigants would benefit from the pretrial and trial work this Court and the parties have completed over the last nine years. The docket of the DuPont C-8 MDL and the case that is currently on appeal spans over 10,000 entries. In the MDL and the individual cases that were tried, the parties briefed, and this Court resolved the issues in:

- Over 30 dispositive motions, narrowing the claims by granting Defendant's motion for summary judgment on the plaintiffs' claims for (1) strict product liability; (2) [violations of] state consumer protection laws; (3) conspiracy; (4) conscious pain and suffering; (5) battery; (6) ultrahazardous or abnormally dangerous activity. The plaintiffs who have gone to trial have only tried their negligence and punitive damages claims and two spouses' loss of consortium claims.

  The Court also dealt with contract interpretation and Ohio's Tort Reform Act, ultimately applying the Act to the only spouse who recovered on a loss of consortium claim, reducing her jury award from $10 million to $250,000.

- Over 30 Case Management Orders.

- Over 50 Pretrial Orders.

- 20 Discovery Orders dealing with numerous issues in each.

- 30 *Daubert* decisions.

- Over 200 orders on Motions *in Limine*.

- Nearly 800 hours in trial.

        ii.      Resources of the Counsel in Leadership

Both Ohio and West Virginia plaintiffs would benefit from the previous and the ongoing work of the Plaintiff Steering Committee and Defense Counsel.

        iii.      Resources of the Sixth Circuit

The Sixth Circuit decision will impact all of the pretrial proceedings of Ohio *Leach* class members who bring suit if the MDL is left open. If it is closed, the West Virginia plaintiffs will not be bound by the decision of the Sixth Circuit, and will not receive any direct benefit of its work.

    b.    *Consistency for the* Leach *Class*

The Ohio parties would be bound by the pre-trial rulings of this Court and of the Sixth Circuit resulting in consistency for the *Leach* class members.

**2.    Disadvantages of Keeping the MDL Open**

    *a.*    *West Virginia Plaintiffs*

West Virginia plaintiffs would be required to engage in pretrial practice further from home. Also, the West Virginia plaintiffs could have trial dates delayed given Defendant's stated choice, and right, to forgo utilization of *Lexecon* waivers.

    *b.*    *Plaintiffs Steering Committee*

The PSC would be relieved of its duty to participate in any newly filed cases. This may impact the cost of litigation for *Leach* class members who have allegedly suffered a latent injury from C-8.

3. **Neutral Factors**

Ohio plaintiffs would not be impacted by the closing of the MDL. Under Local Rule 3.1(b), newly filed cases would be sent to the undersigned via the related case doctrine, which provides that civil cases may be related if they:

> (b)(1) Arise from the same or substantially identical transaction, happening, or event; or
>
> (2) Call for a determination of the same or substantially identical questions of law or fact; or
>
> (3) Would entail a substantial duplication of effort and expense by the Court and the parties if heard by different Judges; or
>
> (4) Seek relief that could result in a party's being subject to conflicting orders of this Court.

D. **CONCLUSION**

Based on the foregoing, the Court **HOLDS IN ABEYANCE** a decision on the Motion to Close this MDL pending decision from the Sixth Circuit on the appeal currently before it.

**IT IS SO ORDERED.**


8/26/2022                                                  s/Edmund A. Sargus, Jr.
**DATE**                                                **EDMUND A. SARGUS, JR.**
                                                         **UNITED STATES DISTRICT JUDGE**