UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: E. I. DU PONT DE NEMOURS AND
COMPANY C-8 PERSONAL INJURY LITIGATION   MDL No. 2433

TRANSFER ORDER

**Before the Panel**:* Defendants E. I. du Pont de Nemours and Company and The Chemours Company move under Panel Rule 7.1 to vacate our order that conditionally transferred the *Matheny* action listed on Schedule A to the Southern District of Ohio for inclusion in MDL No. 2433. Plaintiff in *Matheny* and Plaintiffs' Co-Lead Counsel in the MDL oppose the motion.

Defendants argue that pretrial proceedings in MDL No. 2433 are complete and that the Panel should cease transfer of tag-alongs to the MDL. This litigation at its height encompassed nearly 3,700 actions and involved five trials and hundreds of pretrial rulings by the transferee court. In early 2017, the parties reached a global settlement. A second wave of actions followed that settlement, most of which were resolved in a second settlement in 2021. At present, there are no active pretrial proceedings in the MDL, and an appeal of the final trial verdict recently was decided.[1] Defendants contend that, because all the actions in this MDL are resolved, there will be no benefit to further transfer of tag-along actions.

This argument has some merit, but we are not persuaded that we have reached the point where transfer of tag-along actions to the MDL should cease. *Matheny*, like the actions previously transferred to MDL No. 2433, involves personal injury claims arising from plaintiff's alleged ingestion of drinking water contaminated with a chemical, C-8 (also known as perfluorooctanoic acid (PFOA) or ammonium perfluorooctanoate (APFO)), discharged from DuPont's Washington Works Plant near Parkersburg, West Virginia. Discovery and pretrial proceedings in this action

---

* Judges David C. Norton and Madeline Cox Arleo did not participate in the decision of this matter.

[1] The judgment in *Abbott v. E. I. du Pont de Nemours and Company*, No. 21-3418 (6th Cir.), was affirmed on December 5, 2022. This appeal was pending during the briefing of this motion and was a significant point of contention between the parties. The mandate has not yet issued.

Additionally, pretrial proceedings are ongoing in *Hardwick v. 3M Company*, C.A. No. 2:18-01185 (S.D. Ohio), which the transferee court related to the MDL. The Panel previously declined to transfer *Hardwick* to MDL No. 2873 – *In re Aqueous Film-Forming Foams Products Liability*. While sharing some similarities to the DuPont C-8 actions, *Hardwick* involves distinct factual allegations and claims, and it does not factor into our analysis of defendants' motion.

will be most efficiently managed by the Honorable Edmund A. Sargus, Jr., who is intimately familiar with the factual and legal issues in this litigation.

Moreover, whether *Matheny* in fact is the final action in this litigation is unclear. Defendants, in the recently decided *Abbott* appeal, *see supra* n.1, informed the Sixth Circuit that its decision "will impact numerous future cases that will be filed by some of the approximately 80,000 members of the *Leach* class." Appellant's Br. at 1, *Abbott v. E. I. du Pont de Nemours & Co.*, No. 21-3418 (6th Cir. filed July 21, 2021), ECF No. 31. We also note that, after defendants first sought to close this MDL in 2018, multiple additional related actions were filed. *See* Transfer Order at 1–2, MDL No. 2433 (J.P.M.L. Apr. 4, 2018), ECF No. 488 ("Movants' primary argument against transfer is that pretrial proceedings in MDL No. 2433 are complete."). Any additional C-8 cases will involve similar, if not identical, pretrial motion practice. Coordination within the MDL will ensure consistent pretrial rulings and minimize any potential for duplicative efforts.

Additionally, plaintiffs' lead counsel previously filed a motion with the transferee court to close out the MDL.[2] The transferee court has held this motion in abeyance pending a decision by the Sixth Circuit in the *Abbott* appeal. *See* Op. & Order Holding Mot. to Terminate MDL in Abeyance, *In re E. I. du Pont de Nemours & Co. C-8 Personal Injury Litig.*, C.A. No. 2:13-md-02433 (S.D. Ohio Aug. 26, 2022), ECF No. 5393. Given the procedural posture and history of MDL No. 2433, we are not inclined to gainsay the transferee court's judgment as to when continued pretrial proceedings in this litigation no longer serve the goals of Section 1407. Should the transferee court determine that further adjudication of the C-8 claims should occur in the transferor district, it is free to suggest remand of any remaining cases under Section 1407. *See* Panel Rule 10.2(a).

Therefore, after considering the argument of counsel, we find that the action listed on Schedule A involves common questions of fact with the actions transferred to MDL No. 2433, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in MDL No. 2433 share factual questions arising from allegations that plaintiffs were injured by ingesting drinking water contaminated with C-8 that was discharged from DuPont's Washington Works Plant. *See In re E. I. du Pont de Nemours & Co. C-8 Personal Injury Litig.*, 939 F. Supp. 2d 1374, 1374 (J.P.M.L. 2013). *Matheny* will involve substantially similar allegations, and transfer of this action will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary.

---

[2] After *Matheny* was noticed as a potential tag-along action, lead plaintiffs' counsel in the MDL sought to withdraw this motion.

- 3 -

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable Edmund A. Sargus, Jr., for inclusion in the coordinated or consolidated pretrial proceedings in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton  Matthew F. Kennelly
Roger T. Benitez  Dale A. Kimball



I certify that this is a true and correct copy of the original filed in my office on 1/23/2023,
**Richard W. Nagel, Clerk**
By: [signature]
Date: 1/23/2023

**IN RE: E. I. DU PONT DE NEMOURS AND
COMPANY C-8 PERSONAL INJURY LITIGATION**  MDL No. 2433

**SCHEDULE A**

Southern District of West Virginia

MATHENY v. E. I. DU PONT DE NEMOURS AND COMPANY, ET AL.,
C.A. No. 2:22−00320